Max K. Archer, WSBA #54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC., a Washington for profit corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT<br><br>JURY DEMAND |

COMES NOW, Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff"), by and through its attorneys of record, Max K. Archer of Riverside Law Group, PLLC, and alleges, avers, and claims as follows:

### I. THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the

COMPLAINT • Page 1

905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
Phone: 509-504-8714
E-Mail: mka@riverside-law.com
RIVERSIDE LAW GROUP

State of Florida with its principal place of business located in Broward County, Florida.

2. Defendant Pool World, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 13524 E Sprague Ave., Spokane, WA 99216. Defendant's agent for service of process is Grady Early, 13524 E Sprague Ave., Spokane, WA 99216.

## II.    JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Washington such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F. 3d 1124, 1128 (9th Cir. 2010)). Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

COMPLAINT • Page 2

905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
Phone: 509-504-8714
E-Mail: mka@riverside-law.com
RIVERSIDE LAW GROUP

## III. FACTS

**A. PLAINTIFF'S BUSINESS AND HISTORY.**

6. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

7. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

8. Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

9. Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

10. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another

COMPLAINT • Page 3

905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
Phone: 509-504-8714
E-Mail: mka@riverside-law.com
RIVERSIDE LAW GROUP

person/entity.

**B.    THE WORK AT ISSUE IN THIS LAWSUIT.**

11.    In 2001, Plaintiff created a photograph titled "ProduceVegetableGrilled002" (the "Work"). A copy of the Work is exhibited below:



12.    The Work was registered by Plaintiff with the Register of Copyrights on September 29, 2016 and was assigned Registration No. VA 2-019-412. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

13.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

COMPLAINT • Page 4

C. **DEFENDANT'S UNLAWFUL ACTIVITIES.**

14. Defendant is the largest pool and spa business in the Inland Northwest. It has been in operation since 1976 and has expanded to four (4) store locations with more than sixty (60) employees.

15. Defendant advertises/markets its business primarily through its website (https://poolworld.biz/), social media (e.g., https://www.facebook.com/PoolWorldInc/), and other forms of advertising.

16. On a date prior to Plaintiff's above-referenced copyright registration of the Work, Defendant published the Work on its website (at https://poolworld-grillworld.com/):



## Pool World IS Grill World!!

 

17. A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

18. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in

connection with Defendant's website, social media, or for any other purpose.

19. Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

20. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

21. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in June 2022. Following Plaintiff's discovery, Plaintiff (through its agents) notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

22. All conditions precedent to this action have been performed or have been waived.

## IV.   CAUSE OF ACTION

### COUNT 1 – COPYRIGHT INFRINGEMENT

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25. Plaintiff owns a valid copyright in the Work, having registered the

COMPLAINT • Page 6

905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
RIVERSIDE LAW GROUP
Phone: 509-504-8714
E-Mail: mka@riverside-law.com

Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

26. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website.

27. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

28. By its actions, Defendant directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes and for the commercial purposes.

29. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

30. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

31. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the

COMPLAINT • Page 7

RIVERSIDE LAW GROUP
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
Phone: 509-504-8714
E-Mail: mka@riverside-law.com

Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## V. JURY DEMAND

Plaintiff demands a trial by jury on all issued so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. A declaration that Defendant has infringed on Plaintiff's copyrights in the Work;

2. An award of actual damages and disgorgement of profits as the Court deems proper;

3. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

4. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

5. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

6. For such other relief as the Court deems just and proper.

905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
Phone: 509-504-8714
E-Mail: mka@riverside-law.com

RIVERSIDE LAW GROUP

RESPECTFULLY SUBMITTED this June 2, 2023.

RIVERSIDE LAW GROUP, PLLC,

_____
Max K. Archer, WSBA #54081
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
Telephone: (509) 504-8714
Email: mka@riverside-law.com
*Attorney for Plaintiff*

RIVERSIDE LAW GROUP
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
Phone: 509-504-8714
E-Mail: mka@riverside-law.com