Paul Alan Levy (pro hac vice to be sought)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby, WSBA #43228
Kirby Law Office, PLLC
1312 N. Monroe Street
Spokane, WA 99201
(509) 795-4863 | (510) 588-4732
kirby@kirbylawoffice.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a  ADLIFE MARKETING  &  COMMUNICATIONS CO., INC., a  Florida for profit corporation, ) ) ) ) | No. 2:23-cv-00160-TOR |
| Plaintiff, ) | **ANSWER** |
| v. ) | |
| POOL WORLD, INC., a Washington for profit corporation, ) ) ) | |
| Defendant. ) | |

Defendant Pool World, Inc., through undersigned counsel, answers the Complaint as follows.  All allegations not specifically admitted are denied.

1.  This allegation is admitted.

2.  This allegation is admitted.

3.  This allegation is admitted.

4.  This allegation is admitted.

5.  This allegation is admitted.

6.  On information and belief, plaintiff is in the business of sending demand letters alleging copyright infringement and claiming an entitlement to statutory damages as high as $150,000, even when plaintiff knows that statutory damages are precluded by law, and of threatening to sue unless the target pays $30,000 within twenty-one days. It is admitted

that plaintiff's website purports to sell subscriptions to license photographs. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph, which are therefore denied.

7. It is admitted that plaintiff's website purports to offer such a monthly subscription service.

8. It is admitted that the agreement offered on preparedfoods.com includes terms that provide for a monthly fee of $999.00. Defendant lacks sufficient information to admit the remaining allegations of this paragraph, which are therefore denied.

9. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied. To the best of defendant's knowledge, before 2016, at the time when defendant placed the Work on its web site, plaintiff's corporate predecessor, AdLife Marketing and Communications Co. (henceforth, "AdLife") offered its photographs for licensing through stock photo sites which typically charged approximately $12 in credits for use of photos of the sort at issue in this case.

10. Defendant lacks sufficient information to admit the allegations of this paragraph, which are therefore denied.

11. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied.

12. It is admitted that a copyright registration for the Work as described in this paragraph was issued by the Copyright Office to AdLife. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph, which are therefore denied.

13. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied.

14. This allegation is admitted.

15. This allegation is admitted.

16. It is admitted that defendant, believing that it had permission to do so, published the photo on its website in 2010. Defendant lacks sufficient information to admit or deny

the remaining allegations of this paragraph, which are therefore denied.

17. This allegation is admitted.

18. It is admitted that defendant never contacted the plaintiff, but the remaining allegations in this paragraph are denied.

19. This allegation is admitted.

20. This allegation is denied.

21. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied. It is admitted that plaintiff sent a demand letter to plaintiff, which is attached to this answer as Exhibit A, and that defendant did not reply.

22. Because this allegation contains vague conclusions of law, no specific response is required; to the extent that a response is required, defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied.

23. It is admitted that plaintiff is realleging the previous paragraphs. Defendant response to each such allegation by admitting or denying, and making further allegations, as stated above with respect to each paragraph.

24. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied.

25. Defendant admits that a registration for the Work was issued by the Copyright Office. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph, which are therefore denied.

26. It is admitted that defendant had access to the photograph because, in the years before 2016, plaintiff made it available for licensing from stock photo web sites. The remaining allegations in this paragraph are denied.

27. This allegation is denied.

28. This allegation is denied.

29. This allegation is denied.

30. This allegation is denied.

31. This allegation is denied.

**PRAYER FOR RELIEF**

The paragraphs of the Prayer for Relief contain no factual allegations to which response is required.  To the extent that these paragraphs may imply that plaintiff has set forth factual allegations that entitle plaintiff to relief, they are denied.

<b>AFFIRMATIVE DEFENSES</b>

1. Plaintiff's claims are barred by the statute of limitations.   On information and belief, plaintiff has for several years regularly conducted reverse image searches to enable its business of sending demand letters and suing for copyright infringement; to the extent that plaintiff invokes the discovery rule to justify suing on an alleged infringement that occurred in 2010, application of the discovery rule would be inappropriate and inequitable.

