Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> POOL WORLD, INC., <br><br> Defendant. | Civil Action No. 2:23-cv-00160-TOR <br><br> **PLAINTIFF'S RESPONSES TO THE PARTIES' MEET AND CONFER REGARDING DEFENDANT'S DISCOVERY REQUESTS TO PLAINTIFF** |

Pursuant to our meet and confer on September 28, 2023, please find the following responses:

**GENERAL MATTERS**

<u>Plaintiff's General Objections</u>

For both sets of discovery responses, Plaintiff objected to Defendant's general definition of discovery on the basis that there may be documents in attorney control, i.e., CopyCat Legal, Higbee, etc., that may not have been searched. Plaintiff does not disagree with Defendant's understanding of attorney possession meaning client possession. Plaintiff stands on its objection, as the definition is far more expansive than it should be. The definition, in application, would mean that Plaintiff is responsible for everything that is in possession of *every single employee*. Plaintiff is a term of art that means a certain thing, and Defendant's definition is too large.

<u>Plaintiff's Definition of Website/Response Date to Discovery</u>

Plaintiff will be re-issuing its discovery in light of its definition of Website. In light of Plaintiff's written discovery being re-served, the 30 days will commence from the date that Defendant's counsel is served the Amended Discovery documents.

<u>Number of Requests for Admissions</u>

After consideration, Plaintiff would like to hold the parties to the 30 Requests for Admissions that parties stipulated to. Defendant will see that Plaintiff has adjusted its Amended Requests for Admissions in light thereof.

<u>Verification Page re Plaintiff's Response to Defendant's First Set of Interrogatories</u>

Plaintiff will either send the verification page to Defendant's First Set of Interrogatories as is, or, if Plaintiff makes any changes to its responses, Plaintiff will re-serve the revised document under oath.

Contract/Relationship with Getty

Undersigned counsel is conferring with Plaintiff to clarify the relationship between Plaintiff and Getty/iStock (whether the relationship with Getty was separate and apart from iStock), as well as confirming that Getty/iStock was the only entity that Plaintiff licensed with.

**REQUESTS FOR PRODUCTION**

Request for Production 1

Plaintiff has produced all that is in Plaintiff's possession. Getty's contracts are with its own users. Plaintiff takes the possession that if there are more documents that Defendant wants that are not in Plaintiff's possession, it can be Defendant's prerogative to subpoena Getty.

Requests for Production 4 and 5

Plaintiff requested a reasonable confidentiality/protective order as the identity of Plaintiff's subscribers if trade secret information, in which competitors can use to target and take Plaintiff's subscribers. The identity is highly valuable with respect to competitors. If Defendant simply wants to see the agreements *without* the identity of the subscriber, then Plaintiff can produce the requested documents redacted and forego a confidentiality order. However, if Defendant wants to see *who* the subscribers are, then Plaintiff will (as stated in the initial responses) produce such documents subject to an appropriate confidentiality order.

Request for Production 6

The discovery rule is when did Plaintiff discovered, or should have discovered, the infringement. The plaintiff stands on its objection that this request is not relevant to the issue of when or how the infringement was discovered.

Request for Production 7

While it is Plaintiff's position that Defendant is free to issue a second Request for Production as to this request, Plaintiff's answer is going to be the same. Plaintiff conducts Google Reverse Image searches. The results of these searches are not saved on a system.

Request for Production 8

Undersigned counsel is conferring with Plaintiff to confirm whether documents do or do not exist. If documents do exist, Plaintiff will produce. If Plaintiff does not have any documents within its possession, undersigned counsel will confirm with Defendant's counsel that Plaintiff is maintaining its previous response.

**INTERROGATORIES**

Interrogatory 1

While Plaintiff acknowledges Defendant's belief that Joel Albrizio should have been named, Plaintiff has asserted that the interrogatories were completed with Max Archer, Lauren Hausman, and Rebecca Jones. There is no material of whether Joel Albrizio is or is not named, as Defendant is fully aware of his identity and his role with Plaintiff, as explained in subsequent interrogatories.

