# Exhibit G

**From:** Richard Rimer
**Sent:** Thursday, June 15, 2023 1:33 PM
**To:** James D'Loughy <■■■@copycatlegal.com>
**Cc:** Kathy Milton <■■■@initiatingprotection.com>; Lauren Hausman ■■■@copycatlegal.com>
**Subject:** RE: Prepared Food Photos, Inc. v. Healthy Solutions The Chiropractic Wellness Center, Inc.

## FRE 408 SETTLEMENT COMMUNICATION

Mr D'Loughy -

This is in response to your email from Saturday, refusing Health Solutions' offer to settle the matter, and countering with an offer of $23,976.

HS stands by its claims that it is and was using this image under a license. We admit that HS and its web developer are having difficulty locating it. This is not surprising since it has been over seven years since our web developer obtained the license in question.

Even if, *arguendo*, HS did not have a license, your demand is not reasonable. Your only citations to the contrary are uncontested decisions. Even then, as stated in your client's *Buckingham Brothers* decision, "anything approaching $30,000 in damages" is improper. The standard for damages claims is "what a willing buyer would have been reasonably required to pay a willing seller for plaintiff's work...not what the owner would have charged." *Dash v. Mayweather*, 731 F.3d 303, 313 (4th Cir. 2013). In 2016 when HS's web developer licensed the image, PFP's library and $999/ month offer did not even exist. Our research shows that the picture in question could have been licensed at that time (and today) for approximately $18. HS has already paid that amount through the license held by its web developer.

To summarize, HS used the picture under license and has already paid the appropriate fees for this use. Our research reveals that PFP's current model is to attack websites with images that have been posted for multiple years, and then claim damages based on an inflated model that did not exist at the time the image was used (See article reporting PFP's withdrawal in a similar situation, i.e., a single location medical provider). PFP knows these licenses are difficult to produce, and that the damage model is untenable.

Accordingly, HS refuses your offer and will not make a monetary counteroffer. Instead, HS demands that PFP retract its threat of suit. If PFP does sue, rest assured that it will not have another uncontested decision to parade in front of PFP's future targets. Rather, HS will vigorously defend PFP's outlandish damage claims, thus resetting the market for PFP's business.

Respectfully,

Richard

**F. Richard Rimer, Jr.**

Managing Partner, Initiating Protection

Schedule a meeting: Calendly - Richard Rimer

From: James D'Loughy <■■■@copycatlegal.com>
Sent: Saturday, June 10, 2023 11:00 PM
To: Richard Rimer <■■■@initiatingprotection.com>
Cc: Kathy Milton <■■■@initiatingprotection.com>; Lauren Hausman <■■■@copycatlegal.com>
Subject: RE: Prepared Food Photos, Inc. v. Healthy Solutions The Chiropractic Wellness Center, Inc.

FRE 408 SETTLEMENT COMMUNICATION

Dear Mr. Rimer—

I am in receipt of Healthy Solution's justification of its low settlement offer and will respond. If Prepared Food's photograph was licensed by Healthy Solutions or its web developer (as you claim), I would imagine you would have furnished me with a license for the photograph and this case would be withdrawn. We'll also have to agree to disagree on the valuation of the photograph. Even if it's so that the photograph may be licensed for less than what Prepared Food is demanding, Healthy Solutions

3

chooses to ignore statutory damages. ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees."). See Buttnugget Publ'g v. Radio Lake Placid, Inc., 807 F. Supp. 2d 100, 110-11 (N.D.N.Y. 2011)

I must admit, the offer of $1,500 is rather disappointing to Prepared Food and does not appear to be based on any semblance of reality. Healthy Solutions infringed on Prepared Food's photograph for commercial purposes. Had Healthy Solutions subscribed to our client's photographic library (which would be required to use any single photograph), it would owe Prepared Food far more than $1,500.

This is not a case involving whether infringement occurred or not. There was infringement, thus entitling our client to a money judgment ranging from $750.00 (innocent use) to $30,000.00 (non-willful maximum) to $150,000.00 (willful).

But let's set aside what Healthy Solutions would have paid had it not chose to use the image unauthorizedly. From the moment we file the Complaint, that is $403.00 (filing fee) and approximately $100.00 (service fee) that we are mandated to recover. Assuming the parties take depositions of each other, that is another $2,000.00 in recoverable costs. So, without considering judgment amounts, Healthy Solutions is starting at a $2,500.00 deficit. We can litigate its innocent infringer and valuation defenses, but I would anticipate that Healthy Solutions is incurring an additional $15,000 - $30,000 of attorneys' fees with your firm. I am thus curious what the justification is for a $1,500.00 offer when, on Healthy Solution's <u>best</u> day, it appears to be responsible for at minimum $17,500.00 out-of-pocket defending the lawsuit, notwithstanding the license fees for the use of the infringing photograph.

Please note this isn't our client's first rodeo. They have filed dozens of prior lawsuits for copyright infringement when a defendant either does not respond or refuses to negotiate in good faith (as here). While the above is what I consider to be Healthy Solution's "best case" scenario (which ignores entirely our client's license fee), the reality is not quite so favorable.

While I don't see this as a $150,000.00 case (for the same reason that it is not a $1,500 case), we would certainly argue for the annual license fee of $11,988.00. But whether we are talking about Healthy Solution's best case or worst-case scenario, the notion of them settling this matter for $1,500.00 is a complete non-starter.

Last year, a NY Federal judge issued the attached <u>default</u> judgment (attached) for **$75,792.50** (other side did not respond/defend) which walks through the analysis of how to calculate damages in Prepared Food's subscription model. In that case, we could confirm use for three years, and the judge awarded $75,792.50 (3x the annual subscription x 2 for the statutory multiplier as a punishment/deterrence, plus attorney's fees and costs). So, suffice it to say, we believe that Healthy Solution's exposure is could be similar not inclusive of potential attorney's fees and costs.

Because I prefer to get down to the brass tacks of this matter, I am authorized to convey a <u>realistic</u> settlement offer of **$23,976.00**, an amount equal to a two-year license fee. It is an opportunity for Healthy Solution's to extricate itself from this matter prior to incurring substantial fees, costs, and a

4

G-112

possibly a monetary judgment. Given Healthy Solution's initial offer, I'm not particularly confident that we're seeing this case through the same lens, but certainly feel free to discuss the offer with your client during this week. This settlement offer is open for acceptance until close of business on **Thursday, June 15, 2022**.

Please get back in touch with me and let me know.

Respectfully,



James D'Loughy, Esq.

Shareholder
Copycat Legal PLLC

3111 North University Drive,

Suite 301

Coral Springs, Florida 33065

www.copycatlegal.com



You Create.
Copycat Protects.™

This transmission is being sent by an attorney and all legal related communications are (i) subject to Attorney-Client Privilege, (ii) attorney Work Product and/or (iii) strictly confidential.

 PLEASE CONSIDER THE ENVIRONMENT BEFORE CHOOSING TO PRINT THIS E-MAIL.

This e-mail is intended for the use of the person or persons to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 561-622-7788 and return the original message to us at the listed e-mail address. Thank you.