# Exhibit I





CopyCat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T
E

FRE 408 SETTLEMENT COMMUNICATION

September 14, 2023

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL (customerservice@pompanopizza.com):**

Pompano Pizza.
1606 S. Cypress Road
Pompano Beach, FL 33060

RE:    *Prepared Food Photos, Inc. v Pompano Pizza*

Dear Sir. Or Madam

    This law firm represents Prepared Food Photos, Inc. Our client is in the business of licensing high-end, professional photographs for the food industry. Through its website (www.preparedfoodphotos.com), our client offers a monthly subscription service which provides access to/license of tens of thousands of professional images. The rights associated with these images are exclusively owned by our client, and it has spent countless hours and substantial monies in building a business that relies on such exclusive subscription service. The unauthorized use of our client's work deprives our client of much-needed income and forces our client to incur substantial costs (monetary and time) in identifying violators and enforcing its rights.

    In 2001, our client created a photograph titled "ChickenWingHot007" (the "First Photograph"). A copy of the First Photograph is exhibited below:



The First Photograph was registered by our client with the Register of Copyrights on September 29, 2016, and was assigned Registration No. VA 2-019-412. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

In 2007, our client created a photograph titled "SaladCaesar004" (the "Second Photograph"). A copy of the Second Photograph is exhibited below:



The Second Photograph was registered by our client with the Register of Copyrights on August 26, 2016 and was assigned Registration No. VA 2-014-921. A true and correct copy of the

Certification of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

The First Photograph and the Second Photograph are collectively referred to herein as the "Work."

To our knowledge, our client *did not* authorize you or your company to use and/or display the foregoing photograph(s). Notwithstanding this lack of authorization, our client has identified the subject photograph(s) currently published on DoorDash's website for commercial purposes (https://www.doordash.com/store/pompano-pizza-&-italian-eatery-pompano-beach-211509/):



3 | Page

I-133

A true and correct copy of the screenshot(s) from DoorDash's website, displaying the copyrighted Work, is attached hereto as **Exhibit "C."**

If our client is mistaken or if you believe the photograph(s) was previously licensed through our client or some other party, please contact us immediately with evidence of the prior licensing. If we do not hear from you ***within fourteen (14) days from the date of this letter***, we will be forced to assume that the photograph(s) was ***not*** properly licensed and will take appropriate legal action to enforce our client's rights.

If the above-described use of our client's photograph(s) was not properly licensed, please understand that such unauthorized use may constitute federal copyright infringement under 17 U.S.C. § 501. In such event, I encourage you to discuss the foregoing with your attorney and/or your insurance carrier as copyright infringement is a serious matter that potentially exposes you to substantial damages/attorneys' fees if we are forced to file a lawsuit on behalf of our client. Keep in mind that attorneys' fees include those you will be forced to incur to mount a defense (if any) ***and*** potentially the attorneys' fees/costs we will incur to pursue the matter (which may be awarded) if our client prevails in court. It is important that you are cognizant of that exposure in deciding how to respond to this letter. Assuming our client prevails in court, 17 U.S.C. § 504(c)(1) provides our client the right to recover statutory damages (for ***each work*** that was infringed) "in a sum of not less than $750 or more than $30,000 as the court considers just." Further, if the infringement was committed "willfully," the court may increase the award of statutory damages (for ***each work*** that was infringed) "to a sum of not more than $150,000."

Courts have not hesitated (where appropriate) to impose substantial statutory damages against copyright infringers of Prepared Food Photos' intellectual property. The below courts have each accepted Prepared Food Photos' minimum $11,988.00/year licensing fee as a measuring stick for actual damages and then proceeded to apply a 2x multiplier thereto in calculating statutory damages. See, e.g. Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC, No. 21-82129-CV, 2022 U.S. Dist. LEXIS 205649, at *4 (S.D. Fla. Mar. 22, 2022) (awarding ***$23,976.00*** in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Fat Daddy Co., No. 22-61671-CIV-SINGHAL, 2022 U.S. Dist. LEXIS 216004 (S.D. Fla. Nov. 29, 2022) (awarding ***$23,976.00*** in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *24 (S.D. Fla. Dec. 19, 2022) (awarding ***$71,928.00*** in statutory damages, representing the $11,988.00 annual license fee for a 3-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Silver Star of Brooklyn / Brooklyn's Best Inc., No. 1:22-cv-04196-WFK-CLP, 2023 U.S. Dist. LEXIS 22037 (E.D.N.Y. Jan. 23, 2023) (awarding ***$71,928.00*** in statutory damages, representing the $11,988.00 annual license fee for 3-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Trip Rest. LLC, No. 1:22-cv-07953-ER, 2023 U.S. Dist. LEXIS 68835, at *25 (S.D.N.Y. Apr. 14, 2023) (awarding ***$47,952.00*** in statutory damages, representing the $11,988.00 annual license fee for 2-year use with a 2x multiplier applied thereto).

