Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> POOL WORLD, INC., <br><br> Defendant. | Civil Action No. 2:23-cv-00160-TOR <br><br> **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** |

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff"), hereby files this memorandum in opposition to defendant Pool World, Inc. ("Defendant") Motion to Compel (the "Motion") [D.E. 21].

## **INTRODUCTION**

The Motion begins with the absurd statement that "both sides agree" Plaintiff's prior

1

efforts to protect its intellectual property (i.e., prior cease and desist and/or settlement agreements with wholly unrelated parties) is "central to the parties' dispute in this case."[1] While Defendant and its counsel may believe such, Plaintiff does not and, more importantly, neither do the federal courts.  Defendant spends a significant amount of time explaining how the discovery it seeks will assist it in crafting a stronger summary judgment argument but swings wide of explaining the relevance to the claims or defenses herein.  Defendant essentially criticizes Plaintiff for protecting/enforcing its copyrights in a photographic library consisting of >18,000 photos, yet never explains how Plaintiff's efforts to do so is somehow relevant to a statute of limitations defense (the only actual affirmative defense raised by Defendant) or any other cognizable defense (whether pled or not).

Defendant's argument is the epitome of damned if you do and damned if you don't. Defendant castigates Plaintiff for sending demand letters and/or settling acts of infringement, but does not answer this fundamental question: what is a copyright owner expected to do when faced with mass infringement of its work?  If a copyright owner pursues infringers, it is labeled a 'troll' by defense attorneys looking to broaden their practice.  If a copyright owner ignores the infringers, it is accused of abandoning its copyrights.  In any event, discovery is limited to that which is relevant to the claims and defenses at issue in this lawsuit – not to the whims and fancies of ambitious defense counsel.  Because the materials sought by the Motion are wholly irrelevant to this dispute and incredibly burdensome to parse through, the Motion should be denied.

## BACKGROUND

1.    Plaintiff is the creator and registered copyright owner of a photograph titled "ProduceVegetableGrilled002" (the "Work").  Plaintiff licenses the Work as part of a library of

---

[1] See Motion, at p. 1.

2

professional food photography (consisting of >18,000 photographs) to ad agencies, grocery stores, and other trade organizations.

2.  In this lawsuit, Plaintiff asserts a single claim for copyright infringement with respect to Defendant's alleged unauthorized publication/display of the Work on its website.

3.  In its Answer [D.E. 7], Defendant admits that it published the Work on its website but denies that it infringed on Plaintiff's copyright. Defendant raises three affirmative defenses: (a) Plaintiff's claims are barred by the statute of limitations; (b) Plaintiff previously licensed its photographs through stock photo services at a significantly lower price; and (c) Defendant should be awarded its costs and reasonable attorney's fees.

## ARGUMENT

### I. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1). "In general, the Federal Rules of Civil Procedure permit relatively broad yet tailored and proportional discovery of relevant material." See Rugo v. Hardwick, No. 2:16-CV-00444-SMJ, 2017 U.S. Dist. LEXIS 93485, at *5 (E.D. Wash. June 16, 2017). Discovery, however, "may not be used to conduct a fishing expedition in hopes that some fact supporting an allegation will be uncovered." Inst. for Wildlife Prot. v. Norton, 337 F. Supp. 2d 1223, 1226 (W.D. Wash. 2004).

### II. Request for Production No. 6

Although the Motion spills much ink in lambasting Plaintiff for enforcing its copyrights and generally accusing Plaintiff of inequitable conduct, it spends very little time addressing the actual discovery requests at issue and their relevance to the actual claims/defenses at issue in this lawsuit. Request For Production No. 6 seeks production of communications to alleged

infringers, other than initial demand letters, "that refer to the expense of litigation as a reason why the alleged infringer should pay any amount greater than $5000 to avoid infringement litigation." Here, the Motion contains a single reference to this request:

> The particular aspect of plaintiff's enforcement campaign at which Request to Produce 6 is directed has an especial bearing on plaintiff's failure to do equity – the use of direct references to how expensive it will be for the target of the demand to defend itself in court – in effect, suggests that Prepared Food Photos threatens to file strike suits in order to secure payments of thousands of dollars in nuisance payments, which courts strive to minimize.[2]

As a threshold matter, Defendant has not raised any 'failure to do equity' defense here – the only cognizable defense actually set forth is statute of limitations (as Defendant purportedly published the Work in 2010). Plaintiff's communications with *other* alleged infringers, with respect to those *other* alleged infringers' conduct, has no relevance to whether **Defendant** committed infringement or whether Plaintiff's claim is somehow time-barred.

