Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe St.
Spokane, WA 99201
(509) 795 4863
kirby@kirbylawoffice.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

PREPARED FOOD PHOTOS, INC.,
f/k/a ADLIFE MARKETING
& COMMUNICATIONS CO., INC.,
a Florida for profit corporation,

   Plaintiff,

  v.

POOL WORLD, INC., a Washington for profit corporation,

   Defendant.

No. 2:23-cv-00160-TOR

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO DISCOVERY**

Hearing December 8, 2023
6:30 PM

A. The Facts and Documents Bearing on Equity Are Relevant to the Claims and Defenses in This Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. Plaintiff's Reliance on Alleged Burdensomeness Should Be Rejected. . . . . . . . . . 3

C. The Discovery Is Relevant to the Damages Claim. . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Pool World's Motion to Compel Discovery showed that Pool World has a sound basis for believing that this lawsuit is part of a seven-year long campaign in which plaintiff Prepared Food Photos ("PFP") has been using deliberately deceptive and coercive demand letters to extract payments for alleged infringements of single photographs occurring many years before, in amounts far larger than the few dollars that would have been charged at the time of the alleged infringement. To avoid the three-year statute of limitations, PFP invokes the discovery rule; but as the motion explains, the discovery rule is an equitable exception to the statute of limitations. Thus, Pool World seeks discovery of the volume of the financial gain, and of the coercive content of demand letters and follow-up communications, to support its arguments that PFP cannot invoke equity to avoid the statute of limitations in this case. Pool World also seeks the discovery in support of its side of a factual dispute: the complaint alleges that plaintiff is in the business of licensing high-end photographs of food, but Pool World contends that this allegation is false, because PFP's main business, and its main source of revenue, is threatening to sue for copyright infringement and suing when the target does not surrender to coercion.

In response to the motion, PFP apparently does not deny engaging in deception and coercion of the targets of its copyright enforcement practices, and apparently concedes that it makes more in revenue from infringement claims than from selling subscriptions to its database of photos. PFP argues that these facts are irrelevant for two main reasons: First, it points to a handful of unreported cases that had been brought within the statute of limitations, but where the defendant pleaded an affirmative defense of copyright misuse or unclean hands; in those cases, the courts said that evidence of the amount of excess rents extracted from the targets of copyright enforcement practices either was not relevant to the issues in lawsuits, or should be excluded because possible relevance was outweighed by likelihood of prejudice. Second, it says that even though it pleaded the nature of its business in the complaint, that allegation is irrelevant to the issues in this case. PFP closes with a general plea that copyright owners need to have leeway to protect their works against "mass infringement" by any means necessary. As shown below, none of these arguments provides

a sound basis for denying the discovery sought here.

### A. The Facts and Documents Bearing on Equity Are Relevant to the Claims and Defenses in This Litigation.

Here, the issue of equity on the part of plaintiff comes into play because, to avoid the statute of limitations defense based on PFP's failure to sue within three years of the alleged infringement in 2010, PFP invokes the discovery rule. PFP baldly argues that "the discovery rule is not an equitable exception to the statute of limitations," Opp. at 9, but it cites no cases standing for that proposition, instead citing cases generally saying that the discovery rule applies in copyright cases. Most important, PFP cites no cases where the Ninth Circuit has retreated from the decisions quoted in Pool World's Motion (at 5) specifying that the discovery rule is an equitable doctrine. As the Motion to Compel noted, no court has yet addressed the issue of whether these equitable concerns bear on the application of the discovery rule when invoked by what courts charitably euphemize as "seasoned litigators" (in decisions quoted at page 7 of the motion). The absence of such authority may be an artifact of the fact that few small businesses can afford to defend cases like this—it is easier to send a demand letter to the insurance company to pay the ransom.

Because PFP has invoked equity, it must meet the requirements of equity. PFP does not deny that evidence showing the amount of money that it makes from its deployment of deliberate deception and coercion could bear on whether PFP has done equity. And as explained in the Motion and its accompanying affidavit, Pool World reasonably expects that its discovery will show that PFP regularly seeks outsized settlements by deliberately exploiting the fact that it is so expensive to defend a copyright case, even a baseless lawsuit, not only by expressly reciting the expense of defending to the targets of its efforts but also, as it appears, by suing only defendants that are incorporated so that they cannot appear pro se (*see* Affidavit, ¶ 5).

