Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe St.
Spokane, WA 99201
(509) 795 4863
kirby@kirbylawoffice.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for profit corporation,<br><br>Plaintiff<br><br>v.<br><br>POOL WORLD, INC., a Washington for profit corporation,<br><br>Defendant. | No. 2:23-cv-00160-TOR<br><br>**MOTION FOR ADMISSION OF PHILLIP R. MALONE** *PRO HAC VICE* |

Defendant Pool World, Inc., moves the Court to allow Phillip R. Malone to appear as its counsel *pro hac vice*, for the following reasons:

1. Mr. Malone practices at the Juelsgaard Intellectual Property and Innovation Clinic, Mills Legal Clinic, Stanford Law School, Stanford, CA 94305. His office number is 650-725-6369 and his email is pmalone@law.stanford.edu.

2. Mr. Malone has been admitted in California since 1990, in Massachusetts since 2013, and in Arizona (now inactive) since 1984, as well as in many federal courts. A complete list of his bar admissions is attached as Exhibit A.

3. Mr. Malone's local co-counsel will be Stephen Kirby, WSBA #43228,

1 whose firm is Kirby Law Office, PLLC, at 1312 North Monroe Street, Spokane, Washington 99201, where his phone numbers are (509) 795-4863 and (510) 588-4732 and his email address is kirby@kirbylawoffice.com.

4. Mr. Malone has been retained by defendant as its one of its pro bono counsel because of his expertise in and long practice experience with cases involving copyright, other intellectual property, and abusive litigation tactics. He will be part of the trial team if this case goes to trial and is applying for *pro hac vice* admission at this time because the Court's mediation order requires all trial counsel to attend the upcoming mediation in person.

5. Mr. Malone is in good standing in California, Massachusetts, and Arizona (inactive). There are no pending disciplinary proceedings involving Mr. Malone. On one occasion in 2005, Mr. Malone's inactive Arizona bar membership was administratively suspended for inadvertent failure to pay dues. His inactive membership was reinstated in May 2007 immediately upon payment of the overlooked dues. See attached Exhibit B for a detailed explanation of the circumstances.

/s/ Stephen Kirby
Stephen Kirby, WSBA #43228
Kirby Law Office, PLLC
1312 N. Monroe St.
Spokane, WA 99201
(509) 795-4863
kirby@kirbylawoffice.com

*Attorney for Defendant*

# EXHIBIT A

**Phillip R. Malone Eastern District of Washington Pro Hac Vice Application Additional Bar Admissions**

- United States Supreme Court -- 2014
- United States Court of Appeals for the Second Circuit -- 2015
- United States Court of Appeals for the Third Circuit -- 2015
- United States Court of Appeals for the Fourth Circuit -- 2004
- United States Court of Appeals for the Ninth Circuit – 2004
- United States Court of Appeals for the Tenth Circuit -- 2021
- United States Court of Appeals for the Eleventh Circuit -- 2016
- United States Court of Appeals for the DC Circuit -- 2015
- United States Court of Appeals for the Federal Circuit -- 2018
- United States District Court for the District of Columbia – 2019
- United States District Court for the Northern District of California – 2016
- United States District Court for the Central District of California -- 2016
- United States District Court for the Eastern District of California – 2020
- United States District Court for the Middle District of Tennessee – 2023
- *Pro hac vice* admissions in a number of states and US District Courts

# Exhibit B

## Phillip R. Malone Eastern District of Washington Pro Hac Vice Application Explanation for Paragraph 5

*Summary*: In 2005 I was administratively suspended from my inactive membership in the Arizona Bar for my inadvertent failure to pay dues. There was no suggestion of misconduct or ethical or disciplinary issues, just overlooking the payment of dues. I was reinstated in May 2007 immediately upon payment of the past dues.

*Detailed Facts and Circumstances*: In July, 2004 I left my employment with the U.S. DOJ's Antitrust Division in San Francisco and moved to Cambridge, MA to become a Fellow/Lecturer at Harvard Law School. My mailing address for my California Bar and Arizona memberships had been my work address at my DOJ office in San Francisco. Upon moving, I changed my address with the CA bar but forgot to change it with the AZ Bar.

In late 2004 and early 2005, the AZ Bar mailed my annual dues statements for 2005 (for inactive status) to my old address in San Francisco. Due to oversights at my old office, those notices were never forwarded to me in Cambridge. On April 29, 2005, the Arizona Bar mailed to my old San Francisco office address a letter stating that if I did not pay my overdue annual dues my name would be presented to the Board of Governors of the State Bar on May 20, 2005 for summary suspension pursuant to Rule 62 of the Ariz.R.S.Ct. This letter was not forwarded to me until much later (see below), and, until I received it, I had no notice or indication that I was facing suspension. Soon after the April 29 letter the Board of Governors entered a summary administrative suspension for the non-payment of dues.

Some months after May 2005, my former office finally forwarded me the April 29, 2005 letter from the AZ Bar, along with other collected mail, but by that time the summary suspension had been ordered. I checked with the State Bar by telephone and learned the details of what had happened. I was referred to Rule 64(f) of the

Ariz.R.S.Ct., which provides for reinstatement after summary suspension within two years through payment of the necessary fees, assessments, and administrative costs. On May 7, 2007, after several conversations with staff of the AZ Bar, I submitted my application for reinstatement and necessary fees. On July 23, 2007, the AZ Bar notified me that I had been reinstated effective May 11, 2007 based on my payment of the overdue dues and fees. I have remained an inactive member in good standing of the AZ Bar since that time.

    This summary administrative suspension was based entirely on my inadvertent failure to pay annual dues and did not involve any suggestion of misconduct or ethical or disciplinary issues. The reinstatement was immediate and routine once I paid my overdue dues and fees. Apart from this period, I was an Active member of the AZ Bar from 1984 until 1994 and then an Inactive member (after becoming Active in California) from 1994 to the present. I have been an Active member in good standing in California continuously since 1993 and in Massachusetts continuously since 2013.

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2024, I am electronically filing the foregoing with the Clerk of the Court using the CM/ECF System, which in turn will automatically generate a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing will specifically identify the recipients of electronic notice. I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants: none.

<u>/s/ Stephen Kirby</u>
Stephen Kirby, WSBA #43228
Kirby Law Office, PLLC
1312 N. Monroe St.
Spokane, WA 99201
(509) 795-4863
kirby@kirbylawoffice.com

Attorney for Defendant

June 5, 2024