Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> POOL WORLD, INC., <br><br> Defendant. | Civil Action No. 2:23-cv-00160-TOR <br><br> **PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND FOR FURTHER STAY PENDING RESOLUTION OF MOTION TO VOLUNTARILY DISMISS** <br><br> **September 30, 2024, 6:30 PM** <br><br> **Without Oral Argument** |

Plaintiff Prepared Food Photos, Inc. f/k/a AdLife Marketing & Communications Co., Inc., ("Plaintiff") hereby requests that the Court enter an Order, pursuant to Fed. R. Civ. P. 41(a)(2), of Voluntary Dismissal of Plaintiff's

1

Complaint without prejudice and without any requirement that Plaintiff pay Defendant for its attorneys' fees. Given the nature of the foregoing relief, Plaintiff likewise requests that the Court further stay these proceedings pending the outcome of the request for voluntary dismissal.

## INTRODUCTION

Defendant is the largest pool and spa business in the Inland Northwest. Defendant claims that its reputation is built on honest, trustworthy service. However, those noble principles did not stop Defendant from using Plaintiff's copyright protected Work without authorization.

As reflected in the docket with only 48 entries (a handful of which are simply notices of unavailability from Defendant's counsel), in addition to all the case deadlines effectively being stayed since February 26, 2024 [ECF No. 36], this case has not progressed far. This has never been a particularly complex case. Plaintiff owns the Work at issue that Defendant used/displayed without Plaintiff's authorization. However, rather than continue to litigate, Plaintiff is willing to accept the removal of the photograph as its sole relief and voluntarily dismiss prior to further motion practice that is simply a waste of the Court's resources from Defendant and its *pro bono* counsel.

This case is primarily about damages. It is not a matter of whether Defendant infringed, but what Defendant should owe to Plaintiff for its unauthorized use of

Plaintiff's copyright protected work. Plaintiff's recovery is limited to actual damages/disgorgement of profits. The measure of those actual damages is in dispute – Defendant believes actual damages should be limited to a few dollars while Plaintiff proffers that such should be tens of thousands of dollars. Nevertheless, given that settlement attempts have been futile, Defendant has been patently unreasonable in its approach to this case, and that Defendant's counsel continues to blog about his personal opinions on the case and Plaintiff's conduct prior to and during the pendency of this litigation, it is simply not worth the continued effort to obtain a judgment against Defendant and attempt to collect on such judgment. Plaintiff thus seeks authority from the Court, pursuant to Fed. R. Civ. P. 41(a)(2), to voluntarily dismiss this lawsuit without prejudice, but only with the condition that Plaintiff is not required to reimburse Defendant for its attorneys' fees.

## BACKGROUND/PROCEDURAL HISTORY

1. On June 2, 2023, Plaintiff filed its original Complaint [ECF No. 1] in this lawsuit. The Complaint generally alleges that Plaintiff created a photograph titled "ProduceVegetableGrilled002" (the "Work"), Plaintiff registered such photograph with the Register of Copyrights, and that Defendant infringed on Plaintiff's rights when it copied that photograph and displayed it on its website.

2. On June 26, 2023, Defendant filed its Answer and Affirmative

Defenses [ECF No. 7], alleging that Plaintiff's claim is barred by the statute of limitations and that it ***believed*** it was licensed to use the Work (no such evidence has been produced to support this defense).

3. On November 5, 2023, Defendant filed a Motion to Compel [ECF No. 21]. On November 24, 2023, Plaintiff filed its Response in Opposition to Defendant's Motion to Compel [ECF No. 24], and on December 1, 2023, Defendant filed its Reply in Support of its Motion to Compel [ECF No. 25]. On December 13, 2023, the Court entered an Order granting in part Defendant's Motion to Compel. See ECF No. 27.

4. On February 23, 2024, Plaintiff filed an Unopposed Motion to Stay and Refer Case to a Magistrate Judge for Settlement Conference [ECF No. 35]. The Court entered an Order referring the case to Magistrate Judge Goeke for Mediation/Settlement. See ECF no. 36.

