Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe St.
Spokane, WA 99201
(509) 795 4863
kirby@kirbylawoffice.com

Phillip R. Malone (pro hac vice)
Juelsgaard Intellectual Property and Innovation Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-1900
pmalone@stanford.edu

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for profit corporation, | No. 2:23-cv-00160-TOR |
| Plaintiff, | **AFFIRMATION OF PAT FLYNN SUPPORTING OPPOSITION TO DISMISSAL WITHOUT PREJUDICE** |
| v. | |
| POOL WORLD, INC., a Washington for profit corporation, | |
| Defendant. | |

1. My name is Pat Flynn. I am the business manager at defendant Pool World. I make this affirmation to explain why Pool World opposes dismissal of this case without prejudice, but would be pleased to see it dismissed with prejudice.

2. In 2022, when we received a demand letter on behalf of the plaintiff Prepared Food Photos ("PFP"), At that time, Pool World was in the midst of an ownership transition. The original owner and chief executive of the business, Mark Henderson, had died in a freak

bicycle accident that occurred April 21st, 2021. I was in place as his designated business manager, working for Grady Early (whom Mark had designated to succeed him to assume ownership of the company, but the will had not been fully settled.) Together we tried to be faithful to Mark's values in handling the demand.

3. Mark's beliefs and values are what made him what he was, and what made Pool World the company it was (and remains). Mark believed in doing the right thing for the right reason. He believed that the easy thing to do was not normally the right thing to do. He also believed that if you are in the wrong, you do what you must do to make it right. We tried to follow what we thought Mark would do in dealing with PFP's demand.

4. We were outraged by the demand. As explained in our responses to PFP's written discovery requests, we were confident that we had not used improperly the composite image containing a photo of vegetables on a grill, because our approach at Pool World has been to stay within the law. Because of our normal business practices for obtaining and using photos from our manufacturers and their distributors, we had reason to believe that the photo must have come from one of our grill suppliers. And it struck us as a more than silly that the cost of getting a photo like that could be more than ten thousand dollars for a year's use. But because we had obtained the photo so long ago, in 2010, and we had no records showing where it came from, and our marketing employee from that time had moved on to another job in Seattle, we figured that we might not be able to prove proper use. And we did not want to end up in lawsuit. So, we just pulled the photo off our site and hoped that would be the end of it.

5. After we received the lawsuit in this case last year, we gave no serious thought to just giving in. We felt we were in the right, and it has long been Pool World's policy not to give in to bullying or cheap threats—I understand that lawyers refer to them as "strike suits." We felt we were being bullied. We looked for a lawyer in Spokane who could represent us in the litigation. But after am unimpressive interview with a local practitioner, we concluded that he did not know enough about the governing law to provide effective representation. We figured we would have to find a law firm in Seattle or Portland, which could be expensive, but was the right thing to do.

6. When we heard from Paul Levy, and looked into his background, we knew we had found the right lawyer. He was knowledgeable, he was passionate, and he was not going to charge Pool World attorney fees. Hiring him as our lawyer would let us stand up for our rights, and to stand up for all the other little businesses that PFP was bullying. We understood that we might have to pay thousands of dollars in out-of-pocket expenses, but if it came to that, our business could afford that and it would let us do the right thing.

7. We also did not want to refer the claim to our insurance company because we assumed that, with the cost of hiring a knowledgeable copyright lawyer likely costing more than a cheap settlement, we were afraid that an insurance company would just throw money at PFP. And we would not want that done in our name, telling the world that Pool World is easy pickings for baseless lawsuits, and putting more money into PFP's pockets to continuing their bullying efforts directed at other. Somebody needed to stand up to try to stop their bullying. Standing up to the bullying is what Mark would have done and it is also

what Grady Early and I believe is the right thing to do.

8. We were, therefore, glad to retain Public Citizen Litigation Group to represent us. Our retainer includes a promise to support an application for an award of attorney fees if Public Citizen recommends this course. We would like to be able to keep that promise. Public Citizen, Steve Kirby and the Stanford Intellectual Property Clinic have been generous to Pool World and we want to be fair in return.

9. The litigation has been expensive for Pool World, including expenses that we understand are not taxable costs. By my calculation, our staff have spent more than a hundred hours on this litigation considering time speaking within the company, time speaking with our lawyers, time looking for documents and information in response to discovery, and time reviewing documents before they were sent or filed. We provided a bonus to our current marketing employee in recognition of all the extra work she had to do responding to discovery. We have also hired expert witnesses who have prepared expert reports. As we understand it, Public Citizen would have the option of reimbursing some of our costs from an attorney fee award, and we would like to see Public Citizen get such an award.

10. PFP could have dropped this case after we first filed our answer. So far as I can see, PFP did not learn any of the supposed facts that its lawyers claim in their brief since they first filed PFP's complaint. The only thing PFP has now learned for sure is that Pool World is not willing to be bullied. It does not seem fair for PFP to put us to all the effort that we have had to expend so far and then just walk away without any judgment against it

and without any expense.

11. Pool World wishes to retain the option of suing PFP for malicious prosecution. I understand that prevailing on the merits of this case is a precondition for such a suit.

Pursuant to 28 U.S.C. § 1746, I hereby certify that the foregoing is true and correct. Executed on August 28, 2024.

_____