# Exhibit V

Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> POOL WORLD, INC., <br><br> Defendant. | Civil Action No. 2:23-cv-00160-TOR <br><br> **PLAINTIFF'S RESPONSES TO DEFENDANT'S THIRD REQUEST FOR PRODUCTION** |

1

154

Pursuant to 34 of the Federal Rules of Civil Procedure, Plaintiff Prepared Food Photos, Inc. ("Plaintiff"), submits these responses to defendant Pool World, Inc.'s ("Defendant") Third Request for Production (the "Document Requests") as follows:

## REQUESTS FOR PRODUCTION

14. Produce all communications, and records of communications, with persons that entered into subscription agreements that were the subject of Requests for Production Nos. 4 and 5.

**RESPONSE**: Plaintiff objects to this request as irrelevant and overbroad. Plaintiff's communications with persons that entered into subscription agreements that were subject of Requests for Productions Nos. 4 and 5 (which stated "Any and all license agreements in place at any time between June 2, 2020 and the present that cover the use of the "Work" or any group of photos that includes the "Work."" *and* "Any and all subscription agreements in place at any time between June 2, 2020 and the present that cover the use of the "Work" or any group of photos that includes Plaintiff's "Work."") are not relevant to the claims or defenses at issue in the lawsuit. Requests for Productions Nos. 4 and 5 seek licenses that cover the "Work" – as Defendant has been made aware, in June 2020 to present, any license would have included the Work – Plaintiff would not be in possession, custody or

2

155

control of a license specific to only the Work. The documents Defendant seeks would include Plaintiff's entire library, which is overbroad.

15. Produce any and all documents reflecting payments pursuant to subscription agreements that were the subject of Requests for Production Nos. 4 and 5.

**RESPONSE**: Plaintiff objects to this Request as irrelevant and overbroad. Plaintiff has already produced to Defendant a list of its subscribers. The documents regarding payment are not relevant to the claims or defenses at issue in the lawsuit. Requests for Productions Nos. 4 and 5 seek licenses that cover the "work" – as Defendant has been made aware, in June 2020 to present, any license would have included the Work – Plaintiff would not be in possession, custody or control of a license specific to only the Work. The documents Defendant seeks would include Plaintiff's entire library, which is overbroad.

16. Produce all communications among your staff, or with your representatives, or with any other person, about subscription agreements (or proposed subscription agreements) that were the subject of Requests for Production Nos. 4 and 5.

**RESPONSE**: Plaintiff objects to this Request as irrelevant and overbroad. Plaintiff has already produced to Defendant a list of its subscribers. The communications between Plaintiff, its staff, or its representative, or any other

3

person regarding subscription agreements (or proposed subscription agreements) that were the subject of Requests for Production Nos. 4 and 5 are not relevant to the claims or defenses at issue in the lawsuit. Requests for Productions Nos. 4 and 5 seek licenses that cover the "work" – as Defendant has been made aware, in June 2020 to present, any license would have included the Work – Plaintiff would not be in possession, custody or control of a license specific to only the Work. The documents Defendant seeks would include Plaintiff's entire library, which is overbroad.

17.     Produce any and all documents reflecting the downloading or use of your photos pursuant to subscription agreements that were the subject of Request for Production Nos. 4 and 5.

**RESPONSE**: To the extent this request seeks production of documents showing the downloading of photographs pursuant to a subscription agreement, plaintiff is not in possession, custody or control of such documents. To the extent this request seeks production of documents setting up subscription accounts and/or providing instructions therefore, plaintiff will produce non-privileged documents, if any, responsive to this request.

4

Dated: February 19, 2024.

/s/ Lauren Hausman
Lauren Hausman (*pro hac vice*)
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, Florida 33065
(877) 437-6228
lauren@copycatlegal.com

/s/ Max Archer
Max Archer
Riverside Law Group
WSBA #54081
905 W. Riverside Ave., Suite 404
Spokane, WA 99201
(509) 504-8714
mka@riverside-law.com

### CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2024, I served the foregoing document via e-mail to: Paul Levy, Esq. (plevy@citizen.org) and Stephen Kirby, Esq. (kirby@kirbylawoffice.com).

/s/ Lauren Hausman
Lauren Hausman, Esq.