UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC., a Washington for-profit corporation,<br><br>Defendant. | NO. 2:23-CV-0160-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE |

BEFORE THE COURT is Plaintiff's Motion to Voluntarily Dismiss without Prejudice (ECF No. 49). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's motion to dismiss is **DENIED**.

## BACKGROUND

This motion to dismiss arises out of a copyright infringement action brought

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE ~ 1

by Plaintiff Prepared Food Photos, Inc., a Florida corporation, against Defendant Pool World, Inc., a Washington corporation. ECF No. 1 at 1-2. Plaintiff claims it "is in the business of licensing high-end, professional photographs for the food industry." *Id.* at 3, ¶ 6. In 2001, Plaintiff created a photograph titled "ProduceVegetableGrilled002." *Id.* at 4, ¶ 11. The image depicts skewers of vegetables laying diagonally on a grill. *Id.* The work was registered with the United States Copyright Office on September 29, 2016. *Id.* at 4, ¶ 12.

Defendant sells pools, spas, and other outdoor appliances, including grills. *Id.* at 5, ¶ 14. Prior to obtaining copyright, Plaintiff made the photo available for licensing on iStock, a subsidiary of Getty Images that allows users to purchase licenses to royalty-free images. ECF Nos. 21 at 3; 21-8 at 4. In 2010, Defendant purchased a license to use the subject image and published the photo on its public-facing website to advertise its grills. *See* ECF No. 1 at 5, ¶ 16. At the time of purchase, Defendant represents that the cost of the image licensing fee was anywhere between $1 and $12. ECF Nos. 21 at 3; 21-1 at 3, ¶ 9.

After the image was registered in 2016, Plaintiff pulled all of its photos off iStock and began making its images available through an alternative subscription service which allows users to purchase access to its entire photo library for $999 per month. ECF Nos. 7 at 10; 25 at 14. In 2022, Plaintiff sent Defendant a demand letter representing that Pool World's use of the image was unauthorized

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE ~ 2

and seeking $35,964 in statutory damages. ECF No. 7 at 10. When Defendant refused to accede to Plaintiff's demand, Plaintiff filed suit for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, on June 2, 2023. *See* ECF No. 1. The scheduling order was filed August 16, 2023 (ECF No. 17) with a jury trial set for September of 2024. *Id.* In February 2024, the case was stayed upon agreement by the parties to seek resolution through a court mediated settlement conference which occurred at the end of June. ECF Nos. 35; 46. The parties were unable to reach an agreement. The issue now before the Court is Plaintiff's motion to voluntary dismiss its claims against Defendant without prejudice and without the requirement Plaintiff pay any of Defendant's attorney's fees. ECF No. 49.[1]

## DISCUSSION

"Generally, Rule 41(a)(2) grants a district court discretion to dismiss a case with or without prejudice." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023). "[W]here the request is to dismiss without prejudice, '[a] District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.'" *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058-59 n.6

---

[1] Plaintiff's additional request to stay further proceedings until the motion to dismiss is resolved is now moot.

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE ~ 3

(9th Cir. 2011) (quoting *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

Defendant argues it will suffer legal prejudice in two ways if the Court were to dismiss Plaintiff's claims without prejudice. The first and primary argument is a dismissal without prejudice would deprive Defendant prevailing party status that is required to obtain attorney's fees under the Copyright Act. ECF No. 55 at 16. Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. As the Defendant cites to in its response, the Ninth Circuit held in *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009) that a voluntary dismissal of copyright claims with prejudice confers prevailing party status on defendants under the Copyright Act while a dismissal without prejudice does not. *Loose*, 569 F.3d at 1149. Thus, a defendant suffers legal prejudice if deprived of the ability to pursue attorney fees when copyright claims are dismissed without prejudice. *See, e.g.*, *Columbia Pictures Television v. Krypton Broadcasting of Birmingham*, 152 F.3d 1171, 1172 (9th Cir. 1998) ("Feltner is not the prevailing party in this case.

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE ~ 4

1   Therefore, as a matter of law, he is not entitled to attorney's fees pursuant to

2   § 505."); *see also United States v. Ito*, 472 F. App'x 841 (9th Cir. 2012) ("Without

3   prevailing party status, the Itos were unable to bring their attorney's fees motion

4   under the Civil Asset Forfeiture Reform Act[.]  The Itos suffered plain legal

5   prejudice in losing their ability to move for attorney's fees.").

6        Plaintiff argues that Defendant would not suffer legal prejudice even if

7   deprived of the prevailing party status because Defendant has no attorney fees to

8   pursue under the Copyright Act.  ECF No. 56 at 6-7.  Defendant's representation

9   was retained on a pro bono basis, and Plaintiff states that the Defendant itself has

10  incurred no costs as fees to its attorneys during this litigation.  *Id.*  Plaintiff

11  references several times to a district court case out of Florida, *Affordable Aerial*

12  *Photography, Inc. v. Abdelsayed et al.*, Case No. 9:21-cv-81331-AMC (S.D.Fla.)

13  ("AAP Case") where the court orally held defendant suffered no legal prejudice

14  from a voluntary dismissal without prejudice under the Copyright Act for the very

15  reason that defendant had incurred no attorney fees.  AAP Case, ECF No. 56-1 at

16  36, ¶ 18, at 38, ¶ 9.  The Court is not persuaded by Plaintiff's argument or the

17  holding of one out of circuit district court case.  Depriving Defendant the ability to

18  pursue attorney fees under the Copyright Act *is* the legal prejudice, not whether

19  Defendant will actually be awarded fees.  *See, e.g., Dental Health Servs. Inc. v.*

20  *Miller*, 2024 WL 1173803, at *2 (W.D. Wash. Mar. 19, 2024) ("At this stage, the

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT
PREJUDICE ~ 5

Court examines only whether Miller faces 'legal prejudice' from losing her ability to seek fees, not the merits of a potential future motion for fees."). The issue of attorney fees for pro bono representation is an argument to be made when a motion for fees is before the Court. Therefore, the Court finds Defendants will suffer legal prejudice under the Copyright Act if this action is dismissed without prejudice. The Court need not address Defendant's legal prejudice under a statute of limitations defense argument.

## CONCLUSION

For the foregoing reasons, Plaintiff's voluntary motion to dismiss without prejudice is denied. Plaintiff must either move to dismiss this action with prejudice or continue with litigation. The Court will set a new scheduling order in due course.

//

//

//

//

//

//

//

//

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE ~ 6

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Voluntary Dismiss (ECF No. 49) is **DENIED**.

2. Defendant's Motion to Stay Proceedings (ECF No. 49) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED September 30, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE ~ 7