Paul Alan Levy (Pro Hac Vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
202-588-7725
plevy@citizen.org

Stephen Kirby, WSBA #43228
Kirby Law Office, PLLC
1312 N. Monroe St.
Spokane, WA 99201
(509) 795 4863 | (510) 588 4732
kirby@kirbylawoffice.com

Phillip R. Malone (Pro Hac Vice)
Juelsgaard Intellectual Property And Innovation Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-1900
pmalone@stanford.edu

*Attorneys for Defendant*

Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorneys for Plaintiff*

Case 2:23-cv-00160-TOR    ECF No. 61    filed 10/23/24    PageID.1150    Page 2 of 9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br>Plaintiff, <br><br>v. <br><br>POOL WORLD, INC., <br><br>Defendant. | Civil Action No. 2:23-cv-00160-TOR <br><br><br><br>**JOINT STATUS REPORT** |

a) <u>**Suggested deadlines for adding additional parties, amending the pleadings, and seeking class certification**</u>

  i.  Adding Additional Parties: Plaintiff suggests moving this deadline to November 15, 2024 to preserve the rights of the parties should either party need to add an additional party. Defendant states that the deadline has passed, and does not agree.

  ii. Amending the Pleadings: Plaintiff suggests moving this deadline to November 15, 2024 to preserve the rights of the parties should either party move to amend the pleadings. Defendant states that the deadline has passed, and does not agree.

    iii.    Seeking Class Certification: N/A

b) **<u>Whether all non-government corporate parties have filed the necessary ownership statements.</u>** All parties have filed the necessary ownership statements.

c) **<u>Whether the case involves a minor or incompetent party and whether the appointment of a guardian *ad litem* is necessary.</u>** This case does not involve a minor or incompetent party. The appointment of a guardian *ad litem* is not necessary.

d) **<u>Discovery</u>**.

    i.    <u>Initial Disclosures</u>: Initial disclosures were first exchanged in August 2023. However, Plaintiff suggests moving this deadline to November 15, 2024 to preserve the rights of the parties should either party want to revise its initial disclosures. Defendant does not agree.

    ii.    <u>Subjects on which discovery may be needed</u>: Discovery will cover the validity and ownership of the asserted copyright, whether use of the image was licensed when it was posted in 2010, whether plaintiff has a sound basis for invoking the discovery rule to justify filing suit in 2022, evidence supporting or opposing the asserted damages, and plaintiff's business practices in both licensing and enforcing its claimed copyrights. Nothing in this recitation represents an

   acknowledgement of the legitimacy or illegitimacy of any discovery issue.

iii. <u>Issues about preserving discoverable information, including electronically stored information</u>: None at this time.

iv. <u>Claims of privilege, protection of confidentiality, and proposed confidentiality agreements</u>

- Any stipulation or motion for a confidentiality agreement or protective order must be timely filed so as not to delay the discovery process or the Court's deadlines. If confidential records are attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good cause" must be shown to seal records attached to a non-dispositive motion. <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

v. <u>Proposed agreements reached under Fed. R. Evid. 502</u>

- The parties have not reached any proposed agreements under Fed. R. Evid. 502. However, if an issue arises, the parties will endeavor to reach agreement.

vi. <u>Proposed modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery, or an increase</u>

>  in the allowed number of depositions (10), interrogatories (25), requests for production (30), or requests for admission (15)
>
>    - The parties only proposed modifications are that each party be permitted to serve no more than 30 requests for admission, including discrete subparts, on any other party, and may take up to 12 depositions.
>    - A party needing relief from these limitations should timely seek relief from the Court by motion.
>
> vii. Suggested expert disclosure deadlines
>
>    - *Plaintiff's Initial Expert Disclosure*: Plaintiff shall identify its experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **December 2, 2024**. Plaintiff shall also provide dates for which those experts can be available for deposition.
>    - *Defendant's Expert Disclosure*: Defendant shall identify its experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **January 31, 2025**. Defendant shall also provide dates for which those experts can be available for deposition.
>    - *Plaintiff's Rebuttal Expert Disclosure*: Plaintiff shall identify

its rebuttal experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **February 17, 2025**. Plaintiff shall also provide dates for which those experts can be available for deposition.

  viii. <u>Suggested discovery cut-off</u>

- The parties propose that all discovery, including depositions and perpetuation depositions, shall be completed by **June 10, 2025** ("<u>Discovery Cutoff</u>"). To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely response by the cutoff date. The parties shall not file discovery, except those portions necessary to support motions or objections.

e) **<u>Anticipated motions and suggested dispositive motion filing deadline</u>**.

- Plaintiff and Defendant each anticipate bringing dispositive motions.
- *Dispositive and Daubert Motions* – The parties suggest that all dispositive motions and Daubert motions shall be filed on or before **June 17, 2025**. Responses and replies to dispositive and Daubert motions shall comply with LCivR 7. No supplemental responses or supplemental replies to any

dispositive or Daubert motion may be filed without Court permission. Dispositive and Daubert motions shall be noted for hearing at least fifty (50) days after the date of filing.

- *Motions to Compel* – to avoid wasted time and expense, the parties may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes. Motions to compel seeking sanctions shall be filed in writing.
- *Motions in Limine* – all unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions in limine to be filed and served on or before August 5, 2025. Such motions will be addressed and resolved at the pretrial conference. However, motions in limine may not reargue issues already decided by the Court.

f) **Trial:**

  i. <u>Whether a jury has been requested</u>

  - A jury has been requested by plaintiff.

  ii. <u>Suggested trial date(s) and location</u>

  - The parties suggest trial occur in Spokane, Washington and occurs sometime in the early **fall of 2025.**

    iii.    <u>Anticipated length of trial</u>

- Trial is anticipated to take between 3-5 days.

    iv.    <u>Requests for bifurcation</u>

- The parties do not request bifurcation.

    v.    <u>Need for special audio/visual courtroom technology</u>

- The parties do not currently believe there is a need for special audio/visual courtroom technology.

g) **<u>Likelihood for settlement and the point at which the parties can conduct meaningful dispute resolution</u>**. The parties attempted to resolve the matter through a settlement conference with Judge Goeke. It is not likely that the case will settle; however, the parties may be able to narrow the issues for trial.

h) **<u>Any other matters that may be conducive to the just, speedy, and inexpensive determination of the action.</u>** The parties are currently unable to identify any other matters that may be conducive to the just, speedy, and inexpensive determination of the action.

| | |
|---|---|
| Max K. Archer, WSBA # 54081<br>Riverside Law Group, PLLC<br>905 W. Riverside Ave., Ste. 404<br>Spokane, WA 99201<br>mka@riverside-law.com<br>(509) 504-8714 | Kirby Law Office, PLLC<br><br>*s/Stephen Kirby*<br>Stephen Kirby, WSBA #43228<br>*Attorney for Defendant*<br>Kirby Law Office, PLLC |

Attorney for Plaintiff
By: /s/ Max K. Archer
    Max K. Archer Esq.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
lauren@copycatlegal.com

1312 N. Monroe St.
Spokane, WA 99201
Telephone: (509) 795 4863
Email: kirby@kirbylawoffice.com

*Attorney for Plaintiff*

By: /s/ Lauren M. Hausman
    Lauren M. Hausman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

                                        /s/ Lauren Hausman
                                        Lauren Hausman, Esq.