UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for-profit corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>POOL WORLD, INC., a Washington for-profit corporation,<br><br>                    Defendant. | NO. 2:23-CV-0160-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL |

BEFORE THE COURT is Defendant's Motion to Compel Discovery (ECF No. 60). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's motion to compel is **GRANTED IN PART**.

## BACKGROUND

This motion to compel arises out of a copyright infringement action brought by Plaintiff Prepared Food Photos, Inc., a Florida corporation, against Defendant

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ~ 1

1 | Pool World, Inc., a Washington corporation. ECF No. 1 at 1-2. Plaintiff claims it
2 | "is in the business of licensing high-end, professional photographs for the food
3 | industry." *Id.* at 3, ¶ 6. In 2001, Plaintiff created a photograph titled
4 | "ProduceVegetableGrilled002." *Id.* at 4, ¶ 11. The image depicts skewers of
5 | vegetables laying diagonally on a grill. *Id.* The work was registered with the
6 | United States Copyright Office on September 29, 2016. *Id.* at 4, ¶ 12.

7 | Defendant sells pools, spas, and other outdoor appliances, including grills.
8 | *Id.* at 5, ¶ 14. Prior to obtaining copyright, Plaintiff made the photo available for
9 | licensing on iStock, a subsidiary of Getty Images that allows users to purchase
10 | licenses to royalty-free images. ECF Nos. 21 at 3; 21-8 at 4. In 2010, Defendant
11 | purchased a license to use the subject image and published the photo on its public-
12 | facing website to advertise its grills. *See* ECF No. 1 at 5, ¶ 16. At the time of
13 | purchase, Defendant represents that the cost of the image licensing fee was
14 | anywhere between $1 and $12. ECF Nos. 21 at 3; 21-1 at 3, ¶ 9.

15 | After the image was registered in 2016, Plaintiff pulled all of its photos off
16 | iStock and began making its images available through an alternative subscription
17 | service which allows users to purchase access to its entire photo library for $999
18 | per month. ECF Nos. 7 at 10; 25 at 14. In 2022, Plaintiff sent Defendant a
19 | demand letter representing that Pool World's use of the image was unauthorized
20 | and seeking $35,964 in statutory damages. ECF No. 7 at 10. When Defendant

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ~ 2

refused to accede to Plaintiff's demand, Plaintiff filed suit for copyright infringement. *See* ECF No. 1. The instant motion now before the Court concerns Plaintiff's refusal to answer certain interrogatories and requests for production. Defendant asked Plaintiff to meet and confer about the motion to compel before filing it with the court but the meet and confer was unsuccessful. ECF No. 60 at 5.

## DISCUSSION

### I.  Motion to Compel Standard

Under the Federal Rules of Civil Procedure, a party has a duty to cooperate and comply with the discovery process. Under Rule 37, a party may move the Court for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). The motion must include certification that the moving party "in good faith conferred or attempted to confer" with opposing counsel in an effort to obtain discovery without court action. *Id*.

When reviewing a motion to compel, the Court must consider whether the discovery requests are relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevant material includes, "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issues that is or may be in a case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Whether discovery is proportional to the needs of the case depends upon: 1) the importance of discovery in resolving the issues, 2) the parties' relative access to

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ~ 3

relevant information, 3) the amount in controversy, and 5) whether the burden or expense of the requested discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The Court is vested with broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**II. Defendant's requests for production**

In Defendant's first set of requests for production of documents, Defendant sought the following documents:

> 4. Any and all license agreements in place at any time between June 2, 2020 and the present that cover the use of the "Work" or any group of photos that includes the "Work."
>
> 5. Any and all subscription agreements in place at any time between June 2, 2020 and the present that cover the use of the "Work" or any group of photos that includes Plaintiff's "Work."

ECF No. 21-3 at 15, ¶ 4, 16, ¶ 5.

