1  Paul Alan Levy (pro hac vice)
   Public Citizen Litigation Group
   1600 20th Street NW
2  Washington, D.C. 20009
   (202) 588-7725
3  plevy@citizen.org

4  Stephen Kirby
   Kirby Law Office, PLLC
5  WSBA #43228
   1312 N. Monroe St.
6  Spokane, Washington 99201
   (509) 795-4863
7  kirby@kirbylawoffice.com

8  Phillip R. Malone (pro hac vice)
   Juelsgaard Intellectual Property and Innovation Clinic
9  Mills Legal Clinic at Stanford Law School
   Crown Quadrangle, 559 Nathan Abbott Way
10 Stanford, California 94305-8610
   (650) 724-1900
11 pmalone@stanford.edu

12                  UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF WASHINGTON
13

14 PREPARED FOOD PHOTOS, INC.,           )
   f/k/a  ADLIFE MARKETING               )
   & COMMUNICATIONS CO., INC.,           )   No. 2:23-cv-00160-TOR
15 a  Florida for profit corporation,    )
                                         )
16                                       )   **DEFENDANT'S MOTION**
              Plaintiff,                 )   **TO ENFORCE ORDER**
17                                       )   **COMPELLING PLAINTIFF**
         v.                              )   **TO RESPOND TO**
18                                       )   **DOCUMENT REQUEST 15**
                                         )
19 POOL WORLD, INC., a Washington for    )   Hearing March 28, 2025
   profit corporation,                   )   6:30 PM
20                                       )
                                         )
21            Defendant.                 )

22

23

24

25

26

27

28

Defendant Pool World, Inc., moves to compel plaintiff Prepared Food Photos, Inc. ("PFP") to comply with the Court's December 16, 2024 order, which directed PFP to respond to produce documents showing actual payments by PFP's subscribers. Rather than comply with the Court's Order, PFP responded to Document Request 15 by producing a series of bank statements and disbursement memoranda that are heavily redacted , but without making any claim of privilege, nor submitting an index of redacted materials that would enable Pool World or the Court to assess the basis for withholding. Repeated communications among counsel, beginning with an email on January 10, and including a telephonic meet and confer on February 5, have not resolved this dispute.

**FACTUAL BACKGROUND**

Plaintiff PFP maintains a large database of food photographs. In this case, PFP alleges that a composite image that Pool World posted to one of its websites in 2010 contained a photograph of grilled vegetables in which PFP held the copyright. PFP filed this action alleging that Pool World's posting of the composite image infringed its copyright. PFP seeks damages in the amount of about $145,000 for the posting of a single image over the twelve-year period from 2010 to 2022.

PFP presents itself as a business that creates high-end food photographs and licenses access to its entire database of photos to companies that are willing to pay $999 per month, for a minimum period of twelve months. Complaint ¶ 8. In the motion to compel discovery on which the Court ruled late last year, Pool World

showed that, quite to the contrary, PFP's main business is copyright enforcement—sending letters demanding exorbitant damages payments, which it exacts by threatening to impose the costs of a legal defense, and filing lawsuits for alleged infringement which are typically either settled quickly (if the target hires counsel) or resolved by a default judgment based on PFP's representations about its subscriptions. Indeed, as shown in previous filings, PFP's owner candidly admitted in a blog post that the reason why PFP changed its business model from licensing rights to individual images to selling a subscription to its entire library of food photos was to enable a copyright enforcement business. DN 55-7.

In order to contest PFP's contentions about its subscription business, Pool World moved to compel PFP to respond to three document requests designed to test PFP's self-characterization. The Court granted that motion in part, ordering PFP to "produce the requested production" as follows within 14 days:

> 14. all communications, and records of communications, with persons that entered into subscription agreements [with PFP].
>
> 15. documents reflecting payments pursuant to those subscription agreements.

Order of December 16, DN 68.

On December 30, PFP sent many documents to Pool World, purporting to comply with the December 16 order, but its material did not meet the requirements of that order, in several respects. With respect to Document Request 15, PFP produced several large checks, as well as disbursement memoranda from PFP's law

firm, reflecting lump sum payments from each of the subscribers whose agreements were signed in 2022 and 2023. Levy Fifth Affirmation ¶ 4 and Exh. DD (filed with this motion). Apparently, every company that subscribed during this period signed up after having received a threat of infringement litigation. *Id.* ¶ 4. The disbursement memoranda were heavily redacted; no explanation for the redactions was provided. *Id.* ¶ 4 and Exhibit DD.

