Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC.,<br><br>Defendant. | Civil Action No. 2:23-cv-00160-TOR<br><br>DECLARATION OF DOUGLAS FLEURANT |

Douglas Fleurant does hereby declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2. I am the President of plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff").

3. I submit this declaration in support of Plaintiff's Memorandum in Opposition to Defendant's Motion to Enforce (the "Motion").

4. Pursuant to the Court's December 16, 2024 Order, which directed Plaintiff to produce documents reflecting payments pursuant to the previously produced subscription agreements, Plaintiff provided such documentation.

5. Plaintiff produced Bank of America bank statements, dating as far back as it could obtain the statements within the relevant time period.

6. Starting in approximately January 2017, Plaintiff began using Stripe as a creditor card processor. At the time, Plaintiff was already using Payeezy as its credit card processor, though since Plaintiff did not begin its subscription model until early 2017, no subscription-related payments had been processed by Payeezy at that time.

7. To the extent they do not pay Plaintiff directly, Plaintiff's subscribers generally paid their monthly subscription fees through either Stripe or Payeezy until approximately April 2023 when Plaintiff began exclusively using Stripe as its credit card processor.

8. If a subscriber's payment is not identified by a line item directly from the Bank of America statement, that would mean the subscriber's payment would

be encompassed in either a Stripe payment line item or in records that were maintained by Payeezy (unless such subscription was negotiated as part of an infringement settlement agreement whereby the settlement/subscription payment(s) were received by a law firm on Plaintiff's behalf).

9. As noted above, Plaintiff ceased using Payeezy in approximately April 2023. I have since learned that Payeezy formally shut down by March 2024 with Clover acquiring its assets and/or accounts.

10. In connection with Defendant's discovery requests, I attempted to gain access to the Payeezy credit card processing records for Plaintiff. I was unable to log into Payeezy (likely given its shut down) and therefore unable to retrieve any records therefrom. Following this, I called Clover, described the records I was seeking, and was told by Clover that it was unable to provide access to Payeezy's records to Plaintiff. I have searched Plaintiff's own paper and electronic records and have confirmed, to the best of my knowledge, that Plaintiff has not maintained any of Payeezy's records/reports other than what was available logging into Payeezy's portal (which Plaintiff no longer has access to).

11. The Motion takes issue with Plaintiff's production of Plaintiff's redaction of its Bank of America statements.

12. In producing the Bank of America statements, Plaintiff went through each statement and, to the best of my knowledge, identified any receipts therein

that had any relation to subscriber-related income. Plaintiff then redacted any transactions unrelated thereto.

13. For example, Plaintiff and Bad-Adz, Inc. are commonly controlled companies that operate in the ad industry. Many of the redacted transactions relate to intracompany transfers between the companies and/or receipts of monies for Bad-Adz.

14. Other redactions include payments for business-related expenses (both for Plaintiff and for Bad-Adz), payments made relating to Bad-Adz operating expenses, payments for payroll and related taxes, Employee and Employer Match 401K Contributions, and other expenses having no relation to subscriber income.

15. Finally, Plaintiff also redacted receipts of monies from copyright infringement settlements, where such settlements did not provide a subscription to Plaintiff's library or have any relation to subscriber-related income.

16. Thus, to the best of my knowledge, the redacted statements that were provided identify all receipts (whether from credit card processors or otherwise) of Plaintiff's subscriber-related income dating back as far as Plaintiff had access to such bank statements.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: 3/11/2025 _____

/s/ *Douglas Fleurant*
ID DTcZHQmQvWQLDhsAt3tcwbXw
Douglas Fleurant

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **DTcZHQmQvWQLDhsAt3tcwbXw** |
| Signed by: | Prepared Foods |
| Sent to email: | doug@preparedfoodphotos.com |
| IP Address: | 108.49.36.189 |
| Signed at: | Mar 11 2025, 5:18 pm EDT |