Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe Street
Spokane, Washington 99201
(509) 795-4863
kirby@kirbylawoffice.com

Phillip R. Malone (pro hac vice)
Juelsgaard Intellectual Property and Innovation Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
(650) 724-1900
pmalone@stanford.edu

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

PREPARED FOOD PHOTOS, INC.,
f/k/a ADLIFE MARKETING
& COMMUNICATIONS CO., INC.,
a Florida for profit corporation,

        Plaintiff,

v.

POOL WORLD, INC., a Washington for profit corporation,

        Defendant.

No. 2:23-cv-00160-TOR

**DEFENDANT'S REPLY SUPPORTING ORDER COMPELLING PLAINTIFF TO RESPOND TO DOCUMENT REQUEST 15**

Hearing March 28, 2025
6:30 PM

When defendant Pool World, Inc., moved to enforce the Court's December 16, 2024, order requiring plaintiff Prepared Food Photos, Inc. ("PFP") to comply with Document Request 15, PFP had not made any claim that the extensive redactions in the documents furnished in purported compliance with that order contained any privileged information, or any information raising legitimate confidentiality concerns; its only stated objection was lack of relevance. Pool World's motion to enforce thus invoked the majority rule that when documents are produced in discovery, they must be produced in unredacted form, even if not all of the information in the documents bears on the reasons why the documents were requested and even if some information in the documents is not relevant to the case at all. In response, PFP reiterates that the information redacted from the documents is irrelevant, but also argues that the general rule against redactions does not apply to bank records, and that some of the redacted information is confidential or privileged. However, none of the arguments in PFP's twelve-page opposition overcomes the general rule barring redaction of relevant documents.

**PFP Has Not Shown That the Redacted Information Is Irrelevant**.

PFP contends that it redacted from its bank records and its counsel's financial materials only information that is "irrelevant" because it is "not related" to income from subscribers. PFP never responds, however, to Pool World's explanation in its opening brief that documentation of PFP's income from infringement claims is relevant to the issues in this case. PFP admits that infringement payments are among

the entries redacted from the statements. Fleurant Declaration ¶ 15.

Pool World anticipates that the unredacted bank statements and CopyCat Legal invoices will show that PFP's main business and main source of revenue is not creating and licensing high-end food photographs, but instead extracting unjustified settlements through legal threats and lawsuits. PFP's inflated damages claims have been based on its false statements about a supposed minimum $999 monthly fee to subscribe to a large database of stock photographs which, on an individual basis, could be obtained for free or for a few dollars on other stock photo sites. The unredacted bank records and invoices will both directly negate PFP's extraordinary damage claims and its laudatory self-description of its business, and will also support Pool World's argument that PFP's false claims and extortionate litigation practices should deprive PFP of access to the equitable exception to the three-year statute of limitations for copyright owners who assert that they could not have located the alleged infringement within that time. *See* Motion to Compel Discovery, DN 21, at 3, 5-6.

PFP fails to address the relevance argument in its Opposition. But as shown in the next part of this Reply, claimed lack of relevance would not in any event be a basis for redacting information from the documents that PFP was properly ordered to produce.

**There Is No "Bank Records Exception."**

PFP appears to admit that, as stated in *Doe v. Trump*, 329 F.R.D. 262 (W.D.

Wash. 2018), mere claims of lack of relevance are not a basis for redacting information in otherwise producible records. Opp. at 4-5. PFP's block quotation from that decision ignores the multiple predicates for the holding in that case barring redaction on relevance grounds— above all the language of the Rule 34, as well as the concerns that redacted context often explains the unredacted specifics; that redaction causes suspicion and tends to lead to unnecessary litigation, especially because the parties will often disagree about relevance; and that, as a result, courts have to decide unnecessary relevance disputes at the discovery stage of the case. 329 F.R.D. at 276. If a party is worried about public disclosure, it needs to secure a protective order. *Id.*

PFP argues that the rule against redaction from produced documents is subject to a general exception that applies to bank records. Opp. 7-9. However, none of the six cases it cites for such an exception support its argument. The issue in *U.S. v. Akhavan*, 532 F. Supp. 3d 181, 188 (S.D.N.Y. 2021), was not redaction from bank records produced in discovery; the issue was whether sealed banking records should be disclosed on the public docket, not just to opposing counsel, pursuant to the right of access to court records. Two other cases PFP cites addressed whether certain bank statements or other records should be produced, not whether redactions in otherwise responsive documents should be permitted. *Bhatt v. Lalit Patel Phys.* 2023 WL 2895935, at *2 (E.D.N.Y. Apr. 11, 2023); *Barnes v. Equinox Group*, 2012 WL 13060044, at *3 (N.D. Cal. June 14, 2012). *Bhatt* is also distinct from this case

because it involved a Rule 45 subpoena to a non-party, a context in which minimizing burdens and intrusiveness has a higher priority.

One of PFP's cases allowed the redaction of confidential banking records "that would put [a party] at a competitive disadvantage if it is required to be turned over to [its competitor]," *Rayfield Aviation v. Lyon Aviation*, 2012 WL 3095332, at *4 (M.D.N.C. July 30, 2012), a concern not present in this case. And two other cases allowed redaction of personal identifying information ("PII") such as credit card and bank account numbers that would ordinarily have to be redacted from court filings, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure. *F.T.C. v. AMG Services*, 291 F.R.D. 544, 556 (D. Nev. 2013); *Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012). *See also Equinox Group*, where some of the documents that were allowed to be withheld from production involved **sensitive personal information** revealing child support payments. There is no contention here that the banking records contain PII or information that, if disclosed to Pool World, would place PFP at a competitive disadvantage.

