UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC., a Washington for-profit corporation,<br><br>Defendant. | NO. 2:23-CV-0160-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO ENFORCE ORDER COMPELLING RESPONSE TO DISCOVERY |

BEFORE THE COURT is Defendant's Motion to Enforce Order to Compel (ECF Nos. 69, 70). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's motion is **GRANTED in part.**

//

//

ORDER GRANTING IN PART DEFENDANT'S MOTION TO ENFORCE ORDER COMPELLING RESPONSE TO DISCOVERY ~ 1

# BACKGROUND

On December 16, 2024, this Court granted in part Defendant's Motion to Compel (ECF No. 60) production of certain documents related to Defendant's Requests for Production 14 and 15. ECF No. 68. Pursuant to Request for Production 15, Plaintiff was directed to produce "any and all documents reflecting payments" related to twenty-two already disclosed subscription agreements that were entered into by other persons between 2017 and 2023 within fourteen (14) days of the Court's order. *Id.* at 9-10.

Defendant argues that since the Court's order, Plaintiff either has failed to disclose documents reflecting payment or has disclosed heavily redacted bank statements without any assertion of privilege. ECF No. 69 at 4-6. Defendant now brings this motion seeking to enforce the Court's December 16, 2024 order. Defendant specifically seeks resolution on the narrow issue of whether Plaintiff may unilaterally redact bank statements for no other reason than the assertion that the redacted information is not relevant. *Id.* at 5-6.

# DISCUSSION

Pursuant to Fed Rule of Civil Procedure ("Rule") 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(5):

ORDER GRANTING IN PART DEFENDANT'S MOTION TO ENFORCE
ORDER COMPELLING RESPONSE TO DISCOVERY ~ 2

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> **(i)** expressly make the claim; and
>
> **(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

As Defendant points out, district courts are split on the issue of whether a party may unilaterally redact material that a party deems unresponsive or irrelevant. *See Bonnell v. Carnival Corp.*, No. 13-22265-CIV, 2014 WL 10979823, at *3 (S.D. Fla. Jan. 31, 2014). Defendant asks the Court to side with the courts generally disfavoring the method and cites to the Western District of Washington's reasoning in *Doe v. Trump*, 329 F.R.D. 262, 275-76 (W.D. Wash. 2018). ECF No. 69 at 7-8. There, the court explained,

> Redaction is generally an inappropriate tool for excluding information that a party considers to be irrelevant or nonresponsive from documents that are otherwise responsive to a discovery request. It is a rare document that contains only relevant information; and irrelevant information within an otherwise relevant document may provide context necessary to understand the relevant information. "[U]nilateral redactions are inappropriate if they seek not to protect sensitive or protected information, but merely to keep non-responsive information out of an adversary's hands."

*Id.* (quoting *United States v. McGraw-Hill Companies, Inc.*, No. CV 13-0779-DOC JCGX, 2014 WL 8662657, at *4 (C.D. Cal. Sept. 25, 2014)) (internal citations omitted). The Court aligns with this reasoning.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO ENFORCE ORDER COMPELLING RESPONSE TO DISCOVERY ~ 3

Plaintiff does not disagree with the general disfavor toward unilateral redactions but disputes *Does v. Trump*'s reasoning that unresponsive and irrelevant information may not be appropriately redacted. ECF No. 71 at 5. The Court disagrees and finds that absent a claim of privilege, a party cannot unilaterally redact information it deems not relevant.

Plaintiff expresses concern with disclosing banking records with sensitive and confidential information without a protective order in place and argues redaction of irrelevant information in bank statements has been condoned in a number of other districts. ECF No. 71 at 7-10. However, Defendant claims that the parties are currently finalizing a protective order providing for the protection against disclosure of companies making specific payments to Plaintiff. ECF No. 72 at 8. Such a protective order could also address Plaintiff's concerns of protecting sensitive/proprietary and confidential information thus removing the need for redaction. *See, e.g.*, *Live Nation Merch., Inc. v. Miller*, No. 13-CV-03936 CW (NC), 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) ("The Court agrees with Artists that Live Nation's redactions of otherwise discoverable documents here are unwarranted because Live Nation's concern about protecting privacy interests and confidential/proprietary information could be addressed through a protective order."); *Williston Basin Interstate Pipeline Co. v. Factory Mut. Ins. Co.*, 270 F.R.D. 456, 458-59 (D.N.D.2010) ("[T]he court does not welcome the

ORDER GRANTING IN PART DEFENDANT'S MOTION TO ENFORCE
ORDER COMPELLING RESPONSE TO DISCOVERY ~ 4

1  unilateral editing of documents produced in discovery, particularly when there is a
2  protective order in place, given the suspicion and distrust that it generates, which,
3  in turn, leads to unnecessary discovery disputes and burdensome *in*
4  *camera* inspections.").

