Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe Street
Spokane, Washington 99201
(509) 795-4863
kirby@kirbylawoffice.com

Phillip R. Malone (pro hac vice)
Juelsgaard Intellectual Property
  and Innovation Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
(650) 724-1900
pmalone@stanford.edu

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC., a Washington for profit corporation,<br><br>Defendant. | No. 2:23-cv-00160-TOR<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. and Defendant Pool World, Inc. (each a "Party" and collectively the "Parties") hereby agree and stipulate to the following procedures to govern the use of confidential documents throughout the pendency of the instant action (the "Action"):

    a)    As used in this Joint Stipulation of Confidentiality and Order, the term "Confidential Information" includes the documents identified in the attached schedule

that the parties have agreed should be subject to the confidentiality protections of this agreed order; and

b) Information contained in an answer to any question asked or any statement made during this litigation that is designated "CONFIDENTIAL" by the agreement of the parties.

1. Confidential Information designated as "CONFIDENTIAL" that is disclosed by either party or by a third party to any party during the course of this litigation:

a) shall only be used by the parties to this litigation, their counsel, any independent expert witnesses and advisors and consultants retained by a party to this litigation (i) in connection with the prosecution and defense of this litigation, or (ii) for use by Defendant's counsel (Public Citizen and/or Steve Kirby, Esq. and/or Phil Malone, Esq.) in other copyright lawsuits brought by Plaintiff, so long as the same level of confidentiality is afforded therein, or (iii) to be consulted in advising persons facing claims of copyright infringement by plaintiff, and for no other purpose;

b) shall not be published to the general public in any form by any party to this litigation, their counsel, or any independent expert witnesses, advisors and consultants retained by a party to this litigation, nor used by any party to this litigation, their counsel, or any independent expert witnesses, advisors and consultants retained by the receiving party for any business or commercial purpose other than providing legal advice or representation as discussed in this order, provided, that nothing in this subparagraph shall bar disclosure of documents or

information that the Court authorizes (or the parties agree to allow) to be publicly filed; and

c) may be disclosed by the parties to this litigation only to the following persons insofar as it is reasonably necessary to the prosecution or defense of this litigation, or for use by Defendant's counsel (Public Citizen and/or Steve Kirby, Esq. and/or Phil Malone, Esq.) in other copyright lawsuits brought by Plaintiff, so long as the same level of confidentiality is afforded therein, or to be consulted in advising persons facing claims of copyright infringement by plaintiff:

 i. the parties to this Action and those management-level employees of such parties to the extent such employees reasonably need access to such Confidential Information;

 ii. attorneys of record for the parties to this litigation, including any attorneys employed by a law firm of record that represents a party;

 iii. attorneys engaged in other copyright litigation brought by plaintiff, or advising persons facing claims of copyright infringement by plaintiff:

 iv. secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents a party;

 v. the receiving party or independent expert witnesses, advisors and consultants retained by a party in connection with this litigation;

 vi. technical, secretarial, clerical or other personnel employed full-time or part-time by independent expert witnesses, advisors and consultants of a party;

vii.  court reporters or stenographers engaged to record deposition testimony, and their employees;

viii.  a witness at any deposition or other proceeding in this case;

ix.  a potential witness; and

x.  such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party.

2.  Nothing in this Joint Stipulation of Confidentiality and Order shall preclude a disclosure of information to any person who offered, prepared, previously had legal access to, was an addressee of, received a copy of such information prior to the date of this Confidentiality Agreement, or participated in the creation, compilation or production of such information.

3.  Prior to disclosing "CONFIDENTIAL" documents to persons listed in Paragraphs 1 or 2 above, counsel shall inform each person receiving any "CONFIDENTIAL" documents or information of the terms of this Joint Stipulation of Confidentiality and Order as well as the obligation to comply with its terms.  All such persons listed in paragraphs 1 or 2 who receive "CONFIDENTIAL" documents or information shall be bound by the terms of this Joint Stipulation of Confidentiality and Order, and shall not permit disclosure of the "CONFIDENTIAL" documents or information other than pursuant to the terms of this Stipulation. Each person appropriately designated pursuant to paragraphs 1 or 2 to receive "CONFIDENTIAL" documents or information shall execute a "Written Assurance" in the form attached as Exhibit A.

4. Anything to the contrary notwithstanding, this Joint Stipulation of Confidentiality and Order shall not apply to knowledge, information or documents already held by the non-disclosing party, which was obtained from sources other than the documentation or information disclosed and designated confidential in good faith pursuant to this Joint Stipulation of Confidentiality and Order. The Joint Stipulation of Confidentiality and Order shall also not apply to publicly available information.

5. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. The designation of, or acquiescence to, the designation of any documentation, deposition transcript or testimony or other information as "CONFIDENTIAL" shall not have any evidentiary value relating to the status of such information. Moreover, a "CONFIDENTIAL" designation or acquiescence shall not be construed as an admission that the information is, in fact, confidential or is protected from disclosure pursuant to any privilege provided by Ninth Circuit.

6. In the event the Parties disagree as to the continued propriety of the previous agreement to designation of any particular document or information as "CONFIDENTIAL" the Parties shall attempt to resolve any challenge in good faith on an informal basis. If the dispute cannot be resolved, the disclosing Party must move for a protective order (or otherwise seek relief from the Court pursuant to its discovery procedures) with respect to the challenged document within 14 days of the challenge. The Court thereupon may determine whether any protections may be afforded to the document or information based

upon applicable Ninth Circuit law. The challenged document and information shall maintain its "CONFIDENTIAL" designation pursuant to this Joint Stipulation of Confidentiality and Order pending a ruling by the Court with respect to the challenge.

