Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe Street
Spokane, Washington 99201
(509) 795-4863
kirby@kirbylawoffice.com

Phillip R. Malone (pro hac vice)
Juelsgaard Intellectual Property and Innovation Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
(650) 724-1900
pmalone@stanford.edu

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC., a Washington for profit corporation,<br><br>Defendant. | No. 2:23-cv-00160-TOR<br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendant Pool World, Inc., through undersigned counsel, answers the Amended Complaint as follows. All allegations not specifically admitted are denied.

1. This allegation is admitted.

2. This allegation is admitted.

3. This allegation is admitted.

4. This allegation is admitted.

5. This allegation is admitted.

6. It is admitted that plaintiff's website purports to sell subscriptions pursuant to which photographs are licensed. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph, which are therefore denied.

7. This allegation is denied in part, in that, writing on behalf of Rockefeller Photos, counsel for plaintiff has represented that Rockefeller Photos is the exclusive licensing agent for some photos on plaintiff's website.

8. Defendant lacks sufficient information to admit the allegations of this paragraph, which are therefore denied.

9. It is admitted that a copyright registration for the Work as described in this paragraph was issued by the Copyright Office to AdLife. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph, which are therefore denied. Discovery in this case, as well as an affidavit from a former employee of plaintiff, call into question the validity of plaintiff's copyright registration.

10. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied.

11. This allegation is admitted.

12. This allegation is admitted.

13. It is admitted that defendant, believing that it had permission to do so, published

on its website in 2010 a composite photo that included the Work. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph, which are therefore denied.

14. This allegation is admitted.

15. It is admitted that defendant never contacted the plaintiff, but the remaining allegations in this paragraph are denied.

16. This allegation is admitted.

17. This allegation is denied.

18. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied. It is admitted that plaintiff sent defendant a demand letter, which is attached to this answer as Exhibit A, which contained many deliberately false and misleading statements, and that defendant did not reply.

19. Because this allegation contains vague conclusions of law, no specific response is required; to the extent that a response is required, defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied.

20. It is admitted that plaintiff is realleging the previous paragraphs. Defendant responds to each such allegation by admitting or denying, and making further allegations, as stated above with respect to each paragraph.

21. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, which are therefore denied.

22. Defendant admits that a registration for the Work was issued by the Copyright

Office. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph, which are therefore denied. Discovery in this case, as well as an affidavit from a former employee of plaintiff, call into question the validity of plaintiff's copyright registration.

23. It is admitted that defendant had access to the photograph because, in the years before 2016, plaintiff made it available for licensing from a stock photo website. The remaining allegations in this paragraph are denied.

24. This allegation is denied.

25. This allegation is denied.

26. This allegation is denied.

27. This allegation is denied.

28. This allegation is denied. In fact, it is willfully false inasmuch as, at the time the amended complaint was filed, the composite work containing the photo had been off defendant's website for nearly three years.

**PRAYER FOR RELIEF**

The paragraphs of the Prayer for Relief contain no factual allegations to which response is required. To the extent that these paragraphs may imply that plaintiff has set forth factual allegations that entitle plaintiff to relief, they are denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred by the statute of limitations. On information and belief, plaintiff has for several years regularly conducted entensive reverse image searches

to enable its business of sending demand letters (similar to Exhibit A) containing willfully false statements, seeking to extort unjustified settlements from small businesses, taking advantage of how expensive it is for a small business to hire a lawyer to defend a copyright suit, suing for copyright infringement only when plaintiff expects that the case will not be defended, filing complaints containing statements that plaintiff knows to be false, and filing affidavits that plaintiff and the affiant knew to be false to secure default judgments in amounts not justified by the actual facts. In this very case, plaintiff included false allegations in its complaint to increase its damages claim, which were removed only after defendant served a motion for sanctions on plaintiff. To the extent that plaintiff invokes the discovery rule to justify suing on an alleged infringement that occurred in 2010, far outside the three-year statute of limitations, application of the discovery rule would be inequitable.

2. On information and belief, defendant had permission to use the Work, which could have been licensed for about a dollar. In 2010, when defendant put the composite image including the Work on its website, more than 4000 of plaintiff's photographs, including the Work, were routinely made available for licensing for perpetual use on an individual basis both by the licensee and its customers through a stock photo service. When the stock photo service sold licenses for use of plaintiff's photographs, for which it typically charged one dollar in credits for use of the photos of the sort at issue in this case, and for which plaintiff was paid less than one dollar per license, the service did not tell AdLife which licenses were being sold to whom. In 2016, plaintiff removed the Work from the stock photo site and began making its entire database of photos available via a monthly licensing scheme for the

purpose of beginning the extortionate enforcement business described in the First Affirmative Defense.

3. Defendant should be awarded its costs and reasonable attorney fees for having to defend this objectively baseless lawsuit.

/s/  Paul Alan Levy
Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

/s/ Stephen Kirby
Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe Street
Spokane, Washington 99201
(509) 795 4863
kirby@kirbylawoffice.com

/s/ Phillip R. Malone
Phillip R. Malone (pro hac vice)
Juelsgaard Intellectual Property
  and Innovation Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-1900
pmalone@stanford.edu

Attorneys for Defendant

April 18, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 18th day of April, 2025, I am filing this Answer by the Court's ECF system, which will effect service on counsel for plaintiff, Daniel De Souza, Max Archer and Lauren Hausman.

>      /s/   Paul Alan Levy
> Paul Alan Levy (pro hac vice)
> Public Citizen Litigation Group
> 1600 20th Street NW
> Washington, D.C. 20009
> (202) 588-7725
> plevy@citizen.org