FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 28, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC., a Washington for-profit corporation,<br><br>Defendants. | CASE NO: 2:23-CV-0160-TOR<br><br>SECOND AMENDED JURY TRIAL SCHEDULING ORDER |

BEFORE THE COURT is the Parties' Joint Motion to Extend Deadlines (ECF No. 84). The Court reviewed the motion and is fully informed. For good cause shown Joint Motion is granted and the Amended Jury Trial Scheduling Order (ECF No. 64) is amended as follows:

\* \* \*

AMENDED JURY TRIAL SCHEDULING ORDER ~ 1

**4. Discovery Cutoff**

    **A. Generally**

All discovery, including depositions and perpetuation depositions, shall be completed by **August 29, 2025** ("Discovery Cutoff").  To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely response by the cutoff date. The parties shall not file discovery, except those portions necessary to support motions or objections.

    **B.    Depositions, Interrogatories, Requests for Production/Admission**

Unless otherwise stipulated, no more than 12 depositions up to seven hours long, may be taken by the plaintiffs, or by the defendants, or by third-party defendants.  Fed. R. Civ. P. 30(a)(2)(A) and (d)(1) (**modified**).

Unless otherwise stipulated, any one party may serve no more than 25 written interrogatories, including discrete subparts, on any other party.  Fed. R. Civ. P. 33(a)(1) and advisory committee notes (1993) explaining "discrete subparts".

Unless otherwise stipulated, any one party may serve no more than 30 requests for production, including discrete subparts, on any other party.  LCivR 34(d).

AMENDED JURY TRIAL SCHEDULING ORDER ~ 2

Unless otherwise stipulated, any one party may serve no more than 30 requests for admission, including discrete subparts, on any other party.  LCivR 36(c) (**modified**).

A party needing relief from these limitations should timely seek relief from the Court by motion.

### C.  Protective Orders

Any stipulation or motion for a confidentiality agreement or protective order must be timely filed so as not to delay the discovery process or the Court's deadlines. If confidential records are attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good cause" must be shown to seal records attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

### D.  Motions to Compel

To avoid wasted time and expense, the parties may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes.  Motions to compel seeking sanctions shall be filed in writing.

**5. Dispositive and *Daubert* Motions**

All dispositive and *Daubert* motions shall be filed on or before **September 12, 2025**.  Responses and replies to dispositive and *Daubert* motions shall comply

AMENDED JURY TRIAL SCHEDULING ORDER ~ 3

with LCivR 7.  No supplemental responses or supplemental replies to any dispositive or *Daubert* motion may be filed without Court permission.

Dispositive and *Daubert* motions shall be noted for hearing at least **fifty (50) days** after the date of filing.

**6. Motion Practice**

**A. Notice of Hearing**

Parties are to comply with LCivR 7(i) when noting motions for hearing.  If oral argument is sought by a party, counsel shall first confer and determine an agreeable hearing date and time, and then contact chambers to confirm the Court's availability for the agreed upon hearing date and time.  All non-dispositive motion hearings shall be conducted telephonically, unless in-person argument is approved by the Court.  The parties may use cellular phones for telephonic hearings provided the caller is in an area with adequate cellular service and minimal background noise.  Neither cell phones nor landline phones may be used in speaker mode or with a headset.  All phones must be muted unless addressing the Court.  At the Court's discretion, dispositive motion hearings in which oral argument has been requested may be set for either in-person or telephonic appearance.

**B. Motions to Expedite**

If there is a need to have a motion heard on an expedited basis, the party must file a motion to expedite and an accompanying memorandum (or declaration)

AMENDED JURY TRIAL SCHEDULING ORDER ~ 4

establishing the need for an expedited hearing.  The motion shall be noted for hearing, without oral argument, no earlier than seven (7) days after the filing of the motion, or two (2) days after the date of filing with prior permission from the Court.  Pursuant to local rule, motions (including stipulated motions) may **not** be noted for hearing for the same they are filed.

### C.  Citing Previously-Filed Documents

All references to a previously filed document shall cite to the electronic case filing (ECF) record number and page number within that ECF record, in the following format, "ECF No. __ at __."  Such documents shall not be attached as exhibits.

### D.  Reliance on Deposition Testimony

When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court <u>with the pertinent excerpts</u> of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position.  *See generally* LCivR 56(c).  Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).

//

//

AMENDED JURY TRIAL SCHEDULING ORDER ~ 5

### E. Supplemental Responses or Replies

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

### F. Motions to Reconsider

Motions to reconsider are disfavored. Motions must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier.  The motion shall be noted for expedited hearing without oral argument seven days after it is filed. No response to a motion for reconsideration need be filed unless requested by the Court. No motion for reconsideration will be granted without such a request by the Court.

### G. Decisions on Motions

The parties may call to inquire about the status of a decision on a motion if the Court has not issued an order within **thirty (30) days after** the hearing on said motion.

## 7. Witness/Exhibit Lists

 Witness/Exhibit lists shall be filed and served and exhibits made available for inspection or copies provided to the parties on or before **November 7, 2025**.

### A. Witness Lists

Witness lists shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an

AMENDED JURY TRIAL SCHEDULING ORDER ~ 6

expert, and any known trial date/time conflicts the witness may have.

