# Levy Affirmation
# Exhibit UU

Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe Street
Spokane, Washington 99201
(509) 795-4863
kirby@kirbylawoffice.com

Phillip R. Malone (pro hac vice)
Juelsgaard Intellectual Property and Innovation Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
(650) 724-1900
pmalone@stanford.edu

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC., a Washington for profit corporation,<br><br>Defendant. | No. 2:23-cv-00160-TOR<br><br>**MOTION FOR RULE 11 SANCTIONS** |

Pursuing a scheme that has brought it great wealth over the past several years, plaintiff Prepared Food Photos ("PFP") sued Pool World on June 2, 2023, alleging that defendant Pool World infringed its copyright thirteen years before, when, in 2010, Pool World posted to a web site a composite image that included two photographs of food on grills – one photo of shrimp on a grill and one of vegetables on a grill. Claiming ownership of a copyright in the grilled vegetable image and alleging that Pool World had failed to

obtain a license for the use of that half of the composite image, PFP ratcheted up the potential impact of its copyright claim by alleging that it only makes its photos available for licensing by users who purchase an annual subscription to its entire database of "tens of thousands " of photos, for a minimum price of $999 per month for a minimum period of one year. Consequently, according to its Initial Disclosures, PFP stated that it was seeking actual damages in the amount of $11,988 for each of the twelve annualized periods that the grilled vegetable photo had been on Pool World's web site. That is, PFP's claimed actual damages were nearly $145,000.

In fact, this damages theory is based on a lie, and based on a theory that is squarely contrary to well-settled law. First, PFP did not begin its "by subscription only" policy for licensing the grilled vegetable photograph until 2017. In 2010, when Pool World posted the composite image to its website, PFP (then known as AdLife Marketing and Communications Co.") was making the grilled vegetables photo, and several thousand other photos, available for licensing through a Getty Images subsidiary for perpetual use for as little as a dollar per license. Levy Third Affirmation, at ¶ 3 Exh. N and ¶ 5 Exh. O. AdLife's royalty for these licenses was as little as twelve cents.

Second, at no time since 2017 has PFP ever enforced a $999 per month minimum for licensing access to that photograph (among others). In fact, on the day that PFP filed its complaint in this case, it had subscribers paying a range of monthly fees for access to its database of photographs, including subscribers paying $99 per month (via a contract calling for a $1188 annual fee), and $299 per month, and several other figures substantially below

$999 per month. Levy Fifth Affirmation, Exh. KK.

Third, the Ninth Circuit has held, in agreement with of every circuit that has considered the issue, that actual damages for infringement are " 'what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work," and that the "market value approach is an objective, not a subjective, analysis." *Jarvis v. K2 Inc.*, 486 F.3d 526, 533–34 (9th Cir. 2007). The Ninth Circuit cited approvingly a Second Circuit case holding that "the question is not what the owner would have charged, but rather what is the fair market value." *Id., citing On Davis v. Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001). PFP knows that its subscription service is not aimed at small businesses that need only one photograph, Nygard Affidavit, and it knows that $12,000 is not the market value of a license for use of a single image. Jones Deposition. Indeed, the evidence in this case is that the reasonable market price of a photograph similar to the one whose infringement is alleged in this case, is a few dollars at the most, not just for one year but for perpetual use. Expert Report of Jessica Teal. By maintaining this action based on a factual allegation that they knew to be false, and on a legal theory that they knew to be contrary to the Ninth Circuit law, plaintiff and its counsel have violated Rule 11, and they should be required to pay Pool World's attorney fees.

Under Rule 11(b), by "signing, filing, submitting or later advocating" the complaint, plaintiff and its counsel certified that,

> to the best of [their] knowledge, information and belief, formed after an inquiry reasonable in the circumstances,
> \* \* \*
> (2) the claims, defenses, and other legal contentions are warranted by

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and
    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

An attorney or party violates Rule 11 when it makes or maintains a claim in court "that is unwarranted by existing law or has no reasonable basis in fact." *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008). Sanctions may be imposed if a claim is either legally frivolous or factually misleading. *Truesdell v. S. California Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir. 2002). To determine whether to impose sanctions under Rule 11, courts make an "objective determination of whether a sanctioned party's conduct was reasonable under the circumstances." *Brown v. Fed'n of State Med. Bds.*, 830 F.2d 1429, 1435 (7th Cir. 1987). The fact that the complaint as a whole may be sound does not allow a party or its counsel to avoid Rule 11 sanctions based on the inclusion of unsupportable claims. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990) (en banc). A vastly overstated damages claim can warrant Rule 11 sanctions even if the underlying claim of liability is found to have been meritorious. *Hudson v. Moore Bus. Forms*, 836 F.2d 1156, 1162 (9th Cir. 1987)

"To determine whether the attorney made a reasonable inquiry into the facts of a case, a district court should consider: whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion, or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to

the development of the underlying facts." *Brown*, at 1435 (citing Advisory Committee Note, 97 F.R.D. at 199). "A reasonable inquiry is 'an inquiry reasonable under all of the circumstances of a case.' *Townsend*, 929 F.2d at 1364. Accord, *Lake v. Gates*, 2025 WL 815191, at *4 (9th Cir. Mar. 14, 2025).