2. On information and belief, in 2010, when defendant put the Work on its website, plaintiff's photographs were routinely made available for licensing on an individual basis through stock photo services, and when such services sold licenses, for which they typically charged approximately $12 in credits for use of the photos of the sort at issue in this case, they did not tell AdLife which licenses were being sold to whom.  Further, on information and belief, defendant had permission to use the Work by way of a license from a stock photo service through which AdLife  was then making its photographs available for license.

3. Defendant should be awarded its costs and reasonable attorney fees for having to defend this objectively baseless lawsuit.

Respectfully submitted,

/s   Stephen Kirby
Stephen Kirby, WSBA #43228
Kirby Law Office, PLLC
1312 N. Monroe St.
Spokane, WA 99201
(509) 795-4863
kirby@kirbylawoffice.com


/s/   Paul Alan Levy
Paul Alan Levy (pro hac vice to be sought)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Attorneys for Defendant

June 26, 2023

1
2
3
4
5
6
7
8
# EXHIBIT A
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Copycat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T   877-HERO-CAT (877-437-6228)
E   help@copycatlegal.com

FRE 408 SETTLEMENT COMMUNICATION

September 16, 2022

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL (service@poolworld.biz):**

Pool World, Inc.
Attn: Grady Early
13524 E Sprague Avenue
Spokane, WA 99216

*RE:      Prepared Food Photos, Inc. v. Pool World Inc.*

Dear Mr. Early:

This law firm represents Prepared Food Photos, Inc. Our client is in the business of licensing high-end, professional photographs for the food industry. Through its website (www.preparedfoodphotos.com), our client offers a monthly subscription service which provides access to/license of tens of thousands of professional images. The rights associated with these images are exclusively owned by our client, and it has spent countless hours and substantial monies in building a business that relies on such exclusive subscription service. The unauthorized use of our client's work deprives our client of much-needed income and forces our client to incur substantial costs (monetary and time) in identifying violators and enforcing its rights.

In 2001, our client created a photograph titled "ProduceVegetableGrilled002." (the "Work"). A copy of the Work is exhibited below:



1 | P a g e

The Work was registered by our client with the Register of Copyrights on September 29, 2016 and was assigned Registration No. VA 2-019-412. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

To our knowledge, our client *did not* authorize you or your company to use and/or display the foregoing photograph. Notwithstanding this lack of authorization, our client has identified the subject photograph currently published by Pool World for commercial purposes (https://poolworld-grillworld.com/):



# *Pool World IS Grill World!!*

 

A true and correct copy of the screenshot from Pool World's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

If our client is mistaken or if you believe the photograph was previously licensed through our client or some other party, please contact us immediately with evidence of the prior licensing. If we do not hear from you *within fourteen (14) days from the date of this letter*, we will be forced to assume that the photograph was *not* properly licensed and will take appropriate legal action to enforce our client's rights.

If the above-described use of our client's photograph was not properly licensed, please understand that such unauthorized use may constitute federal copyright infringement under 17 U.S.C. § 501. In such event, I encourage you to discuss the foregoing with your attorney and/or your insurance carrier as copyright infringement is a serious matter that potentially exposes you to substantial damages/attorneys' fees if we are forced to file a lawsuit on behalf of our client. Keep in mind that attorneys' fees include those you will be forced to incur to mount a defense (if any) *and* potentially the attorneys' fees/costs we will incur to pursue the matter (which may be awarded) if our client prevails in court. It is important that you are cognizant of that exposure in deciding how to respond to this letter. Assuming our client prevails in court, 17 U.S.C. § 504(c)(1) provides our client the right to recover statutory damages (for *each work* that was infringed) "in a sum of not less than $750 or more than $30,000 as the court considers just." Further, if the infringement

2 | P a g e

was committed "willfully," the court may increase the award of statutory damages (for ***each work*** that was infringed) "to a sum of not more than $150,000."