Interrogatory 2

Undersigned counsel is conferring with Plaintiff to determine whether it can provide any additional employees other than the directors/shareholder that Plaintiff has already identified (Joel Albrizio, John Puccio, and Celestino DiGiovanni). If Plaintiff can determine a more comprehensive list, Plaintiff will provide an amended response. If Plaintiff cannot identify

additional employees, undersigned counsel will confirm with Defendant's counsel that Plaintiff is maintaining its previous response.

### Interrogatory 3

In 2009-2010, there was one entity – AdLife Marketing & Communications Co., Inc. The term manager only applies to LLCs. A corporation, which is the business structure that Plaintiff was formed as, only has directors and officers. Plaintiff has already provided the identity of the directors/shareholders of the corporation: Joel Albrizio, John Puccio, and Celestino DiGiovanni.

### Interrogatory 4

Plaintiff stands by the response it has already provided to Defendant. The current shareholder of Plaintiff is Joel Albrizio. The interrogatory does not ask about Plaintiff's conversion from a Massachusetts/Rhode Island corporation to a Florida corporation.

### Interrogatory 5

Plaintiff stands by the response it has already provided to Defendant. This interrogatory serves as a perfect example of why Plaintiff has asserted that Defendant's definition of Plaintiff is problematically too broad.

### Interrogatory 6

The only entity that Plaintiff arranged to provide individual licenses was through Getty/iStock, following the termination of the relationship, Plaintiff offers licenses on a subscription basis. Plaintiff does not know who bought licenses from Getty/iStock.

Interrogatory 8

Plaintiff maintains it objection to this interrogatory.

Interrogatory 9

Plaintiff does not know what Getty licensed individual photographs for, and the price has changed over time. Plaintiff's understanding is that Getty changed or updated prices whenever Getty wanted. Plaintiff does not know the range, amount, terms, etc.

Interrogatory 10

Plaintiff believes it answers Defendant's interrogatory. If Defendant is seeking additional information, Defendant is welcome to serve another interrogatory.

Interrogatory 11

Plaintiff requests that Defendant confirms in writing whether it wants the identity of the subscribers or simply wants to see that subscriber agreements. As stated above, Plaintiff is willing to produce the subscriber agreements with identities redacted to protect Plaintiff's trade secrets. But if Defendant wants to see the identity of subscribers, Plaintiff wants a confidentiality agreement.

Interrogatory 12

Plaintiff maintains its objection. Defendant is welcome to provide case law that says Plaintiff is a 'troll' by way of sending demand letters and asking for what Plaintiff does. While Defendant believes this interrogatory is relevant, Plaintiff disagrees.

Interrogatory 13

Plaintiff stands by its response to this interrogatory. Plaintiff answered it fully. If there is additional information Defendant seeks, Defendant may serve another interrogatory or take a deposition.

Interrogatory 14

Plaintiff's response to this is the same as its response given to Defendant's qualm with Interrogatory response 12. Defendant is welcome to provide case law that says its interrogatory is relevant to what Defendant requests. Plaintiff maintains that it does not believe it is relevant.

Interrogatory 15

Plaintiff's response remains as what it has already provided. Plaintiff is not aware of any documents responsive to this request. If Defendant is dissatisfied with this response, Defendant may make further inquired in the course of a deposition.

Interrogatory 17

Plaintiff maintains the answer it has already provided Defendant. Plaintiff does not have any bot reports or internet scans that it has maintained from January 1, 2016 through present.

Dated: October 10, 2023.

Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

By: /s/ Lauren M. Hausman
     Lauren M. Hausman Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, I served the foregoing document via e-mail to:

Paul Levy, Esq. (plevy@citizen.org) and Stephen Kirby, Esq. (kirby@kirbylawoffice.com).

/s/ Lauren M. Hausman
Lauren M. Hausman Esq.