Please note that Section 504 of the Copyright Act provides for the recovery of statutory damages (as explained above) or (at our client's election) actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Of course, if forced to litigate this matter, we will fully explore the damages issue and make an election that is most beneficial to our client.

While this is a serious matter, it is not particularly complex. The subject photograph(s) was either properly licensed or it was not. If it was, you should notify us immediately of such licensing so that we may inform our client of such. If it was not properly licensed, then the utilization of our client's work(s) without proper authorization constitutes copyright infringement. In that case, we will either resolve this issue in court (allowing a court to decide the matter) or privately between the parties. If the subject use was not authorized, our client hereby makes the following demand:

> ***You shall pay Thirty Thousand Dollars ($30,000.00) for each of the two (2) photographs at issue (i.e. a total of $60,000.00) within fourteen (14) days of the date first written above and shall immediately cease and desist from any further use of our client's work(s).***

Please contact us within the above-stated period to either provide evidence of licensing or to discuss resolution of this matter. If we do not hear from you or are otherwise unable to resolve the matter on amicable terms, please be aware that our client does not shy away from enforcing his rights in court. It has done so many times before and secured awards commensurate with the above examples. See, e.g. Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. v. Patriot Fine Foods LLC, Case No. 9:21-cv-92129-DMM (S.D. Fla. 3/22/2022) (awarding $26,001.00 where *single* photograph was infringed for a period of approximately four months); Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. v. 193 Corp. d/b/a Bella Lukes, Case No. 1:22-cv-03832 (N.D. Ill. 9/21/2022) (awarding $36,491.00 where *single* photograph was infringed for a period of three years).

As stated above, the facts and circumstances of each case are different. However, you should know that "[s]tatutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions." Broad. Music, Inc. v. George Moore Enters., Inc., 184 F. Supp. 3d 166, 171-72 (W.D. Pa. Apr. 25, 2016). To further the punitive/deterrent nature of statutory damages, courts generally award plaintiffs "statutory damages of *between three and five times the cost of the licensing fees* the defendant would have paid." See Broad. Music, Inc. v. Prana Hosp'y, Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016); see also Joe Hand Promotions, Inc. v. Alburl, No. 5:18-cv-1935-LCB, 2020 U.S. Dist. LEXIS 29309, at *16-17 (N.D. Ala. Feb. 20, 2020) ("Courts have generally upheld awards of three times the amount of the proper licensing fee as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them."); Broad. Music, Inc. v. N. Lights, Inc., 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees. As such, courts often impose statutory damages in an amount more than double unpaid licensing fees where the infringement was not innocent.").

5 | P a g e

Using the above cases as a guide, please keep in mind that our client exclusively operates on a subscription basis. This means that access to one (1) photograph costs the same as access to the entire library of photographs. Our client makes its library available for $999.00 per month (https://preparedfoodphotos.com/featured-subscriptions/) with a minimum subscription of twelve (12) months https://preparedfoodphotos.com/terms.of.use.php. Thus, irrespective of how long you utilized the subject photograph, the *minimum* license fee that would have been owed is $11,988.00 ($999.00 x 12 months).

Consistent with the above legal authority, we believe a 3x multiplier (as punishment/deterrent effect) is appropriate, resulting in statutory damages of $35,964.00 (*for each annualized licensing period*). If your display of the aforementioned Work was for more than 1 year, then *each month* thereafter would increase our client's actual damages by $999.00 which, when trebled, would result in additional statutory damages of $2,997.00. Note that the above does not take into account any award of costs or prevailing party attorneys' fees).

Further, you should provide a copy of this letter to your general liability insurance carrier (if one exists), notify them of our client's demand, disclose the identity of such insurer to us, and provide a copy of the subject insurance policy to us. If you believe we are mistaken as to the allegations of copyright infringement made herein, then we encourage you to provide us with copies of any license or other evidence supporting your authorized use of the subject work(s).

Finally, while removing the unlicensed photograph(s) from commercial display is required, please understand that *removal alone is insufficient to end this matter.* If you do not contact us to discuss payment for your existing/past use of the photograph(s), a lawsuit *will* be filed and our client *will* pursue the above-described damages. You should give this matter your immediate attention.

Very truly yours

*Lauren Hausman*

Lauren Hausman, Esq.
For the Firm

Encl.