This is especially true with respect to Request No. 6 as it seeks communications in which the "expense of litigation" is mentioned. That Plaintiff or its counsel may – in communications with *other* infringers – mention (as Mr. Levy does in his own affirmation)[3] the cost of litigating a claim for copyright infringement is irrelevant to whether **Defendant** committed copyright infringement or whether Plaintiff was aware/should have been aware of Defendant's infringement on an earlier date. Settlement communications with *other* infringers have no bearing on the claims/defenses asserted herein – while they may be pertinent to Mr. Levy's own political beliefs/blogging interests/professional aspirations, they have zero relevance to the core issues in this lawsuit.

---

[2] See Motion, at pp. 8 – 9.
[3] See D.E. 21-1, at ¶ 26.

4

Request No. 6 is likewise unduly burdensome as it would require an individualized review of *all* communications with respect to thousands of alleged infringements over a multi-year period. For example, CopyCat Legal began representing Plaintiff in 2021. From the beginning of such representation, Plaintiff has identified approximately 1,800 different alleged infringers of its photographs. CopyCat Legal sent pre-suit demand letters to each of those alleged infringers, follow-up communications to the extent no response was received, and, if communication was initiated, engaged in multiple communications back and forth with such alleged infringers and/or their counsel. Request No. 6 ostensibly would require an individualized review of thousands (if not tens of thousands) of e-mails to determine whether any mention of litigation expenses was made. Dating back to at least 2017/2018, Plaintiff has been and continues to be represented by other law firms with respect to protecting its copyrights, and therefore this request would require a review of those files as well. Given the wholesale lack of relevance to any defense – asserted or otherwise – the Motion should be denied with respect to this request.

## III.   Interrogatories Nos. 12 and 14

Interrogatory Nos. 12 and 14 ask Plaintiff to identify any claims made for infringement of the Work or any other of Plaintiff's >18,000 photographs and to identify any revenue received by Plaintiff with respect to pursuit of infringement claims. As with Request for Production No. 6, these requests are irrelevant to the actual claims/defenses asserted in this lawsuit.

Revenue garnered from "threats and litigation over alleged copyright infringement" is not relevant. There is no correlation between revenue secured from infringement actions and if Plaintiff is entitled to "huge actual damages for lost license fees." In Home Design Servs., a home designer sued numerous defendants for alleged copyright infringement. The defendants in that case "requested a ruling regarding the discoverability of information related to revenue

the plaintiff receives from litigation in other copyright cases throughout the country, including amounts received from any verdicts, judgments, court decrees, and settlement agreements." Home Design Servs. v. B&B Custom Homes, LLC, Civil Action No. 06-cv-00249-WYD-GJR, 2008 U.S. Dist. LEXIS 55980, at * 6 (D. Colo. May 30, 2008). The defendants argued that such evidence was relevant to their affirmative defense of copyright misuse. The court in Home Design Servs. analyzed the doctrine of copyright misuse and found that evidence of settlements in other cases or percentage of revenue constituting settlements in infringement actions had ***no relevance*** to the misuse doctrine:

> ***The fact that the Plaintiff has been successful in protecting copyrighted designs and has generated revenue through litigation would not appear to pertain to the elements of the defense of copyright misuse.*** The fact that the Plaintiff has litigated claims under the federal Copyright Act and has been successful in that litigation fact does not indicate to this Court that the Plaintiff has engaged in copyright misuse. The Defendants must establish that the Plaintiff extended its purported monopoly beyond the scope of the copyright. I find that litigation revenue of the Plaintiff in other cases around the country does not tend to show that the Plaintiff illegally extended its monopoly beyond the scope of the copyright laws. I find that the information sought by Defendants with regard to Plaintiff's litigation revenue from around the country is unlikely to lead to the discovery of admissible evidence regarding the Defendants' affirmative defense of copyright misuse, based on an extension of a purported monopoly.
>
> Nor does the fact that the Plaintiff has recovered more in litigation revenue than the cost of the plans tend to show that the Plaintiff has violated the public policy underlying copyright law.
>
> […]
>
> ***Even if revenue from litigation exceeds the cost of the plans, there is nothing in this fact that would tend to show that the Plaintiff has acted in violation of the public policies underlying copyright law. I find that litigation revenue is not reasonably calculated to lead to the discovery of information tending to***

> show that the Plaintiff has violated the public policies underlying copyright law. I consequently find that the information sought by the Defendants with regard to the Plaintiff's litigation revenue from cases brought around the country is unlikely to lead to the discovery of admissible evidence in support of the Defendants' copyright misuse defense based on violation of public policy.