The cases that PFP cites at pages 5 to 7 of its Opposition do not help it. In *Home Design Services v. B & B Custom Homes,* 2008 WL 2302662 (D. Colo. May 30, 2008), the court held that because defense of copyright misuse applies only when enforcement extends

a company's monopoly beyond the legitimate bounds of copyright protection, and because the other cases were ordinary infringement suits, that misuse defense could not be asserted. But Pool World does not invoke the defense of copyright misuse; thus *Home Design Services* is not inconsistent with its discovery motion here.[1] And in both *Unicolors v. Urban Outfitters*, 686 F. Appx. 422 (9th Cir. 2017), and *Evox Prods v. Yahoo!*, 2023 WL 4850748 (C.D. Cal. July 28, 2023), the courts decided not to admit evidence about alleged excessive enforcement at trial, because any probative value was outweighed by its potential prejudicial effect. But those are not reasons to deny discovery of such information. In *Unicolors*, the court also noted that the unclean hand defense was vitiated by the lack of any pattern of fraudulent enforcement or of a "copyright-trap conspiracy." 686 F. Appx. at 425. Pool World will argue in its summary judgment motion that there is evidence of deliberate deception and coercion, not for an unclean hands defense, which if upheld, would prevent PFP from ever enforcing its copyrights, but only to limit PFP's invocation of an equitable exception to the statute of limitations.

This motion is not a summary judgment motion. When that motion is filed, the Court will be asked to decide whether this sort of failure to do equity is a proper basis for rejecting PFP's reliance on the discovery rule. The Court should grant the requested discovery so that the Court can have a basis for addressing that legal question on a complete record.

**B. Plaintiff's Reliance on Alleged Burdensomeness Should Be Rejected.**

PFP also argues that responding to Interrogatory 12 and Request to Produce 6 would be burdensome because, in the past two years alone, its current counsel has sent out 1800 demand letters claiming infringement (there is no contention that providing the amount of money extracted from PFP's targets each year, pursuant to Interrogatory 14 would be burdensome). Opp. at 5. However, PFP waived this issue during the meet-and-concurs that preceded filing of this motion. Thus, as noted in the affidavit submitted in support of the

---

[1] The defense of copyright misuse applies when, for example, a company enforces its copyright to suppress criticism. *Video Pipeline v Buena Vista Home Entertainment*, 342 F.3d 191 (3d Cir. 2003).

motion to compel, at ¶ 4, undersigned counsel sought to discuss the issue of burdensomeness, but lead counsel for plaintiff declined to engage on the ground that PFP objected in principle to disclosing such information. (Notably, PFP does not assert that any privilege protects the information.)

If the Court reaches the issue of burden despite PFP's refusal to discuss the issue during the meet-and-confers, it is important to note that, although Interrogatory 12 calls on PFP to "identify" the documents, PFP may instead under Rule 33(d) produce the relevant business records and put the burden of deriving the relevant information on Pool World. As for Document Request 6, PFP objects that it has to review each communication after the demand letter to decide which of these documents made express reference to the expense of litigation. But assuming that these documents are maintained electronically, it should not be difficult for PFP to identify search terms that would quickly identify the documents that it would need to examine by hand. In the alternative, PFP could simply provide all of its demand emails to counsel for Pool World and let defendant bear the burden of searching. But the parties were unable to have such discussions because PFP's counsel said that not disclosing this information was a matter of principle.[2]

Burdensomeness should also be considered in light of the stakes in the litigation. PFP seeks an award of $35,664 in damages of license fees for an alleged infringement of a stock photo that was on the market for a license fee of a few dollars at most in 2010, when Pool World acquired the composite image containing that photo and posted it online. PFP also plans to argue that it is entitled to a share of Pool World's profits, in an amount not yet specified. That is large hit for a small business, and it pales against the millions of dollars

---

[2] PFP could also disclose a spreadsheet which, response to an interrogatory only recently answered, PFP has disclosed that it maintains of every situation in which its staff records a "hit" in its reverse image searching. Given that PFP has told the Court that it sends a demand letter every time it gets a hit, that spreadsheet could provide at least an initial shortcut for the review of demand letters that Pool World needs to conduct to assess the evidence that could aid its defense. PFP has declined thus far to produce the spreadsheet.

that PFP appears to earn from its copyright enforcement program.