5. On June 27, 2024, the Parties engaged in Mediation, which was ultimately unsuccessful.

## **ARGUMENT**

### I. Legal Standard

Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Ninth Circuit has stated "we have cabined that discretion by repeatedly

holding that '[w]here the request is to dismiss without prejudice, District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.'" Kamal v. Eden Creamery, LLC, 88 F.4th 1268, 1279–80 (9th Cir. 2023) (quoting WPP Lux. Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d 1039, 1058–59 n.6 (9th Cir. 2011)) (additional internal citations omitted). The decision is ultimately "addressed to the district court's sound discretion" Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).

"'Legal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.'" Kamal, 88 F.4th at 80 (quoting Westlands Water Dist., 100 F.3d at 97). However, "'[u]ncertainty because a dispute remains unresolved is not legal prejudice,' and 'the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice,'" Id. (quoting Westlands Water Dist., 100 F.3d at 96). Moreover, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). Additionally, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001).

## II. The Court Should Allow Plaintiff to Voluntarily Dismiss Without Prejudice

Here, dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) is proper. At the time this lawsuit was filed, Plaintiff reasonably believed (and still believes) that Defendant's infringement was not/is not excused by any affirmative defenses, and that Plaintiff timely brought this suit. For the reasons stated below, should the Court permit dismissal without prejudice, Defendant will not be legally prejudiced.

### A.    *Plaintiff's Motivation for Dismissal at This Juncture*

In this lawsuit, Plaintiff asserts a single claim for copyright infringement with respect to Defendant's unauthorized display of a photograph to market its business. Defendant largely ignored Plaintiff's attempts to resolve such allegations pre-suit (though Defendant did remove the photograph from display upon notice that it was infringing), and this lawsuit followed. A cursory review of the docket shows limited activity (Defendant filed an Answer and the parties have engaged in some written discovery), and this case has not proceeded far on the merits.

Such limited docket activity, however, is not indicative of Defendant's strategy in litigating this matter as a veritable crusade against Plaintiff… one to be fought in public through blogs and through the solicitation of clients for which Defendant's counsel can test their legal theories. While Defendant unquestionably used the photograph without Plaintiff's permission, Defendant has not admitted

liability (which would be the prudent thing to do) and subjected itself to a damages hearing/trial.  Rather, Defendant is essentially a figurehead with no real interest in the outcome of this case other than to advance the strategies of its pro bono counsel. Defendant is primarily represented in this action by Paul Levy, Esq., an attorney from Washington, DC affiliated with Public Citizen Litigation Group.  A simple Google search of "Public Citizen Prepared Food Photos" shows a full page of blog articles written by Mr. Levy, including those pontificating about mediation in this case and the respective settlement positions of the parties.  Mr. Levy has likewise brought in a Stanford professor (Phillip R. Malone, Esq.) and local counsel (Stephen Kirby, Esq.) – all on a pro bono basis – for purposes of Mr. Levy continuing to 'investigate' and lash out against Plaintiff in this and various other forums.

That Mr. Levy is soliciting clients to advance his own agenda is beyond question.  Indeed, in <u>Prepared Food Photos, Inc. v. Clyde's Chicken King, Inc.</u>, Case No. 6:24-cv-00351 (W.D. La.), Mr. Levy's client therein recently stated such in a sworn affirmation filed therein on May 15, 2024:

> 2. I first learned that Chicken King had been sued from telephone and Facebook messages left by Paul Levy. I did not respond to these contacts because I had never heard of him, had not seen any such lawsuit, and assumed the contacts were a scam.

During the pendency of this case, Mr. Levy has contacted Plaintiff's subscribers, written nearly a dozen blogs critical of Plaintiff, advised multiple recipients of demand letters from Plaintiff on how to respond, etc. – suffice to say, he has sought to transform what should be a straightforward matter of infringement into a witch hunt where the victim (Plaintiff) is blamed.[1]

Because the photograph at issue was registered after the commencement of the alleged infringement, Plaintiff may not seek its attorneys' fees as a prevailing party in this action. As a result, Plaintiff must endure Mr. Levy's onslaught of novel theories/ideas and attempts to expand this action to now include work from Stanford law students (for which he is purporting to bill their time), all while risking a relatively minor judgment for actual damages when Defendant has already removed the photograph from its website. In short, Plaintiff is satisfied that Defendant has removed the photograph and would prefer not to entertain every