Defendant now seeks to compel a response to the following requests for production related to Requests for Production Numbers 4 and 5: (ECF No. 55-11):

> 14. Produce all communications, and records of communications, with persons that entered into subscription agreements that were the subject of Requests for Production Nos. 4 and 5;
>
> 15. Produce any and all documents reflecting payments pursuant to subscription agreements that were the subject of Requests for Production Nos. 4 and 5.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ~ 4

  16. Produce all communications among your staff, or with your representatives, or with any other person, about subscription agreements (or proposed subscription agreements) that were the subject of Requests for Production Nos. 4 and 5.

ECF No. 55-11 at 3, ¶ 14, 4, ¶¶ 15, 16.

 *a. Relevancy*

 Defendant argues these requests go to the validity of Plaintiff's claimed damages. ECF No. 60 at 1. Plaintiff claims it is entitled to the monthly subscription cost of $999 for each of the 145 months Defendant had the image at issue ("the Work") posted on its website. *Id.* at 6. The claimed licensing requirements for access to its photos is a $999 monthly fee for a minimum of twelve months. ECF No. 55-6 at 5. Plaintiff set this monthly amount based on what it believed to be the market value companies routinely charge for future access to its photos. *Id.* at 5-7. Defendant argues that prior subscription agreements Plaintiff has produced refute Plaintiff's claim that businesses routinely pay a monthly fee of $999. ECF No. 60 at 4. Defendant contends that many of the subscription agreements reflect substantially lower charges than that amount and were entered into for settlement purposes, not in the ordinary course of business. *Id.* at 3-4.

 Defendant further argues that the agreements call into question Plaintiff's claimed income it received from its license subscriptions after 2017 and whether

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ~ 5

1  the agreements were actually being renewed after the twelve month period. *Id.* at
2  4. Defendant claims the requested documents will provide a better basis to refute
3  Plaintiff's claimed damages. Information around the subscriptions will reveal the
4  nature of the subscriptions and whether they were voluntarily entered into or
5  entered into to avoid litigation. *Id.* at 7. Defendant also argues such evidence may
6  contradict sworn witness statements attesting to Plaintiff's damages which goes to
7  witness credibility. *Id.* at 8.

8        Plaintiff contends Defendant's requests are plainly overbroad. It argues that
9  Defendant's request for all records of payment received from subscribers and
10 information related to the subscription agreements is unnecessary because Plaintiff
11 already produced relevant documents. Further, Plaintiff argues whether past
12 subscribers terminated an agreement after the initial term has no bearing on the
13 case and any suggested reasoning behind these decisions would be massively
14 speculative. ECF No. 66 at 9. However, Defendant counters that communications
15 and documents between Plaintiff and a subscriber regarding a renewal decision
16 would definitively reveal whether a subscription was entered into to avoid a
17 damages claim, and it might help focus third-party discovery by identifying
18 subscriber staff involved in the negotiations. ECF No. 67 at 6.

19       The Court finds Defendant's requested information relevant to this litigation.
20 Plaintiff is seeking actual damages in the amount of $11,988 for each month the

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ~ 6

Work was displayed on Defendant's webpage. ECF No. 55-6 at 7. Plaintiff's method of calculating these damages is using the price it normally offers for access to its photos, that is, $999 per month for a minimum of twelve months. *Id.* Plaintiff does not offer licensing of individual photos. *Id.* Plaintiff asserted in its initial disclosures to Defendant that this method of calculating actual damages has been adopted by numerous federal courts, thus, the Court presumes Plaintiff plans on making such an argument before this Court. *Id.*

Defendant asserts that it plans on challenging this method of calculation as contrary to Ninth Circuit precedent in a summary judgment motion and will argue the proper standard to be the fair market value of the single infringed work. ECF No. 60 at 6. However, Defendant argues that it is also entitled to contest Plaintiff's factual basis for its claim that the fair market value for access to its entire library of photos is the $999 per month fee. *Id.* Reviewing prior subscriptions will indicate whether that is the actual fair market value of access to the database or if Plaintiff's contention it only allows access to its photos through the $999 monthly fee is a pretense. *Id* at 8. Thus, the Court finds the requested discovery bears on the issue of damages in this case.