Beyond these documents reflecting lump sum payments, PFP produced a series of heavily redacted excerpts from Bank of America statements going back only to June 2020. It apparently justified that limit by invoking PFP's policy of routinely destroying documents after four years, as set forth in an affidavit from its president. *Id.* ¶¶ 4-5 and Exh. EE. Only after undersigned counsel pointed out that Bank of America makes records accessible to its customers online did PFP produce Bank of America statements from 2018 and 2019 (seven years before the date of production). The 2017 records, which fall squarely within the period when PFP is claiming damages in this case, were not produced even though, had PFP taken steps to preserve those records when it received the document request in January 2024, they could have been produced. *Id.* ¶ 5.

But even with regard to the bank statements that were produced, PFP omitted most of the pages—only a couple of pages from statements of a up to 18 pages long were produced—and almost every line on those statements was redacted, revealing only one of four things: monthly payments of $499 from a single company that had

subscribed in 2017; transfers from different Bank of America accounts; transfers from Bad Adz, a company under common ownership with PFP; and deposits from a company called Stripe, a payment processor. *Id.* ¶¶ 6, 9-10 and Exhs. FF, HH. The take-away: as of December 30, despite the Court's order compelling discovery, PFP had provided records of monthly subscription payments by only one of the twenty-two subscribers whose subscription agreements had been disclosed in discovery.

PFP initially took the position that records of the payment processor Stripe were in the possession of a third party and had to be subpoenaed from it. *Id.* ¶ 15. In response to the meet and confer process, PFP counsel acknowledged that granular monthly payment data was accessible on Stripe, and on February 21, 2025 (nearly two months after the Court's compliance deadline), PFP finally produced a series of spreadsheets showing monthly payments via Stripe for each month from 2017 to 2024. *Id.* ¶ 16 and Exh. KK. That spreadsheets, however, show monthly payments from no more than one subscriber for most of the months in 2017 to 2020 and no subscribers at all in 2021 and 2022. *Id.* PFP counsel represented that their client had no longer had access to payment data from an unidentified "other" payment processor. *Id.* The parties continue to confer about whether such data can be found and, if not, when it was destroyed.

But the parties have deadlocked on the single issue presented by this motion. PFP has not contended that the redacted information (most of the pages of the bank statements and almost every line on the bank statement pages and CopyCat Legal

disbursement memoranda that it has produced) is in any way privileged. Fifth Levy Aff. ¶¶ 6-7. PFP contends that it is entitled to redact most of the records being produced because only the occasional line is responsive to information identified in the document request— payments from subscribers. *Id.* ¶ 7. But that contention cannot be squared with the language of Rule 26, nor with the caselaw, and not with the language of the Court's order, which was to produce "documents" containing subscriber payment information.

Pool World contends that documents containing subscriber payment information must be produced without redaction. Understanding and being able to establish PFP's total revenue from making copyright claims is an important aspect of Pool World's defense of this case and relevant to rebutting PFP's claim that its business is selling monthly licenses to its photos for business purposes. The redacted information may be relevant for Pool World to show that PFP's primary activity and source of revenue is in fact not selling market-based licenses but rather securing settlements and default judgments in exorbitant amounts extracted from alleged copyright infringers. *See* Fifth Levy Aff. ¶ 8.

**ANALYSIS**

Rule 26(b)(5) of the Federal Rules of Civil Procedure provides for the redaction of privileged matter, supported by a specific assertion of privilege that provides sufficient information to assess the claim, but not for the redaction of portions of documents that supposedly are not relevant to the reasons for production.

Rule 26(b)(5). Most courts hold that when a document is responsive to a document request, the entire document must be produced, without any redaction except as needed to protect privileged information, even if the producing party contends that some of the content of the documents is allegedly not relevant to the issues in the litigation. The leading case is *Bartholomew v. Avalon Capital Group*, 278 F.R.D. 441, 451-52 (D. Minn. 2011), which has been widely followed and quoted in many other cases. *Target Corp. v. ACE Am. Ins. Co.*, 576 F. Supp. 3d 609, 620 (D. Minn. 2021); *In re Davol, Inc./C.R. Bard, Polypropylene Hernia Mesh Products Liab. Litig.*, 2021 WL 630826, at *1 (S.D. Ohio Feb. 18, 2021); *Am. Mun. Power v. Voith Hydro*, 2020 WL 5014914, at *3 (S.D. Ohio Aug. 25, 2020); *TrueNorth Companies v. TruNorth Warranty Plans*, 2019 WL 5460208, at *2 (N.D. Iowa Mar. 19, 2019); *Howell v. City of New York*, 2007 WL 2815738, at *2 (E.D.N.Y. Sept. 25, 2007).