The final case cited by PFP, *Price v. Synapse Group*, 2018 WL 9517276, at *11 (S.D. Cal. Sept. 12, 2018), did not purport to create a special rule for bank records, but was simply a case following the minority approach that allows redaction from otherwise producible documents. Not only has *Synapse Group* never been cited with approval on this point, but it was expressly rejected in *Leprino Foods Co. v. Avani Outpatient Surgical Ctr.*, 2024 WL 3915897, at *9–10 (C.D. Cal. May 6, 2024),

where the court expressly held that claimed lack of relevance was not a basis for redacting payment entries in bank records. *Id.* at *10. *See also Magana-Munoz v. W. Coast Berry Farms,* 2022 WL 6584545, at *2 (N.D. Cal. Sept. 29, 2022) (applying the general rule of *Doe v. Trump* to bank records).

**PFP's Vague Invocation of Confidentiality or Privilege Lacks Merit**.

PFP argues that the information that it redacted is "confidential," and even that it is "privileged," Opp. 3, 5-6, 6-7, 10-13, although the opposition never identifies the privilege that it is invoking. The simplest answer, set forth in Pool World's opening brief and not addressed by PFP's opposition, is that issues of privilege must be asserted in the objections to the discovery request, and that that contention has been waived. Motion to Enforce at 7, citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Moreover, if PFP wanted to have the Court consider privilege claims at this late date in spite of its waiver, it was required at the least to produce a privilege log that explained the basis for each redaction and indicated what authority warranted withholding. *See Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 (9th Cir. 2009) ("some form of a privilege log is required"). PFP has not done so. PFP asks the Court to undertake an in camera review, Opp. at 10, but courts do lightly not undertake the considerable burden of in camera review without having received a privilege log allowing adversary contest of each withholding that the Court can then resolve in a structured manner. "In camera inspection . . . should not be resorted to lightly, due to the ex parte nature of the

process and the potential burden placed on the court." *Lane v. Dept. of Interior*, 523 F.3d 1128, 1136 (9th Cir. 2008); *see also United States v. Zolin*, 491 U.S. 554, 572 (1989). There is no basis for an in camera review here.

Moreover, despite PFP's vague assertions about privilege and confidentiality, PFP has not explained **what** privilege protects each of these records from disclosure. PFP comes closest to specificity when it contends that "the privacy of transactions . . . related to other clients and/or non-subscriber income . . . constitutes perhaps the singularly the most private information guarded by law firms." Opp. at 12. Of course, the attorney-client privilege protects neither the identity of clients nor the financing of representation. *In re Grand Jury Witness*, 695 F.2d 359, 361 (9th Cir. 1982). Despite that fact, and even though PFP never raised this concern during its meet and confer with Pool World's counsel, Pool World consents to allow PFP to redact from the CopyCat Legal invoices information about funds that CopyCat Legal received on behalf of clients other than PFP. Levy Sixth Affirmation ¶ 13.

On the other hand, information about "non-subscriber income"—that is, income received by threatening to sue for copyright infringement based on grossly exaggerated statements made to potentially unrepresented targets about the amount that PFP charges for subscriptions—implicates no legitimate confidentiality interest and is relevant and important to Pool World's defense of this case. Even if certain of these payments were received pursuant to settlement agreements with confidentiality clauses (and PFP has not made any such showing with respect to any

specific payment, as it could have done via a privilege log), disclosure of the amounts of payments without public identification of the payors would protect any legitimate needs for confidentiality.

Moreover, under the terms of the draft protective order that has been discussed between the parties, information about the names of companies making specific payments to PFP would be subject to a non-disclosure obligation. See Levy Affirmation ¶ 11. The only reason why such a proposed protective order has not been filed earlier in this case is that PFP has not actively pursued entry of such an order. *Id.* And in the meantime, while the protective order is being finalized, Pool World counsel have committed to withholding such information from public disclosure even pending entry of a protective order, *id.,* just as they have consistently done with respect to the names of PFP's subscribers.

**CONCLUSION**

The motion to compel compliance with the Court's December 2024 discovery order should be granted.

Respectfully submitted,

```
                        /s/   Paul Alan Levy
                    Paul Alan Levy (pro hac vice)
                    Public Citizen Litigation Group
                    1600 20th Street NW
                    Washington, D.C. 20009
                    (202) 588-7725
                    plevy@citizen.org

                        /s/ Stephen Kirby
                    Stephen Kirby
                    Kirby Law Office, PLLC
                    WSBA #43228
                    1312 N. Monroe Street
                    Spokane, Washington 99201
                    (509) 795-863
                    kirby@kirbylawoffice.com

                        /s/ Phillip R. Malone
                    Phillip R. Malone (pro hac vice)
                    Juelsgaard Intellectual Property
                     and Innovation Clinic
                    Mills Legal Clinic at Stanford Law School
                    Crown Quadrangle, 559 Nathan Abbott Way
                    Stanford, California 94305-8610
                    (650) 724-1900
                    pmalone@stanford.edu

                    Attorneys for Defendant
```

March 18, 2025

# CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of March, 2025, I am filing this reply memorandum by the Court's ECF system, which will effect service on counsel for plaintiff, Max Archer and Lauren Hausman.

    /s/ Paul Alan Levy
Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

March 18, 2025