5      The parties are therefore directed to file a proposed protective order with the
6  Court within fourteen (14) days of this ruling.  Plaintiff must then disclose the
7  unredacted materials related to Request for Production 15 within (**fourteen days**)
8  of the Court granting the protective order.  However, Plaintiff may redact from the
9  CopyCat Legal invoices information on funds received by CopyCat Legal on
10 behalf of clients other than Plaintiff.  The Court declines Plaintiff's request to
11 review all redacted materials *in camera* to determine relevancy.  *See United States*
12 *v. Zolin*, 491 U.S. 554, 572 (1989) ("[T]he decision whether to engage in *in*
13 *camera* review rests with the sound discretion of the district court.").

14     Plaintiff also claims to have redacted privileged information but does not
15 dispute Defendant's contention that it failed to initially object to the disclosure of
16 such information on the basis of privilege or provide a privilege log explaining
17 how each redaction was privileged material.  ECF No. 71 at 3.  A boilerplate
18 objection on the basis of privilege is presumptively insufficient. *See Burlington N.*
19 *& Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th
20 Cir. 2005).  Plaintiff was required to submit a privilege log "with sufficient

ORDER GRANTING IN PART DEFENDANT'S MOTION TO ENFORCE
ORDER COMPELLING RESPONSE TO DISCOVERY ~ 5

information to enable [Defendant] to evaluate the applicability of the claimed privilege or protection." Rule 26(b)(5) advisory committee's note (1993 Amendments).

Defendant argues that any objection by Plaintiff on the basis of privilege at this stage is waived for failing to timely assert an objection in response to the documents request. ECF No. 69 at 8. The Ninth Circuit has explicitly rejected a *per se* waiver rule where a party has failed to produce a privilege log within Rule 34's 30-day limit. *Burlington N. & Santa Fe*, 408 F.3d at 1149. Instead, the Court must make a case-by-case determination with the following factors taken into consideration:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard.

*Id.*

Here, Plaintiff does not dispute that it has failed to provide any sort of privilege log or other information that would permit Defendant or the Court to evaluate whether the withheld items are privileged. Moreover, Plaintiff served its

ORDER GRANTING IN PART DEFENDANT'S MOTION TO ENFORCE
ORDER COMPELLING RESPONSE TO DISCOVERY ~ 6

response to Defendant's Request for Production 15 over a year ago with the objection that the request was irrelevant and overbroad. ECF No. 55-11 at 4. No objection based on privilege was asserted. *Id.* Nor did Plaintiff make any objection on the basis of privilege in opposing Defendant's motion to compel (ECF No. 66) back in November 2024 or within 14 days of the Court's December 16, 2024 order compelling Plaintiff to produce the relevant documents (ECF No. 68). It also does not appear that the production of the documents was so burdensome as to justify the late assertion of privilege; Plaintiff simply disclosed redacted documents with no accompanying privilege log. Plaintiff has provided no explanation or mitigating factors in failing to timely and properly assert a claim of privilege. Therefore, any objection to disclosure on the basis of privilege is waived.

For the reasons discussed, Defendant's motion is granted with the caveat that the parties will first submit a proposed protective order to the Court within 14 days of this ruling. The Court gives warning to Plaintiff that a failure to timely comply with the disclosure timeline provided without good cause may result in future sanctions.

//

//

//

ORDER GRANTING IN PART DEFENDANT'S MOTION TO ENFORCE ORDER COMPELLING RESPONSE TO DISCOVERY ~ 7

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Enforce Motion to Compel (ECF No. 69, 70) is **GRANTED in part**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED April 1, 2025.

THOMAS O. RICE
United States District Judge