7. The documents or information designated pursuant to this Joint Stipulation of Confidentiality and Order as "CONFIDENTIAL" may be disclosed to the Court in connection with any filing or proceedings in this Action, but the Party disclosing said documents or information shall cause the "CONFIDENTIAL" documents or information to be filed under seal, unless the Court rules that the information may be disclosed publicly. All "CONFIDENTIAL" portions of briefs or affidavits may be designated by clearly marking the notation "CONFIDENTIAL" or other similar legend on each the contents thereof, if used in any court proceeding herein, it shall not lose its protected status through such use. The Party which intends to use or disclose "CONFIDENTIAL" documents or information in a court proceeding in this Action shall take all reasonable steps to ensure the continuing confidentiality of the documents. However, nothing in this order shall limit the Court's ability, either sua sponte or in response to a motion to unseal, to determine that a particular record or piece of information should be unredacted. Nor shall anything in this order require that documents or information must be sealed from public disclosure at trial.

8. For good cause, any Party may seek modification or termination of this Joint Stipulation of Confidentiality and Order by first attempting to obtain the consent of the other Party to such modification, and then, absent consent, by application to this Court.

9. At the conclusion of this Action by judgment, dismissal or stipulation, and the

expiration of any and all appeals therefrom or by settlement, the Parties shall either return or destroy all originals and copies, summaries or other reproductions of "CONFIDENTIAL" material, including all prints, summaries, electronic copies and other reproductions of such material. The Party returning or destroying the "CONFIDENTIAL" documents or information shall provide the other Party with a written certification that it has returned or destroyed all such originals and copies, summaries or other reproductions of "CONFIDENTIAL" material, including all prints, summaries, electronic copies and other reproductions of such material. Provided, that nothing in this order shall require the return or destruction of documents submitted to the Court. Provided further, that documents pertaining to plaintiff's subscriptions and income from copyright enforcement, and information from those documents may be retained for use in future copyright litigation brought by plaintiff, or to be consulted in advising persons facing claims of copyright infringement by plaintiff.

10.     In the event that any Party is served with any judicial process, court order, and/or administrative or regulatory order to compel production or disclosure of any documents, materials, papers, testimony, or things that have been designated "CONFIDENTIAL" that Party shall inform the other Parties to this Order within five business days of the receipt of such process or order.

11.     This Joint Stipulation of Confidentiality and Order shall survive the termination of this Action, whether by dismissal, final judgment or stipulation, the expiration of any and all appeals therefrom, or settlement, and shall continue in full force and effect. The Court

will retain jurisdiction to enforce this Joint Stipulation of Confidentiality and Order.

The foregoing Stipulated Confidentiality Agreement is entered by the Parties.

/s/ Lauren M. Hausman
Lauren M. Hausman
COPYCAT LEGAL PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com

/s/ Max K. Archer
Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714

Attorneys for Plaintiff

/s/    Paul Alan Levy
Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

/s/ Stephen Kirby
Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe Street
Spokane, Washington 99201
(509) 795-4863
kirby@kirbylawoffice.com

/s/   Philip R. Malone
Phillip R. Malone (pro hac vice)
Juelsgaard Intellectual Property
 and Innovation Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
(650) 724-1900
pmalone@stanford.edu

Attorneys for Defendant

The foregoing Stipulated Confidentiality Agreement is hereby adopted and ratified by this Court.

SO ORDERED this ___ day of April, 2025:

_____
Thomas O. Rice
United States District Judge

## SCHEDULE A

The parties have agreed that the following documents and/or information should be treated as confidential under this agreement and order

A.     The names of plaintiff's subscribers in documents disclosed pursuant to defendant's document requests.

B.     Defendant's tax returns disclosed pursuant to plaintiff's Request for Production No. 17.

C.     Any internal financial records provided to defendants' tax preparers that are disclosed pursuant to plaintiff's Request for Production No. 18.

D.     Any documents related to the change of ownership disclosed pursuant to plaintiff's Request for Production No. 19.

E.     Plaintiff and/or Defendant's financial and/or accounting records, including but not limited to bank statements, tax returns, balance sheets, profit & loss reports, QuickBooks reports, or other records produced demonstrating revenue/income/expenses.

F.     Personal information about any individual who is a customer or employee of defendant Pool World or its vendors, including credit card numbers, social security numbers, telephone and other numbers of staff and customers, as well as names and addresses of individual customers and staff of vendors.

** The fact that any particular document does not fall within one of the above-identified categories shall not prohibit a party from seeking relief from the Court to have such document treated as confidential prior to the disclosure of such.

**EXHIBIT A**

**WRITTEN ASSURANCE**

I, _____ declare that:

I reside at _____ in the city of _____, county of _____, and state of _____;

I am currently employed by _____

located at _____, and my current job title is _____.

I have read and believe I understand the terms of the Joint Stipulation of Confidentiality and Order dated _____, 2025, filed in Case No. 2:23-cv-00160-TOR, pending in the United States District Court for the Eastern District of Washington. I agree to comply with and be bound by the provisions of the Joint Stipulation of Confidentiality and Order. I understand that any violation of the Joint Stipulation of Confidentiality and Order may subject me to sanctions by the Court.

As soon as practical, but no later than thirty (30) days after final termination of the Action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of ___, 2025.

_____
Signature