### B. Exhibit Lists

Exhibit lists shall include a brief description of the exhibit. All exhibits shall be pre-marked; Plaintiffs' exhibits shall be numbered 1-499; Defendants' exhibits shall be numbered 500-999. Exhibits shall be marked in the lower right corner of the exhibit when practicable.

### C. Objections

Objections to witnesses/exhibits shall be filed and served on or before **November 21, 2025**, AND SHALL BE HEARD AT THE PRETRIAL CONFERENCE. All objections to witnesses shall set forth a legal basis and explanation for the objection. Objections to an exhibit or portion thereof, shall be accompanied by a full and complete copy of the exhibit in question and a short legal explanation for the objection. The party seeking the admission of the witness or exhibit has five (5) days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply shall be filed.

## 8. Deposition Designations

### A. Generally

Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted in yellow by Plaintiff or in blue by Defendant in a complete transcript of the deposition or prior testimony and served

AMENDED JURY TRIAL SCHEDULING ORDER ~ 7

but not filed on or before **November 7, 2025.**

### B. Cross-Designations

Cross-designations shall be highlighted in yellow by Plaintiff or in blue by Defendant in the transcript containing the opposing party's initial designations and shall be served but not filed on or before **November 21, 2025.**

### C. Objections

All objections to designated deposition or prior testimony and the legal bases for the objections, shall be filed and served on or before **December 3, 2025.**  Any designated deposition or prior testimony objected to shall be underlined in black in a complete yellow/blue highlighted copy of the deposition/prior testimony transcript described above.  A paper copy of the underlined document shall be filed and served with the objections.  The party seeking admission of the testimony has five (5) days, excluding federal holidays and weekends, to file a response; no reply shall be filed. If the deposition was videotaped, and the videotape is to be used at trial, the party seeking to use the videotaped deposition shall indicate the relevant portion on both the written transcript and the videotape.  Similarly, objections shall be made on the written transcript as explained above along with the applicable time stamp on the video tape noted.  All objections to deposition and prior testimony designations shall be heard and resolved at the pretrial conference with the videotape available for display.

AMENDED JURY TRIAL SCHEDULING ORDER ~ 8

**9. Motions in Limine**

All unresolved substantive or evidentiary issues that may forseeably arise during trial shall be addressed by motions in limine to be filed and served on or before **October 17, 2025.** Such motions will be addressed and resolved at the pretrial conference. However, motions in limine may not reargue issues already decided by the Court.

**10. Pretrial Order**

    **A. Generally**

A joint proposed pretrial order prepared in accordance with LCivR 16(e) shall be filed on or before **December 19, 2025**, and a copy e-mailed, in Microsoft Word format, to "riceorders@waed.uscourts.gov".

    **B. Exhibit List**

The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial.

**11. Trial Briefs, *Voir Dire*, and Jury Instructions**

    **A. Generally**

Trial briefs, requested *voir dire*, and jointly proposed jury instructions shall be filed and served on or before **December 19, 2025**.

AMENDED JURY TRIAL SCHEDULING ORDER ~ 9

### B. Trial Brief Length

Trial briefs shall not exceed twenty (20) pages without prior court approval. To obtain court approval, a party must file a motion to file an overlength brief, demonstrating good cause why supplemental briefing is necessary.

### C. Jury Instructions

The parties' jointly proposed jury instructions shall include a table of contents, preliminary instructions, final substantive instructions, and a verdict form. The instructions shall be sequentially numbered and include a citation of authority for each. The instructions shall, at a minimum, include instructions regarding the elements of each claim or defense, the relief sought, and otherwise comply with LCivR 51(a). A party proposing a Jury Instruction that differs from a Ninth Circuit Model Civil Jury Instruction should submit a memorandum analyzing cases to support the modification.

### D. Individually Proposed Jury Instructions

If the parties are unable to agree on certain instructions, they are to submit individually proposed jury instructions no later than the date the jointly proposed instructions are due. All individually submitted proposed jury instructions must adhere to the format described above and not repeat the jointly proposed instructions.

//

### E. Objections

Any objections to the opposing party's individually submitted proposed instructions must be filed no later than five (5) days, excluding federal holidays and weekends, after the individual proposed instructions were filed. All objections shall set forth the basis for the objection and briefly explain why the instruction in question should not be used or should be altered.

### F. Courtesy Copies

Counsel are instructed to e-mail courtesy copies of their **jointly** and **individually** proposed jury instructions, in Microsoft Word format, to "riceorders@waed.uscourts.gov".

## 12. Pretrial Conference

An in-person pretrial conference will be held on **January 7, 2026, at 9:00 a.m.,** in Spokane Courtroom 902. All counsel trying the case must be present at the pretrial conference.

## 13. Trial

The jury trial shall commence on **January 20, 2026, at 8:30 a.m.,** in Spokane Courtroom 902. Counsel shall appear at 8:30 a.m. on the first day of trial to address any pending pretrial matters. Jury selection will begin promptly at 9:00 a.m.

IT IS SO ORDERED. The District Court Clerk is directed to enter this Order and provide copies to the parties.

DATED April 28, 2025.

THOMAS O. RICE
United States District Judge

AMENDED JURY TRIAL SCHEDULING ORDER ~ 12