Rule 11 "establishes a new form of negligence, where one owes a 'duty to one's adversary to avoid needless legal costs and delay.'" *Divane v. Krull Elec. Co.*, 319 F.3d 307, 315 (7th Cir. 2003). Rule 11 also creates a duty to the legal system "to avoid clogging the courts with paper that wastes judicial time and thus defers the disposition of other cases or, by leaving judges less time to resolve each case, increases the rate of error." *Mars Steel Corp. v. Continental Bank*, 880 F.2d 928, 932 (7th Cir. 1989). One of the fundamental purposes of Rule 11 is to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, ... thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (cleaned up).

Moreover, a lawyer's certifications are not judged based only on the information in the possession of a party and its counsel at the time they submit the certified document. Rule 11 also imposes a continuing "duty of candor by subjecting litigants to potential sanctions for insisting on a position after it is no longer tenable, . . . or . . . advocating positions contained in those pleadings . . . after learning that they cease to have any merit." Advisory Committee Note to 1993 Amendments to Rule 11; *Phonometrics, Inc. v. Economy Inns of America*, 349 F.3d 1356, 1362-1363 (Fed. Cir. 2003); *Rapp v. Franklin Cnty.*, 2022 WL 636420, at *4 (E.D. Wash. Feb. 18, 2022).

In this case, as noted above, PFP itself knew, at the time the complaint was filed, that the allegation in paragraphs 7 and 8 of the complaint that the PFP charges a minimum of $999 per month for access to its "library . . . of tens of thousands of professional images" was false. Moreover, scrutiny of the many default judgment motions filed in the past four years by PFP's Florida counsel, and false affidavits by PFP officer Rebecca Jones submitted in support of those motions, shows that this false allegation had an improper purpose—to enable PFP to secure a highly inflated judgment of tens of thousands of dollars based on the general rule that allegations in a complaint on which the defendant has defaulted must be assumed to be true. In those cases, PFP argued that the allegation of $999 per month showed the amount of damages for periods of as much as three years before the complaint was filed, even though PFP knew that this implication was false. The fraudulently obtained default judgments, in turn, are cited in future demand letters and future court papers to justify unjustified damages demands, thus creating a vicious cycle of fraud to extract huge settlements of PFP's copyright claims.

When this action was filed, PFP and its Florida counsel also knew from their experience in many other cases that, when PFP sues a small business alleging infringement of the copyright in a single photograph, the case is not likely to be actively defended but rather will be settled quickly or, indeed, the defendant may not appear through counsel at all. And PFP and its Florida counsel also knew that, without using discovery to test the veracity of PFP's assertion of a $999 monthly minimum fee, a defendant would be led to agree to a settlement in an amount based on the defendant's assumption that PFP's

complaint was accurate.

Moreover, counsel for plaintiff continued to maintain the false $999-per-month allegation in the complaint, pursuing nearly $145,000 in actual damages, DN 68 at 9, even after they learned from documents that they themselves produced in discovery that the $999 allegation was false, and they have continued to pursue the damages theory based on monthly subscription commitments, DN 56 at 6 n.5, even though they knew that it runs counter to settled law in the Ninth Circuit. In November, 2023, PFP's counsel produced twenty-two separate subscription agreements, including one agreement that required a subscriber to pay only $1188 per year (amounting to $99 per month), one agreement at $300 per month, and several agreements at $499 or $500 per month. At that point, counsel knew that the allegation of a $999 monthly minimum was false. And in December 2024 and February 2025, in compliance with the Court's order compelling disclosure of documents showing monthly payments by subscribers, plaintiff's counsel produced documents showing that payments of as little as $95 per month, $299 per month, and other amounts under $999, had continued into 2023 and 2024. Counsel then knew that the allegation of a $999 minimum was false on the date that the complaint was filed, and that it continued to be false. But they did not immediately withdraw the paper containing this false allegation. For all these reasons, both plaintiff and its counsel have violated Rule 11.

## CONCLUSION

The motion to impose Rule 11 sanctions should be granted. The parties should be given 30 days to try to reach agreement on the amount of the sanction. If the parties cannot

agree, Pool World should be allowed 15 days more to file an application for an award of attorney fees.

Respectfully submitted,

/s/ Paul Alan Levy
Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

/s/ Stephen Kirby
Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe Street
Spokane, Washington 99201
(509) 795 4863
kirby@kirbylawoffice.com

/s/ Phillip R. Malone
Phillip R. Malone (pro hac vice)
Juelsgaard Intellectual Property
 and Innovation Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-1900
pmalone@stanford.edu

Attorneys for Defendant

March 24, 2025

# CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of March, 2025, I am serving this Motion for Rule 11 Sanctions on counsel for plaintiff Max Archer and Lauren Hausman at their email addresses, mka@riverside-law.com and lauren@copycat.legal.

/s/ Paul Alan Levy
Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Attorney for Defendant

March 24, 2025

Motion for Rule 11 Sanctions    -9-    Case No. 2::23-cv-00160-TOR

184