Courts in the Eleventh Circuit (which covers Florida,[1] Georgia, and Alabama) have not hesitated (where appropriate) to impose substantial statutory damages against copyright infringers. See, e.g. Reiffer v. World Views LLC, No. 6:20-cv-786-RBD-GJK, 2021 U.S. Dist. LEXIS 38860, at *11 (M.D. Fla. Mar. 1, 2021) (awarding $45,000.00 where a ***single*** photograph of Dubai's cityscape was infringed); Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *14 (S.D. Fla. Aug. 7, 2020) (awarding $57,600.00 where a ***single*** photograph was infringed); CCA & B, LLC v. Toy, No. 1:19-CV-01851-JPB, 2020 U.S. Dist. LEXIS 248303, at *17 (N.D. Ga. Dec. 14, 2020) (awarding $30,000 for sale of counterfeit goods that infringed plaintiff's copyright). Please keep in mind both that the facts of these cases may be different than those here (thus militating in favor of a higher or lower award here) and that the above amounts do not account for attorneys' fees which are also recoverable under the Copyright Act.

Please note that Section 504 of the Copyright Act provides for the recovery of statutory damages (as explained above) or (at our client's election) actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Of course, if forced to litigate this matter, we will fully explore the damages issue and make an election that is most beneficial to our client.

While this is a serious matter, it is not particularly complex. The subject photograph(s) was either properly licensed or it was not. If it was, you should notify us immediately of such licensing so that we may inform our client of such. If it was not properly licensed, then the utilization of our client's work(s) without proper authorization constitutes copyright infringement. In that case, we will either resolve this issue in court (allowing a court to decide the matter) or privately between the parties. If the subject use was not authorized, our client hereby makes the following demand:

> ***You shall pay Thirty Thousand Dollars ($30,000.00) within twenty-one (21) days of the date first written above and shall immediately cease and desist from any further use of our client's work(s).***

Please contact us within the above-stated period to either provide evidence of licensing or to arrange for payment. If confirmation of a license or payment is received as described above, we

---

[1]    Our client is a Florida corporation with its principal place of business in Florida. Our client viewed the subject photograph(s) in Florida and, if forced to file a lawsuit, would proceed by filing in the United States District Court for the Southern District of Florida. See, e.g. Vallejo v. Narcos Prods., LLC, No. 1:18-cv-23462-KMM, 2019 U.S. Dist. LEXIS 198109, at *5 (S.D. Fla. June 14, 2019 ("Copyright infringement is a tortious act, and the Florida long-arm statute confers jurisdiction if the effects of the infringement were felt in the state. Here, it is undisputed that Plaintiff is a resident of Florida, and as such the effects of any alleged copyright infringement would be felt in Florida."); Venus Fashion, Inc. v. Changchun Chengji Tech. Co., No. 16-61752-CIV-DIMITROULEAS/S, 2016 U.S. Dist. LEXIS 194263, at *6-7 (S.D. Fla. Nov. 2, 2016) ("In cases involving online intellectual property infringement, the posting of an infringing item on a website may cause injury and occur in Florida by virtue of the website's accessibility in Florida, regardless of where the offensive material was posted.") (collecting cases).

will forego the filing of a lawsuit. Otherwise, please be aware that our client does not shy away from enforcing his rights in court.

As stated above, the facts and circumstances of each case are different. However, you should know that "[s]tatutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions." Broad. Music, Inc. v. George Moore Enters., Inc., 184 F. Supp. 3d 166, 171-72 (W.D. Pa. Apr. 25, 2016). To further the punitive/deterrent nature of statutory damages, courts generally award plaintiffs "statutory damages of *between three and five times the cost of the licensing fees* the defendant would have paid." See Broad. Music, Inc. v. Prana Hosp'y, Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016); see also Joe Hand Promotions, Inc. v. Alburl, No. 5:18-cv-1935-LCB, 2020 U.S. Dist. LEXIS 29309, at *16-17 (N.D. Ala. Feb. 20, 2020) ("Courts have generally upheld awards of three times the amount of the proper licensing fee as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them."); Broad. Music, Inc. v. N. Lights, Inc., 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees. As such, courts often impose statutory damages in an amount more than double unpaid licensing fees where the infringement was not innocent.").