Home Design Servs., 2008 U.S. Dist. LEXIS 55980, at *13–15.  Defendant seeks the same material here, yet Defendant does not even assert a 'misuse' defense but rather a statute of limitations defense.  Again, whether Plaintiff sent 1 demand letter or 10,000 demand letters is irrelevant to whether its infringement claim is time-barred.  The same is true as to whether Plaintiff received $1.00 from infringement settlements or $10 million.

      Previous communications with other parties regarding unrelated infringements have no relevance to whether Defendant committed infringement, to Plaintiff's damages, or to any defense recognized by courts in this Circuit.  See, e.g. Evox Prods. LLC v. Yahoo Inc., No. 2:20-cv-02907-MEMF(JEMx), 2023 U.S. Dist. LEXIS 131581, at *7 (C.D. Cal. July 28, 2023) (granting motion in limine to exclude evidence of past copyright infringement enforcement actions and monies received from prior settlements as not relevant and unduly prejudicial); Unicolors, Inc. v. Urban Outfitters, Inc., 686 F. App'x 422, 424 (9th Cir. 2017) ("The district court did not abuse its discretion in excluding evidence of Unicolors's prior copyright infringement lawsuits, which Urban hoped to offer in support of an unclean hands defense.").

      Defendant contends that production of prior demand letters would be helpful to prove its theory of what Plaintiff's main business is.  But again, whether copyright enforcement accounts for .01% or 99% of Plaintiff's revenue stream is not relevant.  As recognized in Malibu Media, LLC, "[i]t is certainly true that [the plaintiff] has filed a very large number of infringement suits in this district and in others. But that is what the holders of intellectual property rights do when

they are faced with mass infringement." Malibu Media, LLC v. Doe, No. 13 C 3648, 2014 U.S. Dist. LEXIS 77929, at *6 (N.D. Ill. June 9, 2014). Indeed, it is unequivocally recognized that "Plaintiff is entitled to protect its copyrighted works." Victor Elias Photography, LLC v. ICE Portal, Inc., No. 19-CV-62173-SMITH/VALLE, 2023 U.S. Dist. LEXIS 34054, at *15 (S.D. Fla. Mar. 1, 2023); See Luken v. Int'l Yacht Council, Ltd., 581 F. Supp. 2d 1226, 1245 (S.D. Fla. 2008) ("It goes without saying that protection of one's copyright constitutes a permissible motivation in filing a copyright infringement case….").

IV.     **Statute of Limitations**

Defendant attempts to justify its request for prior settlement demands/communications by prognosticating about Defendant's anticipated motion for summary judgment on statute of limitations grounds. Here, Defendant asserts Plaintiff's copyright infringement claim is time barred because either (1) Plaintiff as a "seasoned litigator" should have known about the infringement sooner, or (2) "Plaintiff has not done equity and hence should not be allowed to invoke the discovery rule as an equitable exception to the statute of limitations."

Defendant appears to elect ignorant bliss to what the law says. Defendant cannot point to one cognizable connection between the discovery it is seeking and the discovery rule. Defendant has made a blanket statement that as a seasoned litigator, Plaintiff should have known about the infringement sooner, but has failed to provide a lick of substantive support. "Copyright owners do not have a general duty to police their copyrights." PK Music Performance, Inc., 2018 U.S. Dist. LEXIS 169652, at *23 (S.D.N.Y. Sep. 30, 2018). In PK Music Performance, Inc., the defendant sought dismissal of a copyright infringement claim on the basis that the plaintiff should have discovered its alleged infringement no later than 2007 – yet the plaintiff alleged it did not discover such until 2015 (some 8 years later). Notably, PK Music Performance, Inc. is

not an anomaly – every court to consider the issue has held that a copyright owner is not required to scour the internet/search for potential infringements of his/her work.[4] Other than brandishing Plaintiff as a "seasoned litigator," Defendant does not provide a *single* reason as to why Plaintiff should have discovered the infringement before it did or how the discovery at issue is pertinent to any of its raised defenses.