As the court said in *Righthaven v. Hill*, Copyright L. Rep. (CCH) ¶ 30,125, 2011 WL 12897489 (D. Colo. Sep. 11, 2011), assessing a different copyright owner that filed many infringement actions,

> there is substantial evidence that Righthaven has engaged in a pattern of filing copyright infringement suits against naïve bloggers in order to secure settlement agreements, often with a minimal investment of time and effort. These lawsuits act as an effective bargaining chip in the negotiation of settlement agreements, because the cost of settlement is often less than the cost a defendant would incur in defending against Righthaven's suit.

*Id.*[3]  When a plaintiff seeks a ruinous level of damages from a small business, having previously warned that business that it should pay a settlement because defending the lawsuit will be too expensive, it should not be heard to complain that it is too burdensome for the plaintiff to litigate the case.

**C. The Discovery Is Relevant to the Damages Claim.**

Turning now to the other basis for relevance, plaintiff alleged in its complaint that it is a business that licenses access to high-end photographs of food. That is a disputed issue of fact; Pool World contends that PFP's main business is using deceptive and coercive means to secure damage settlements for individual infringement in amounts far in excess of market value of the individual stock photos at issue here. (Pool World also argues that the prices charged for individual photos, when individual photos were licensed, belies any claim that PFP's work product is high-end photography.) The public record reveals the many five-figure default judgment damages awards issued in the past year alone, whose total alone exceeds the amount of revenue that plaintiff has disclosed in discovery that it obtained in the past two years by selling subscriptions. The default judgments also total three or four times the annual amounts that PFP has disclosed that it earned when licensing individual

---

[3] In addressing a different motion in that case, the court said, "Plaintiff's wishes to the contrary, the courts are not merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability." *Righthaven v. Hill*, No, 1:11-cv-00211-JLK (D. Colo. Apr. 7, 2011), at 2, available at https://storage.courtlistener.com/ recap/gov.uscourts.cod.124054.16.0.pdf.

photos on iStock. (Plaintiff's Initial Disclosures, attached to this reply brief as an exhibit, listed default judgments of more than $400,580 in a sixteen-month period beginning March 2022).

The amount awarded in default judgment cases is just the tip of the iceberg. considering that PFP has filed 260 infringement actions since 2017 and considering that, as revealed in its opposition memorandum (at 5), Copycat Legal has sent 1800 demand letters in the past two years alone. If each of these demands produced only $1000, PFP's earnings from both litigation and threats of litigation dwarf its subscription income during that two-year period by a factor of more than ten; if the average settlement is $4000, its income from threatening and bringing litigation could exceed licensing income by a factor of fifty.

In some of the cases seeking a default judgment, PFP has argued that every infringement, even of a single photo, has the tendency to reduce the market value of its database of photos. *E.g.*, *Prepared Food Photos v. AM Inc.*, No. 1:23-cv-00931-CNS-MDB (D. Colo. Aug. 4, 2023), available at https://storage.courtlistener.com/recap/gov.uscourts.cod.223662/gov.uscourts.cod.223662.19.0.pdf. If PFP makes that argument here (despite not articulating this theory of damages in its initial disclosures), Pool World will need to show how much revenue PFP has already obtained by making claims of individual infringement —that is, it should be able to argue that any market harm allegedly caused by its 2010 infringement must be offset by payments already secured for such alleged infringements.

In this regard, Plaintiff contends that a business that sells copyrighted product needs to be able to pursue infringement claims both to remedy and to deter infringement, citing *Malibu Media v. Doe*, 2014 WL 2581168 (N.D. Ill. June 9, 2014) (another case holding that repeat litigation is not "copyright misuse"). Opp. at 7-8. However, copyright owners do not require the financial incentive of outsized claims for actual damages, or the ability to pursue thirteen-year old infringement claims, or the ability to send deceptive and coercive demand letters to protect their interests. Congress has provided statutory incentives in the form of statutory damages in the minimum amount of $750 per infringed work, not matter how low

the market value of the image in question, and the possibility of recovering attorney fees under section 505 of the Copyright Act when a defendant unreasonably refuses to pay for a clear infringement and raises unreasonable defenses. But Congress afforded those remedies only to plaintiffs that register their copyrights in timely fashion, 17 U.S.C. § 412, which PFP failed to do here. It can seek those remedies for alleged infringements after 2016.