---

[1] Indeed, Mr. Levy's actions are not commensurate with the case at bar. That this matter has been warped from a straightforward case into a witch hunt is further illustrated by the exceedingly broad discovery sought by Defendant - an issue already brought before the Court on Defendant's original Motion to Compel [ECF No. 21] and which Plaintiff expects Defendant will yet again file a new motion to compel concerning additional documents wholly irrelevant to this case. Mr. Levy seems less concerned about whether his client infringed the subject photograph (it did) or how damages should be measured and far more concerned about exploring every aspect of Plaintiff's business practices over the preceding 10 years (if not longer).

conspiracy theory set forth by Mr. Levy or have every aspect of this case broadcast in a blog designed to lure more infringers to Mr. Levy's grasp.

### B.   Defendant Will Not Forfeit Any Valid Affirmative Defense

This lawsuit was filed on June 2, 2023. The Complaint [ECF No. 1] states, in material part, that "[t]hrough its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in June 2022."[2] Although Defendant has asserted a statute of limitations defense, it is specious at best.

The Ninth Circuit has held that a defendant suffers legal prejudice if it loses its statute of limitations affirmative defense. See Tibbetts v. Syntex Corp., No. 91-16637, 1993 U.S. App. LEXIS 17052, at *5–6 (9th Cir. July 2, 1993) ("[r]elying on Phillips v. Illinois Central Gulf Railroad, 874 F.2d 984 (5th Cir. 1989), the district court concluded that Syntex would suffer clear legal prejudice by losing its statute of limitations defense."). No such valid defense is lost here because the Ninth Circuit (as well as every other federal Circuit to consider the matter) follows the discovery rule – meaning a claim accrues when a plaintiff discovers or has reason to discover an alleged infringement. See, e.g., Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236, 1237–38 (9th Cir. 2022) ("[B]ecause Petrella noted, but did not pass upon, the discovery rule, any language

---

[2]    See ECF No. 1, at ¶ 21.

in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. ***Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.***") (emphasis added); Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based.").

There is no statute of limitations defense based on the 4 corners of the Complaint which plainly alleges that Plaintiff discovered the alleged infringement in June 2022. As a result, the statute of limitations on Plaintiff's claim would not expire until June 2025 – unless Defendant has pointed to some 'storm warnings' or other notice of Defendant's infringement that Plaintiff was somehow aware of. Therefore, permitting Plaintiff to dismiss without prejudice at this stage would not cause Defendant to lose its statute of limitations defense, which in turn means Defendant would not suffer legal prejudice.

### C. *Defendant Will Not be Prejudiced if it Cannot Seek Attorneys' Fees*

"The Ninth Circuit has held that parties establish plain legal prejudice if they lose their ability to move for attorney fees due to lacking prevailing party status." Dental Health Servs. Inc. v. Miller, No. C23-0383-KKE, 2024 U.S. Dist. LEXIS 48623, at *5 (W.D. Wash. Mar. 19, 2024); see also United States v. Ito, 472 F. App'x 841, 842 (9th Cir. 2012) ("Without prevailing party status, the Itos were

unable to bring their attorney's fees motion under the Civil Asset Forfeiture Reform Act[.] The Itos suffered plain legal prejudice in losing their ability to move for attorney's fees."). The same has been found by many district courts within the Ninth circuit. See Eisen v. Day, No. 21-cv-05349-VKD, 2023 U.S. Dist. LEXIS 225982, 2023 WL 8813521, at *3 (N.D. Cal. Dec. 19, 2023) (dismissing counterclaim with prejudice because to do so without prejudice would preclude motion for attorney fees under 17 U.S.C. § 505, the Copyright Act); GDS Indus. Inc. v. Great Am. Ins. Co., No. 16-CV-1506-AJB-BLM, 2016 U.S. Dist. LEXIS 164615, 2016 WL 6962866, at *3 (S.D. Cal. Nov. 29, 2016) (dismissing action with prejudice after finding without-prejudice dismissal would constitute legal prejudice to defendant because it would be prevented from bringing fees motion as prevailing party).