    b. *Proportionality*

Plaintiff contends Defendant's request is not proportional to the needs of the case because it is overly broad, unduly burdensome, and invasive discovery. ECF

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ~ 7

1  No. 66 at 6.  Plaintiff argues that producing all communications with every one of

2  its subscribers since 2016 would require review of tens of thousands of emails.  *Id.*

3  at 5.  Additionally, the cost to Plaintiff in using an e-discovery vendor and fees

4  incurred from attorney review time outweighs any potential benefit to Defendant.

5  *Id.* at 7.  However, Plaintiff provides no other details or affidavit supporting its

6  contention that producing the discovery would cost thousands of dollars in hosting

7  data and dozens "if not hundreds" of hours in attorney review time.  *Id.*; *see Pham*

8  *v. Wal-Mart Stores, Inc.*, 2011 WL 5508832, at *3 (D. Nev. Nov. 9, 2011) ("[T]he

9  objecting party must provide sufficient detail regarding the time, money and

10 procedures required to produce the requested documents.")

11        Plaintiff further argues that it had offered to make available to Defendant the

12 subscribers whose agreements were preceded by an infringement allegation and

13 those that terminated subscriptions after one year, but Defendant refused.  *Id.* at 8.

14 Specifically, Plaintiff proposed the following alternative interrogatory in response

15 to Defendant's motion:

16   - For any subscriber who itself, or one of its customers, received an allegation
       of infringement from PFP prior to the subscriber agreement
17
       o Identify the date of the demand letter/allegation (if any)
       o Identify the demand amount
18     o Identify the recipient (or alternatively, in lieu of the above, we would
         just produce the demand letters if we have them)
19     o Which of the subscriptions have been extended beyond the initial term

20 ECF No. 67-3 at 3.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ~ 8

Defendant counters that Plaintiff's reasoning for refusing to respond to Defendant's inquiries before this motion was only for relevance and only now does it put forth an undue burden argument. ECF No. 67 at 2. Further, Defendant only seeks communications and invoices related to the twenty-two (22) subscription agreements Plaintiff presented were the total sum of agreements between 2017 and 2023. *Id*. at 2-3. Defendant insists Plaintiff's proposed alternative response to the interrogatories precludes Defendant from learning the circumstances surrounding each subscription and whether Plaintiff's actual damage claims are inflated. *Id*. at 4. Such information is directly relevant to Defendant's defense.

Finally, Plaintiff argues that producing the requested documents is not proportional to the benefit it will provide, especially if Defendant succeeds on its actual damages theory on summary judgment. ECF No. 66 at 7. This is because, under that theory, the actual damages for the single photo may amount to a few dollars at most. *Id*. If this occurs, Plaintiff argues the time and money spent producing the requested documents would be completely disproportional to the needs of the case. *Id*. This argument is completely unavailing. The amount in controversy is $145,000, and Plaintiff continues to pursue that amount. Its proposal that the Court should find Defendant's request disproportionate based on the possibility of Plaintiff being awarded significantly less damages than it wanted has no legal basis.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ~ 9

The Court finds that Requests for Production Nos. 14 and 15 as they relate to the twenty-two (22) already disclosed agreements are relevant and proportional to the needs of the case. However, Request for Production No. 16 is overly broad. Defendant should be able to ascertain the surrounding context of Plaintiff's past subscription agreements through the communications between Plaintiff and the other parties to the agreement. Therefore, the Court grants Defendant's motion to compel as to Requests for Production Nos. 14 and 15.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Compel Discovery (ECF No. 60) is **GRANTED IN PART**.

2. Plaintiff will produce the requested production within fourteen (14) days.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED December 16, 2024.



THOMAS O. RICE
United States District Judge