This rule has been followed by district courts in Washington. *E.g.*, *Doe v. Trump*, 329 F.R.D. 262, 275-76 (W.D. Wash. 2018). There, the court agreed with decisions that "generally disapprove of the practice of redacting claimed unresponsive material," recognizing that redaction is generally "an inappropriate tool for excluding information that a party considers to be irrelevant or nonresponsive from documents that are otherwise responsive to a discovery request." *Id.* (citing cases, including *Bartholomew*). And it reasoned that it is a "rare document that contains only relevant information," while noting that "irrelevant information within an otherwise relevant

document may provide context necessary to understand the relevant information." *Id.*

Moreover, even if PFP had a valid basis for withholding parts of the documents, PFP waived that objection by not asserting it in its objections to document request when the request was first served, or in its arguments against the motion to compel, or even by serving a log of objections when it purported to comply with the Court's order granting PFP's motion to compel. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (boilerplate objections and blanket refusals in a response to a Rule 34 request do not sufficiently assert a privilege).

The document request reminded PFP of the rule that the entire document must be produced. Levy Fifth Aff. ¶6, Exh. GG ("8. Do not make any redactions on the produced documents unless they involve a valid privilege and you produce an appropriate privilege log.") PFP never objected to that aspect of the request, and in arguing against the motion to compel, its only arguments were that the actual payments received from subscribers were not relevant to the issues in the litigation and that the discovery sought was not proportional to the dollar value of of the litigation. Indeed, PFP never argued that the documents revealing subscriber payment contained other information not relevant to the issues in the litigation, and it did not ask the Court to allow it to produce only part of the documents. Thus, the Court

ordered PFP to "produce the requested production within fourteen (14) days"; it did not order production of only a portion of the documents.

PFP has no basis at this late date to vary from the prevailing rule that the entire document must be produced without any redaction. Consequently, pursuant to the caselaw cited above and the clear wording of the Court's order, and given that PFP has not contended that any of the contents are privileged, PFP should be ordered to comply with the Court's December 16 order by providing all of the pages of the various bank statements and disbursement memoranda, with no redactions.

**CONCLUSION**

The motion to compel compliance with the Court's December 2024 discovery order should be granted.

Respectfully submitted,

|   |   |
|---|---|
| 1 | /s/ Paul Alan Levy |
| 2 | Paul Alan Levy (pro hac vice)<br>Public Citizen Litigation Group |
| 3 | 1600 20th Street NW<br>Washington, D.C. 20009 |
| 4 | (202) 588-7725<br>plevy@citizen.org |
| 5 | /s/ Stephen Kirby |
| 6 | Stephen Kirby<br>Kirby Law Office, PLLC |
| 7 | WSBA #43228<br>1312 N. Monroe St. |
| 8 | Spokane, Washington 99201<br>(509) 795-863 |
| 9 | kirby@kirbylawoffice.com |
| 10 | /s/ Phillip R. Malone<br>Phillip R. Malone (pro hac vice) |
| 11 | Juelsgaard Intellectual Property<br>  and Innovation Clinic |
| 12 | Mills Legal Clinic at Stanford Law School<br>Crown Quadrangle, 559 Nathan Abbott Way |
| 13 | Stanford, California 94305-8610<br>(650) 724-1900 |
| 14 | pmalone@stanford.edu |
| 15 | Attorneys for Defendant |

February 25, 2025

## CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of February, 2025, I am filing this motion to compel compliance with the Court's discovery order by the Court's ECF system, which will effect service on counsel for plaintiff, Max Archer and Lauren Hausman.

                                      /s/   Paul Alan Levy
                              Paul Alan Levy (pro hac vice)
                              Public Citizen Litigation Group
                              1600 20th Street NW
                              Washington, D.C. 20009
                              (202) 588-7725
                              plevy@citizen.org

February 25, 2025