Using the above cases as a guide, please keep in mind that our client exclusively operates on a subscription basis. This means that access to one (1) photograph costs the same as access to the entire library of photographs. Our client makes its library available for $999.00 per month (https://preparedfoodphotos.com/featured-subscriptions/) with a minimum subscription of twelve (12) months https://preparedfoodphotos.com/terms.of.use.php. Thus, irrespective of how long you utilized the subject photograph, the *minimum* license fee that would have been owed is $11,988.00 ($999.00 x 12 months).

Consistent with the above legal authority, we believe a 3x multiplier (as punishment/deterrent effect) is appropriate, resulting in statutory damages of $35,964.00 (*for each annualized licensing period*). If your display of the aforementioned Work was for more than 1 year, then *each month* thereafter would increase our client's actual damages by $999.00 which, when trebled, would result in additional statutory damages of $2,997.00. Note that the above does not take into account any award of costs or prevailing party attorneys' fees).

Further, you should provide a copy of this letter to your general liability insurance carrier (if one exists), notify them of our client's demand, disclose the identity of such insurer to us, and provide a copy of the subject insurance policy to us. If you believe we are mistaken as to the allegations of copyright infringement made herein, then we encourage you to provide us with copies of any license or other evidence supporting your authorized use of the subject work(s).

Finally, while removing the unlicensed photograph(s) from commercial display is required, please understand that *removal alone is insufficient to end this matter*. If your use of the subject photograph is unauthorized, you must contact us to arrange and/or negotiate a payment for your

4 | P a g e

past use.  Otherwise, a lawsuit *will* be filed and our client *will* pursue the above-described damages against you.

You should give this matter your immediate attention.

Very truly yours,

Daniel DeSouza, Esq.
For the Firm

Very truly yours,

James D'Loughy, Esq.
For the Firm

Encl.

Exhibit "A"

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

# VA 2-019-412

**Effective Date of Registration:**
September 29, 2016

---

## Title ─────────────────────────────────────

**Title of Work:** ADLIFE-COLLECTION-092816.

**Previous or Alternate Title:** Group registration of photos published JAN 14, 2001 through DEC 30, 2001; 250 photos total.

**Content Title:** PizzaCheese002,   12-16-2001;
PizzaCheese008,   02-23-2001;
PizzaPepperoni005, 05-20-2001;
PizzaVeggie001,   05-20-2001;

CalzoneSteak001, 09-17-2001;
ChickenWingBBQ013, 07-08-2001;
ChickenWingBuffalo006, 08-09-2001;
ChickenWingBuffalo008, 02-08-2001;

Cauliflower007,      04-13-2001;
ProduceVegetableAsst012, 11-28-2001;
ChickenWingBuffalo015,  04-21-2001;
ChickenWingBuffalo027,  07-21-2001;

ChickenWingBuffalo028, 05-27-2001;
ChickenWingBuffalo036, 05-27-2001;
ChickenWingHot005, 05-28-2001;
ChickenWingHot006, 06-19-2001;

ChickenWingHot007, 03-23-2001;
ChickenBreastDinner001, 12-23-2001;
ChickenBroccoliDinner002, 04-26-2001;
ChickenFriedDinner002, 04-10-2001;

ChickenFriedDinner003, 11-28-2001;
ChickenFriedDinner004, 12-22-2001;
ChickenBreastBnlsSknls012, 06-26-2001;
Stuffing003, 09-15-2001;

TurkeyBurgerGrlMrk001, 06-11-2001;
TurkeyBurgerGrlMrk002, 05-09-2001;
VegetableKabob001, 04-15-2001;
MahiMahi003, 05-28-2001;

TurkeyBurgerGrlMrk003, 09-18-2001;
TurkeyWhole021, 12-29-2001;
TurkeyWhole024, 10-30-2001;

Page 1 of 7

TurkeyWhole026, 11-27-2001;

TurkeyDinner001, 12-21-2001;
TurkeyDinner002, 09-15-2001;
TurkeyDinner004, 09-21-2001;
TurkeyDinner011, 12-21-2001;

TurkeyDinner012, 10-15-2001;
TurkeyDinner020, 08-23-2001;
TurkeyDinner028, 08-22-2001;
BurritoGrilledStuffed001, 08-22-2001;