Defendant seemingly posits that a "seasoned" litigator should be barred from invoking the discovery rule because the rule is an equitable exception to the statute of limitations, and equity is properly denied to a party that has itself not done equity is an untenable application of the discovery rule. Defendant, of course, does not cite any legal authority for its absurd interpretation of the principles it espouses. The discovery rule is *not an equitable exception* to the statute of limitations. Rather, the discovery rule is the *universal* method by which accrual of a copyright infringement claim is interpreted by courts across the country. See, e.g. Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236, 1237-38 (9th Cir. 2022) ("[B]ecause Petrella noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. ***Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.***") (emphasis added); Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based.").[5]

---

[4] See e.g., Hirsch v. Rehs Galleries, Inc., No. 18-CV-11864 (VSB), 2020 U.S. Dist. LEXIS 32926, at *3 (S.D.N.Y. Feb. 26, 2020) (denying motion to dismiss photographer's copyright infringement claim on asserted basis that photographer 'should have' discovered the infringement earlier); Minden Pictures, Inc. v. Conversation Prints, LLC, No. 20-12542, 2022 U.S. Dist. LEXIS 179602, at *9 (E.D. Mich. Sep. 30, 2022) ("Copyright holders do not have a general duty to scour or police the internet to determine if their work has been infringed. The discovery rule has been met by Plaintiff since it discovered the infringement in 2019.").

[5] See also Stross v. Hearst Communs., Inc., No. SA-18-CV-01039-JKP, 2020 U.S. Dist. LEXIS 161293, at *21 – 22 (W.D. Tex. Sept. 3, 2020) (distinguishing Petrella and applying discovery rule to determine accrual of copyright infringement claim); Edwards v. Take Fo' Records, Inc., No. 19-12130, 2020 U.S. Dist. LEXIS 119246,

Defendant is certainly entitled to discovery into when/how Plaintiff discovered Defendant's alleged infringement of the Work or whether any 'storm warnings' should have led to an earlier discovery of such infringement.  See , e.g. Design Basics, LLC v. Chelsea Lumber Co., 977 F. Supp. 2d 714, 725 (E.D. Mich. 2013) ("The Court… rejects Defendants' argument that Plaintiff was under a continuous duty to police its copyright and concludes that Defendants have not pointed to evidence of any storm warnings that would reasonably have put Plaintiff on inquiry notice of the claimed infringement more than three years prior to filing suit."). Defendant, however, is not entitled to broad discovery into Plaintiff's prior, unrelated efforts to enforce/protect its copyrights to satisfy the whims of its counsel.  The discovery requests at issue are not relevant to any claim or recognized defense at issue and frankly seek to transform an otherwise simple/straightforward infringement claim into a veritable witch hunt.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion; (b) awarding Plaintiff its reasonable fees and expenses incurred in opposing the Motion pursuant to Fed. R. Civ. P. 37(a)(5)(B); and (c) for such further relief as the Court deems proper.

Dated:  November 24, 2023.            Max K. Archer, WSBA # 54081
                                      Riverside Law Group, PLLC
                                      905 W. Riverside Ave., Ste. 404

---

at *41 n.16 (E.D. La. July 8, 2020) ("The Fifth Circuit applies the discovery rule to copyright infringement claims, notwithstanding the Supreme Court's express reservation of whether the discovery or injury rule applies to such claims."); Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) ("In this Circuit  a copyright claim accrues when [the party] knew or had reason to know of the injury upon which the claim is based."); D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc., 516 F. Supp. 3d 121, 132 (D.N.H. 2021) ("Most courts—including the First Circuit—use the discovery rule rather than the injury rule for purposes of § 507(b).") (citing Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008)); Chelko v. Does JF Rest., LLC, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590, at *5 (W.D.N.C. July 22, 2019) ("In the Fourth Circuit, a claim accrues when a copyright holder 'has knowledge of a violation or is chargeable with such knowledge,' an approach known as the discovery rule.") (quoting Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir. 2001)).

Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

By:  /s/ Lauren M. Hausman
         Lauren M. Hausman Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2023, I served the foregoing document via e-mail to: Paul Levy, Esq. (plevy@citizen.org) and Stephen Kirby, Esq. (kirby@kirbylawoffice.com).

/s/ Lauren M. Hausman
Lauren M. Hausman Esq.