PFP should not be heard to present itself as a beleaguered business faced with "mass infringement" of highly valuable individual photos. When Pool World argues to the trier of fact that the requested award of $35,764 in damages (plus claimed profits!) is excessive, Pool World ought to be allowed to present evidence of where PFP actually derives the great bulk of its revenue.

## CONCLUSION

The motion to compel discovery should be granted.

Respectfully submitted,

/s/   Paul Alan Levy
Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

/s/ Stephen Kirby
Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe St.
Spokane, WA 99201
(509) 795 4863
kirby@kirbylawoffice.com

Attorneys for Defendant

December 1, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 1st day of December, 2023, I am filing this Reply Memorandum by the Court's ECF system, which will effect service on on counsel for plaintiff, Max Archer and Lauren Hausman, at their respective email addresses.

/s/   Paul Alan Levy
Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

December 1, 2023

# Exhibit to Reply Brief

Max K. Archer, WSBA #54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714

Lauren Hausman (*Pro Hac Vice*)
CopyCat Legal, PLLC
3111 N. University Dr., Ste. 301
Coral Springs, FL 33065
(877) 437-6228
lauren@copycatlegal.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC., a Washington for profit corporation,<br><br>Defendant. | NO. 2:23-cv-00160-TOR<br><br>PLAINTIFF'S INITIAL DISCLOSURES |

Pursuant to Fed. R. Civ. P. 26(a)(1) and the Parties Joint Litigation and Discovery Plan, ECF No. 13, Plaintiff Prepared Food Photos, Inc., fka, Adlife

-10-

Marketing & Communications Co., Inc. ("Plaintiff") hereby provides to Defendant Pool World, Inc. ("Defendant") the following initial disclosures.

Plaintiff's initial disclosures are based on information now reasonably available to Plaintiff. Plaintiff reserves the right to supplement, amend, or modify these initial disclosures if and when Plaintiff obtains information through discovery or otherwise becomes aware of additional information.

### INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

The following individuals are believed to have discoverable information that Plaintiff may use to support its claims or defenses. Plaintiff reserves the right to identify additional individuals if it learns that any such persons have information that Plaintiff may use to support its claims or defenses.

| Individual and Location | Subject Matter |
|---|---|
| Joel Albrizio<br>c/o Riverside Law Group PLLC<br>905 W. Riverside Ave., Ste. 404<br>Spokane, WA 99201 | Information concerning Plaintiff's creation of the subject photograph, Plaintiff's efforts to sell its professional photography, and Plaintiff's discovery of Defendant's use of the subject photograph. |
| Rebecca Jones<br>c/o Riverside Law Group PLLC<br>905 W. Riverside Ave., Ste. 404<br>Spokane, WA 99201 | Information concerning Plaintiff's creation of the subject photograph, Plaintiff's efforts to sell its professional photography, and Plaintiff's discovery of Defendant's use of the subject photograph. |

| Individual and Location | Subject Matter |
|---|---|
| Agents, employees, officers, executives, and owners of Pool World, Inc.<br>c/o Public Citizen Litigation Group<br>1600 20th Street NW<br>Washington, DC 20009<br>c/o Kirby Law Office PLLC<br>1312 N Monroe Street<br>Spokane, WA 99201-2623 | Information concerning Defendant's affirmative defenses, Defendant's publication of the subject photograph, Defendant's profits/revenue generated therefrom, and Defendant's prior payment of licensing fees for photographs. |

## LOCATION AND DESCRIPTION OF DOCUMENTS AND THINGS

Plaintiff will make available to Defendant for inspection and copying, as provided by Fed. R. Civ. P. 34, all non-privileged documents, data collections, and tangible things in its possession, custody or control that may be used by it (other than solely for impeachment purposes) to support its claims or defenses in this case. These documents are generally located on Plaintiff's computers and/or e-mail accounts. The categories of documents upon which Plaintiff currently intends to rely include the following:

1. Copyright Office registration materials for the subject photograph.

2. Documents showing Defendant's display of the subject photograph.

3. Communications with Defendant with respect to the subject photograph.

4. Prior licensing information with respect to Plaintiff's professional photography.

## COMPUTATION OF DAMAGES

Plaintiff seeks actual damages/disgorgement of Defendant's profits in this lawsuit. Defendant's profits are currently unknown (as discovery is pending). Plaintiff is not currently aware when Defendant first published the subject photograph. However, based on facts currently known to Plaintiff, it appears Defendant published the subject photograph prior to the date of copyright registration for the photograph. Plaintiff does not license individual photographs but rather the entirety of its image library to paying subscribers. The library is offered at a starting price of $999.00/month with a 12-month minimum commitment. Plaintiff would calculate its actual damages by multiplying the license it would have charged (a minimum of $999.00/month) by the number of years the photograph was published.