However, as stated in Dental Health Servs. Inc. v. Miller, No. C23-0383-KKE, 2024 U.S. Dist. LEXIS 48623 (W.D. Wash. Mar. 19, 2024):

> Rather, in evaluating whether to dismiss with prejudice, the Court has discretion to consider numerous factors, including "the stage of litigation, the moving party's delay in requesting voluntary dismissal, and indications of forum shopping." GDS Indus., 2016 U.S. Dist. LEXIS 164615, 2016 WL 6962866, at *1 (citing Cent. Mont. Rail v. BNSF Ry. Co., 422 F. App'x 636, 638 (9th Cir. 2011)). There may well be instances in which these factors coupled with a speculative intent to seek attorney fees counsel against dismissing with prejudice. See, e.g., Breaking Code Silence, 2022 U.S. Dist. LEXIS 145824,

> 2022 WL 3362053, at *2 (citing cases where a potential claim to attorney fees was found to be "far too speculative to amount to legal prejudice"). In such an instance, the Court may exercise its discretion and reject a defendant's request.

Dental Health Servs. Inc., No. C23-0383-KKE, 2024 U.S. Dist. LEXIS 48623 at *6–7. Here, the case has not progressed far (e.g., no depositions or dispositive motions have occurred); Plaintiff is moving to dismiss early in the case whereby amicable resolution is poised to be unattainable following mediation; and Plaintiff (if it were to re-file), would re-file in Washington – e.g., the Motion is not a forum shopping tactic.

Notably, Defendant has not filed any motion for attorneys' fees (as it has not been adjudged a prevailing party) – nor would Defendant be "entitled" to fees if it was a prevailing party in this action. As the Court knows, 17 U.S.C. § 505 provides that the Court "in its discretion *may* allow the recovery" of attorneys' fees to a prevailing party in a copyright infringement action.[3]  There are several factors that a Court must consider in deciding whether to award fees to a prevailing party under the Copyright Act.  See Tresóna Multimedia, Ltd. Liab. Co. v. Burbank High Sch. Vocal Music Ass'n, 953 F.3d 638, 653 (9th Cir. 2020) (identifying factors).  Thus, the speculative nature of any argument that Defendant would lose the right to attorneys' fees is two-fold – Defendant must be a prevailing party (difficult to

---

[3]     Emphasis added.

imagine given that Defendant has admitted its display of the photograph and adduced no evidence of license for such display) ***and*** must convince the Court to exercise its discretion to award fees.

Even if the Court is not inclined to look to the factors that the court references in <u>Dental Health Servs. Inc.</u>, Defendant would still not be prejudiced by a dismissal without prejudice. Most notable is that Defendant, unlike the above cases where legal prejudice would be suffered in foreclosing the ability to seek attorneys' fees, this Defendant is being represented *pro bono* by all counsel who have appeared in this action. Simply put, **Defendant is not incurring attorneys' fees**. The present case at bar is most akin to <u>Affordable Aerial Photography, Inc. v. Abdelsayed et al.</u>, (Case No.: 9:21-cv-81331-AMC), in which the plaintiff filed a Motion to Voluntarily Dismiss its Amended Complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), conditioning the plaintiff's voluntary dismissal on its payment of any taxable costs incurred to date and, if the plaintiff re-filed its lawsuit, on its payment of defendants' attorneys' fees incurred in the prior lawsuit. That case was far more involved (with more than 150+ docket entries at the time of the plaintiff's Motion – including significant motion practice/dispositive motions, depositions, etc.) and nuanced than the matter at bar.

In <u>Abdelsayed</u>, Judge Cannon found that the defendants would not be prejudiced by imposing such conditions on dismissal – especially given that they

were likewise represented by a *pro bono* attorney and had not incurred any fees. Florida's Rules of Professional Conduct are similar to Washington's Rules of Professional Conduct in that each prohibits the sharing of fees with a nonlawyer. See Washington Rule 5.4(a); Florida Rule 4-5.4. As a result, Defendant does not benefit from any award of fees to its pro bono attorneys nor is Defendant prejudiced by dismissal not conditioned on payment of fees (as Defendant has not incurred any). The purpose of Rule 41(a)(2) is to protect a defendant from prejudice… but Defendant cannot show any such prejudice where it did not pay fees and simply let its attorneys run amuck to advance their own goals, theories, and agendas.