Chestnut004, 12-21-2001;
ProduceFarmStand001, 08-09-2001;
ProduceFarmStand002, 08-22-2001;
ProduceVegetableGrilled002, 08-09-2001;
EasterBasket002, 04-24-2001;
PotatoBaked013, 08-09-2001;
BBQJuly4001, 04-30-2001;
TableJuly4001, 04-29-2001;

RiceBroccoliCheese001, 07-10-2001;
RiceBrownMushroom001, 01-22-2001;
RicePilaf003, 08-14-2001;
FajitaChicken001, 04-10-2001;

FajitaChicken003, 02-15-2001;
Guacamole002, 07-17-2001;
Nacho001, 06-29-2001;
Nacho007, 01-26-2001;

NachoMultiColor001, 08-27-2001;
Quesadilla001, 08-20-2001;
SalsaBlackBean001, 05-22-2001;
SalsaChipFootball001, 01-21-2001;

SalsaCorn001, 07-29-2001;
SevenLayerSalad001, 02-12-2001;
TacoTurkey001, 04-09-2001;
Taquito001, 04-22-2001;

BreadPumpernickel008, 03-10-2001;
BreadPumpernickel009, 12-10-2001;
BreadOil001, 07-21-2001;
BreadOil002, 07-16-2001;

BreadOlive001, 02-27-2001;
BreadOlive002, 09-30-2001;
BreadPane001, 04-08-2001;
BreadPane002, 04-08-2001;

BreadPane003, 12-08-2001;
BreadParisian001, 08-13-2001;
BreadParisian002, 06-28-2001;
BreadParisian003, 02-15-2001;

BreadParisian004, 03-26-2001;
BreadPistachioLoaf001, 01-21-2001;



BreadPita002, 02-27-2001;
BreadPita003, 08-13-2001;

BreadPita005, 04-21-2001;
BreadPita006, 03-14-2001;
BreadPita007, 11-23-2001;
BreadPita008, 12-30-2001;

BreadPortuguese001, 08-18-2001;
BreadPortuguese002, 12-15-2001;
BreadPortuguese003, 07-10-2001;
BreadPumpernickel001, 04-15-2001;
BreadPumpernickel002, 08-13-2001;
BreadPumpernickel003, 12-13-2001;
BreadPumpernickel004, 01-16-2001;
BreadPumpernickel006, 02-18-2001;

BreadPumpernickel007,    04-20-2001;
BreadItalianMountainTop002, 08-13-2001;
BreadItalianMountainTop003, 08-18-2001;
BreadItalianMountainTop004, 09-21-2001;

BreadItalianSemolina001, 08-13-2001;
BreadItalianSesame001,   09-28-2001;
BreadItalianTwisted001, 08-13-2001;
BreadItalianWheat001,    05-12-2001;

BreadItalianWheat002, 08-12-2001;
BreadJalapeno001,    08-13-2001;
BreadLemonLoaf001,   01-21-2001;
BreadLightRye,       03-09-2001;

BreadMarble001,    08-13-2001;
BreadMarbleRye001, 03-26-2001;
BreadMarbleRye002, 08-13-2001;
BreadMarbleRye003, 08-13-2001;

BreadMarbleRye004,  09-29-2001;
BreadMarbleRye005,  03-08-2001;
BreadMonkey002,     02-12-2001;
BreadMultigrain001, 06-29-2001;

BreadMultigrain002, 08-09-2001;
BreadMultigrain003, 02-23-2001;
BreadNaan001,       06-17-2001;
BreadNut001,        08-13-2001;

BreadNutAsst001, 10-08-2001;
BreadNutAsst002, 08-12-2001;
BreadOatmeal001, 03-10-2001;
BreadOatmeal002, 08-13-2001;

BreadOatmeal003, 04-10-2001;
BreadFrenchBaguette003, 06-29-2001;
BreadFrenchParisian002, 08-13-2001;
BreadFrenchWheat001, 08-12-2001;

BreadFrenchWheat002, 08-12-2001;
BreadGarlic001,      09-21-2001;
BreadGarlic002,      08-13-2001;
BreadGarlic003,      08-13-2001;

BreadGarlic004,      08-13-2001;
BreadGarlic005,      08-13-2001;
BreadGarlic007,      08-27-2001;
BreadGarlic008,      07-14-2001;