This means of calculating Plaintiff's damages has been adopted by numerous federal courts. See Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC, No. 21-82129-CV, 2022 U.S. Dist. LEXIS 205649 (S.D. Fla. Mar. 22, 2022) (finding that $11,988.00 was Prepared Food Photos' actual damages for what amounted to a 4-month use of the subject photograph and applying a 2x multiplier for statutory damages); Prepared Food Photos, Inc. v. 193 Corp., No. 1:22-cv-03832, 2022 U.S. Dist. LEXIS 205690 (N.D. Ill. Sep. 21, 2022) (awarding Plaintiff $35,964.00 in actual damages, representing the $11,988.00 annual license fee x 3 years of usage of pre-registration usage of a single photo; Prepared Food Photos, Inc. v. Miami Beach

411 Corp., No. 22-23197-CIV-ALTONAGA/Damian, 2022 U.S. Dist. LEXIS 216003 (S.D. Fla. Nov. 28, 2022) (awarding Plaintiff $35,964.00 in actual damages, representing the $11,988.00 annual license fee x 3 years of usage of a single photo); Prepared Food Photos, Inc. v. Fat Daddy Co., No. 22-61671-CIV-SINGHAL, 2022 U.S. Dist. LEXIS 216004 (S.D. Fla. Nov. 29, 2022) (awarding Plaintiff $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *24 (S.D. Fla. Dec. 19, 2022) (awarding $71,928.00 in statutory damages, representing the $11,988.00 annual license fee for a 3-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Silver Star of Brooklyn / Brooklyn's Best Inc., No. 1:22-cv-04196-WFK-CLP, 2023 U.S. Dist. LEXIS 22037 (E.D.N.Y. Jan. 23, 2023) (awarding $71,928.00 in statutory damages, representing the $11,988.00 annual license fee for 3-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Chi.-Mkt.-Distrib., Inc., Civil Action No. 1:22-cv-03299-CNS-MEH, 2023 U.S. Dist. LEXIS 88407 (D. Colo. May 19, 2023) (awarding Plaintiff $35,964.00 in actual damages, representing the $11,988.00 annual license fee x 3 years of usage of a single photo); Prepared Food Photos, Inc. v. Exec. Dining Club, Inc., No. 22-cv-9446 (ER), 2023 U.S. Dist. LEXIS 99676 (S.D.N.Y. May 25, 2023) (awarding Plaintiff $71,928.00 in statutory damages, representing the $11,988.00 annual license fee for 3-year use with a 2x multiplier applied thereto); Prepared

Food Photos, Inc. v. Shadowbrook Farm LLC, No. 1:22-CV-00704 (LEK/ATB), 2023 U.S. Dist. LEXIS 110171 (N.D.N.Y. June 27, 2023) (awarding Plaintiff $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. WaDaYaNeed, LLC, No. 1:22-CV-01270 (LEK/ATB), 2023 U.S. Dist. LEXIS 110993 (N.D.N.Y. June 28, 2023) (awarding Plaintiff $23,976.00 in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto).

Plaintiff thus seeks $11,988.00 in actual damages for each annualized period the subject photograph was displayed by Defendant, exclusive of attorneys' fees, costs, and prejudgment interest, which Plaintiff will also seek as damages. Plaintiff reserves the right to revise and/or add to its computation of damages as the facts of this action are developed through discovery.

## INSURANCE AGREEMENTS

Plaintiff is not aware of any insurance agreement relevant to the claims asserted in this lawsuit.

//

//

//

//

//

RESPECTFULLY SUBMITTED this 15th day of August, 2023.

                RIVERSIDE LAW GROUP, PLLC

By: /s/ Max K. Archer
     Max K. Archer, WSBA 54081
     Attorneys for Plaintiff
     905 W. Riverside Ave., Ste. 404
     Spokane, WA 99201
     Phone:   509-504-8714
     E-Mail:  mka@riverside-law.com

## CERTIFICATE OF SERVICE

I certify that on August 15, 2023, I e-mailed the foregoing document to the attorneys of record for Defendant.

*/s/ Max K. Archer*
Max K. Archer, WSBA 54081