In the present case, as in Affordable Aerial Photography, Inc. v. Abdelsayed et al., Defendant will not be prejudiced by not being able to seek attorneys' fees, as Defendant has not paid any fees. There is no significant prejudice to be faced by Defendant in allowing Plaintiff to voluntarily dismiss the lawsuit without prejudice. This case does not involve some matter of great public concern; Defendant copied/displayed a photograph it had no right to use, got caught with its hand in the proverbial cookie jar, and has shown zero remorse for its conduct. Defendant stands to gain nothing by the continuation of this lawsuit other than satisfaction of the whims of its *pro hac vice* counsel to obtain legal rulings against Plaintiff, specifically.

### III. Conditions of Dismissal

It is within the Court's discretion to fashion appropriate conditions attached to a Plaintiff being allowed to voluntarily dismiss under Rule 41(a)(2). Here, ***Plaintiff conditions its request*** for voluntary dismissal on the action being dismissed without prejudice and on the Court not requiring Plaintiff to reimburse Defendant for its attorneys' fees. There is simply no reason to award fees to Defendant when it has never paid any fees to its attorneys.

Although Plaintiff should not be required to pay Defendant's fees in connection with dismissal, Plaintiff does believe certain conditions to dismissal are appropriate. First, Plaintiff agrees to reimburse Defendant for any taxable costs it can identify that it has incurred. This would fully reimburse Defendant for its out-of-pocket taxable costs and the only prejudice Defendant would have suffered from being engaged in this lawsuit. Second, Plaintiff agrees that payment of Defendant's attorneys' fees can be a condition attached to the re-filing of this lawsuit, if Plaintiff chooses to do so. See, e.g., Pontenberg v. Bos. Sci. Corp., 252 F.3d 1253, 1260 (11th Cir. 2001) ("Here, the district court attached the condition that, should Pontenberg re-file her action, the court should award costs to Boston Scientific pursuant to Rule 41(d). Therefore, any financial prejudice suffered by Boston Scientific has been adequately addressed."); Brown v. ITPE Health & Welfare Fund, No. 2:05cv1002-ID (WO), 2006 U.S. Dist. LEXIS 71833, at *7

(M.D. Ala. Sep. 21, 2006) ("The court finds that, based upon the factors discussed in the preceding paragraph, it is proper and just to condition the dismissal without prejudice upon the payment of taxable costs in defending this action should Plaintiff later re-file this lawsuit."). As set forth in Brown, "the foregoing conditions offer protection to Defendant from unfairness and, at the same time, do not prejudice Plaintiff in her right to renew her litigation." Brown, No. 2:05cv1002-ID (WO), 2006 U.S. Dist. LEXIS 71833, at *8. Notably, Plaintiff's proposed conditions (whereby Plaintiff will reimburse Defendant for any taxable cost it can identify that it has incurred due to this lawsuit, irrespective of whether Plaintiff re-files this lawsuit) are more favorable to Defendant than the conditions imposed in Potenberg or Brown (whereby payment of costs was only required if the plaintiff re-filed the lawsuit).

Additionally, as succinctly stated in Kachian Indus. v. Elliott, No. 2:19-CV-247-RMP, 2020 U.S. Dist. LEXIS 174940 (E.D. Wash. Sep. 23, 2020):

> Although attorney fees and costs are often awarded as a condition of dismissal without prejudice, the Ninth Circuit has stated that it is neither mandatory nor an abuse of the Court's discretion if the Court refuses to do so. See Stevedoring Servs. of Am, 889 F.2d at 921. In determining whether to award costs, courts consider (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss. Williams v. Peralta Cmty. Coll. Dist., 227 F.R.D. 538, 540 (N.D. Cal. 2005).