BreadGarlic010,      04-16-2001;
BreadGarlic011,      04-16-2001;
BreadGarlic012,      03-19-2001;
BreadGarlic013,      03-14-2001;

BreadGarlicBasket001, 11-13-2001;
BreadHoneyWheat001,  06-29-2001;
BreadHoneyWheatBaguette001, 07-11-2001;
BreadIrishSoda001,      07-17-2001;

BreadIrishSoda003,      08-13-2001;
BreadIrishSoda004,      02-27-2001;
BreadIrishSoda005,      03-09-2001;
BreadIrishSoda007,      12-20-2001;

BreadIrishSoda008,      12-20-2001;
BreadIrishSodaBasket001, 03-09-2001;
BreadIrishSodaBasket002, 08-13-2001;
BreadItalian001,      02-12-2001;

BreadItalian002,  08-13-2001;
BreadItalian003,  04-16-2001;
BreadItalian004,  08-13-2001;
BreadItalianMountainTop001, 08-13-2001;

BreadItalian005,  03-12-2001;
BreadItalian006,  04-08-2001;
BreadItalian007,  08-13-2001;
BreadItalian008,  08-13-2001;

BreadItalian009,  05-12-2001;
BreadItalian010,  08-13-2001;
BreadItalian011,  04-13-2001;
BreadItalian012,  11-08-2001;

BreadItalian013,  11-08-2001;
BreadItalian014,  08-23-2001;
BreadItalian015,  08-23-2001;
BreadItalian016,  04-13-2001;

BreadItalian017,  04-13-2001;
BreadItalian018,  04-10-2001;
BreadItalian019,  04-13-2001;
BreadItalian020,  01-14-2001;

BreadItalian021,      08-27-2001;
Vegetables,           11-11-2001;
BreadCornLoavesMini001, 11-11-2001;



BreadCornLoavesMini002, 11-11-2001;

BreadCornLoavesMini003, 11-11-2001;
BreadCornLoavesMini004, 11-11-2001;
BreadCornLoavesMini005, 11-11-2001;
BreadCornucopia001, 08-13-2001;

BreadCornucopia02, 08-13-2001;
BreadCranberry001, 08-13-2001;
BreadCranberryOrange001, 08-13-2001;
BreadCranberryOrange002, 11-26-2001;

BreadCranberry003, 11-13-2001;
BreadCranberryOrangeStreuselTopping001, 10-08-2001;
BreadCranberryOrangeStreuselTopping002, 10-08-2001;
BreadEnglishMuffin001, 03-19-2001;

BreadEnglishToasting001, 08-13-2001;
BreadEnglishToasting002, 06-18-2001;
BreadFocaccia001,      02-13-2001;
BreadFocaccia002,      02-13-2001;

BreadFocaccia003, 08-13-2001;
BreadFocaccia004, 02-13-2001;
BreadFocaccia005, 02-14-2001;
BreadFocaccia006, 02-13-2001;

BreadFocaccia007, 10-09-2001;
BreadFocaccia008, 10-09-2001;
BreadFocaccia009, 07-09-2001;
BreadFocaccia010, 06-13-2001;

BreadFrench001,   12-13-2001;
BreadFrench002,   04-25-2001;
BreadFrench003,   08-13-2001;
BreadFrench004,   01-30-2001;

BreadFrench005,   08-13-2001;
BreadFrench006,   08-13-2001;
BreadFrench007,   08-13-2001;
BreadFrench009,   08-13-2001;

BreadFrench010,   04-27-2001;
BreadFrench011,   12-15-2001;
BreadFrench012,   08-10-2001;
BreadFrench013,   05-17-2001;

BreadFrenchBaguette001, 08-17-2001;
BreadFrenchBaguette002, 04-08-2001;
BreadBaguette004,      08-26-2001;
BreadBaguette006,      10-13-2001;

BreadBaguette007, 09-18-2001;
BreadBaguette008, 02-12-2001;
BreadBaguette009, 12-10-2001;
BreadBanana001,   07-20-2001;

BreadBanana003,   08-09-2001;