> A plaintiff's litigation decisions that impose additional costs upon defendants will not result in an award of fees and costs where the decisions are permitted under the law and pursued in good faith. See Smith v. Lenches, 263 F.3d 972, 978–79 (9th Cir. 2001) (upholding refusal to award costs and fees when plaintiffs pursued related claims in multiple forums). If a court awards costs and fees, the court should limit the award to legal work which will not be useful in continuing litigation. Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993).

Kachian Indus. v. Elliott, No. 2:19-CV-247-RMP, 2020 U.S. Dist. LEXIS 174940, at *4 (E.D. Wash. Sep. 23, 2020). In looking to the first factor from Kachian Indus., here, because Plaintiff is willing to pay Defendant's attorneys' fees should it opt to re-file this lawsuit, there is not a concern of any excessive and/or duplicative expense of a second litigation, as Plaintiff would then be required to reimburse the cost of the first litigation (should a second litigation arise). Second, in looking at the effort and expense incurred by a defendant in preparing for trial, there is minimal effort or expense that has been (or should have been) incurred by Defendant in preparing for trial, as the case is nowhere near trial stage; and, even though Plaintiff agrees to condition its dismissal on paying taxable costs expended by Defendant, at this junction Plaintiff cannot identify a single taxable cost expended by Defendant. Regarding the third Kachian Indus. factor, the extent to which litigation has progressed is slight, as illustrated by the low number of docket entries, lack of dispositive motions, no depositions have been taken, and the case is still early in its proceedings. Fourth, in reviewing the plaintiff's diligence in

moving to dismiss, Plaintiff has been diligent; Plaintiff is moving to dismiss at this stage to try to prevent the Court from having to expend a tremendous amount of resources, and on the heels of mediation it has now become clear to Plaintiff that resolution is likely an impossible feat; further, from an overall perspective, Plaintiff's diligence is exemplified by the fact that litigation has not progressed to an excessive point and the Parties are still early in litigation, relatively. And, while not listed as a factor in <u>Kachian Indus.</u>, Plaintiff again reiterates that Defendant has not expended any money on attorneys' fees as Defendant's attorney has represented that his counsel is on a *pro bono* basis. Accordingly, and well within its discretion, the Court should not condition Plaintiff's dismissal without prejudice on it paying Defendant's attorney fees.

      Because conditions of voluntary dismissal are intended to protect defendants (not their counsel), there is no basis for conditioning dismissal on reimbursement of fees that Defendant never paid, never had any obligation to pay, and for which Defendant cannot receive any portion thereof without its counsel triggering a violation of the Washington Rules of Professional Conduct by sharing fees with a non-lawyer. Defendant's counsel agreed to represent Defendant in this action on a *pro bono* basis and recognized at the time that they were doing so without the right to seek fees from Defendant. None of the attorneys representing Defendant should be allowed to prevent Plaintiff from dismissing its claims now on a

condition that serves no benefit to Defendant itself.  If need be, Plaintiff will continue to litigate this case and obtain a judgment against Defendant for its infringement.  However, in the interest of judicial efficiency and fairness to each of the parties, Plaintiff proposes that it be allowed to voluntarily dismiss on the conditions identified above.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) granting this Motion Dismissing Plaintiff's Complaint without prejudice;[4] (b) conditioning Plaintiff's voluntary dismissal on Plaintiff's payment of taxable costs Defendant has incurred and, if Plaintiff re-files this lawsuit, on Plaintiff's payment of Defendant's attorneys' fees incurred in this lawsuit; (c) staying these proceedings pending resolution of this Motion; and (d) for such further relief as the Court deems proper.

---

[4] Plaintiff notes that if the Court is not inclined to grant section (a) of the Motion, that the Court permit the Plaintiff five (5) days to withdraw the Motion if the Court intends to grant the Motion to Dismiss either with prejudice or grant the motion to dismiss without prejudice, conditioned on Plaintiff paying Defendant its reasonable attorneys' fees and costs.

Dated: July 31, 2024.

Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*
By: /s/ Max K. Archer
    Max K. Archer Esq.

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

By: /s/ Lauren M. Hausman
    Lauren M. Hausman Esq.

### **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Max K. Archer
Max K. Archer Esq.

/s/ Lauren M. Hausman
Lauren M. Hausman Esq.