Page 5 of 7

BreadBananaNut001, 05-20-2001;
BreadBananaNut002, 08-13-2001;
BreadBananaNut003, 04-11-2001;

BreadBananaNut004, 10-09-2001;
BreadBasket001,    10-09-2001;
BreadBasket002,    07-17-2001;
BreadBasket003,    08-26-2001;

BreadBasket004,    12-12-2001;
BreadBasket005,    08-13-2001;
BreadBasket007,    08-13-2001;
BreadBasket008,    05-13-2001;

BreadBavarian001,    08-13-2001;
BreadBlueberry001,   08-13-2001;
BreadBlueberry002,   02-27-2001;
BreadBlueberryNut001, 08-13-2001;

BreadBlueberryNut002, 02-27-2001;
BreadBraided001,     12-14-2001;
BreadBraided002,     02-13-2001;
BreadCappuchino001,  08-13-2001;

BreadChabaso001,     08-13-2001;
BreadChallah001,     08-13-2001;
BreadChallah002,     08-13-2001;
BreadCiabatta002,    07-17-2001;

BreadCiabattaSpread001, 05-28-2001;
BreadCiabattaSpread002, 05-28-2001;
BreadCinnamon001,    07-21-2001;
BreadCinnamon003,    08-13-2001;

BreadCinnamon004,    07-22-2001;
BreadCinnamon005,    04-14-2001;
BreadCoffee001,      08-14-2001;
BreadCorn001,        06-12-2001;

BreadCorn002,        08-13-2001;
BreadCorn004,        04-15-2001.



## Completion/Publication

Year of Completion:       2001
Date of 1st Publication:  January 14, 2001
Nation of 1st Publication: United States

## Author

Author:            Adlife Marketing & Communications Co., Inc.. Employer-for-Hire of Joel
                   Albrizio
Author Created:    photograph
Work made for hire: Yes
Domiciled in:      United States

## Copyright Claimant

**Copyright Claimant:** Adlife Marketing & Communications Co., Inc.
38 Church Street, PAWTUCKET, RI, 02860-3906

## Rights and Permissions

**Organization Name:** SHORES & OLIVER PC
**Name:** Milton M. Oliver, Esq.
**Email:** milton.oliver@shoresoliver.com
**Telephone:** (774)521-3058
**Alt. Telephone:** (781)910-9664
**Address:** PO BOX 790
COTUIT, MA 02635-0790 United States

## Certification

**Name:** Miilton M. Oliver, Esq.
**Date:** October 07, 2016
**Applicant's Tracking Number:** 873-057-311

**Correspondence:** Yes





# *Pool World IS Grill World!!*

 

Anytime is grill time . . . so if this is the year you're going to step up and get yourself a real grill, Pool World . . . Grill World, is the place to go!!  We have 3 convenient locations in Spokane and 1 in Coeur d'Alene.



Pool World IS Grill World and we offer the best grills in the business - Traeger Wood Pellet Smokers and Weber Gas Grills.

We also have a full line of grilling accessories like barbequing utensils, aprons, grill covers, rubs, sauces, shakes and cookbooks!

**Traeger Grills**    **Traeger's Environmental Responsibility**    **Weber Grills**    **Great Grilling Recipes**

Spokane Valley Location
13524 E Sprague AVE
(509) 928-6585
Spokane, WA  99216

Central Spokane Location
5701 E Sprague
(509) 534-4833
Spokane, WA. 99212

North Spokane Location
9111 N Country Homes Blvd.
(509) 466-8220
Spokane, WA  99218

Coeur d'Alene Idaho Location
235 W Sunset
(208) 765-5220
Coeur d'Alene, ID  83815

Toll Free: 1-800-876-4340
Online:
www.poolworld.biz

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June, 2023, I am electronically filing the foregoing with the Clerk of the Court using the CM/ECF System, which in turn will automatically generate a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing will specifically identify the recipients of electronic notice. I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants: none.

       /s/ Stephen Kirby
Stephen Kirby, WSBA #43228
Kirby Law Office, PLLC
1312 N. Monroe St.
Spokane, WA 99201
(509) 795-4863
kirby@kirbylawoffice.com

Attorney for Defendant

June 26, 2023