# Exhibit N1



CopyCat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T 877-HERO-CAT (877-437-6228)
E dan@copycatlegal.com

FRE 408 SETTLEMENT COMMUNICATION

April 19, 2024

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL (doubleddmeats@gmail.com)**

Double D D Meats, Inc.
Attn: Kim Nygard
5602 232nd St. SW
Suite 104
Mountlake Terrace, WA 98043

***RE:    Prepared Food Photos, Inc. v. Double D D Meats, Inc.***

Dear Ms. Nygard:

This law firm represents Prepared Food Photos, Inc. Our client is in the business of licensing high-end, professional photographs for the food industry. Through its website (www.preparedfoodphotos.com), our client offers a monthly subscription service which provides access to/license of tens of thousands of professional images. The rights associated with these images are exclusively owned by our client, and it has spent countless hours and substantial monies in building a business that relies on such exclusive subscription service. The unauthorized use of our client's work deprives it of much-needed income and forces our client to incur substantial costs (monetary and time) in identifying violators and enforcing its rights.

In 1999, our client created a photograph titled "CornedBeefDinner001" (the "Work"). A copy of the Work is exhibited below:

1 | P a g e



The Work was registered by our client with the Register of Copyrights on August 5, 2016 and was assigned Registration No. VA 2-012-581. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

To our knowledge, our client *did not* authorize you or your company to use and/or display the foregoing photograph(s). Notwithstanding this lack of authorization, our client has identified the subject photograph(s) appearing on the following URL:
https://www.facebook.com/photo/?fbid=805461544941737&set=pb.100064336951369.-2207520000



A true and correct copy of screenshot(s) of the website, webpage, and/or social media page, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

2 | P a g e

287

If our client is mistaken or if you believe the photograph(s) was previously licensed through our client or some other party, please contact us immediately with evidence of the prior licensing. If we do not hear from you *within fourteen (14) days from the date of this letter*, we will be forced to assume that the photograph(s) was *not* properly licensed and will take appropriate legal action to enforce our client's rights.

If the above-described use of our client's photograph(s) was not properly licensed, please understand that such unauthorized use may constitute federal copyright infringement under 17 U.S.C. § 501. In such event, I encourage you to discuss the foregoing with your attorney and/or your insurance carrier as copyright infringement is a serious matter that potentially exposes you to substantial damages/attorneys' fees if we are forced to file a lawsuit on behalf of our client. Keep in mind that attorneys' fees include those you will be forced to incur to mount a defense (if any) *and* potentially the attorneys' fees/costs we will incur to pursue the matter (which may be awarded) if our client prevails in court. It is important that you are cognizant of that exposure in deciding how to respond to this letter. Assuming our client prevails in court, 17 U.S.C. § 504(c)(1) provides our client the right to recover statutory damages (for *each work* that was infringed) "in a sum of not less than $750 or more than $30,000 as the court considers just." Further, if the infringement was committed "willfully," the court may increase the award of statutory damages (for *each work* that was infringed) "to a sum of not more than $150,000."

Courts have not hesitated (where appropriate) to impose substantial statutory damages against copyright infringers of Prepared Food Photos' intellectual property. The below courts have each accepted Prepared Food Photos' minimum $11,988.00/year licensing fee as a measuring stick for actual damages and then proceeded to apply a 2x multiplier thereto in calculating statutory damages. See, e.g. Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC, No. 21-82129-CV, 2022 U.S. Dist. LEXIS 205649, at *4 (S.D. Fla. Mar. 22, 2022) (awarding *$23,976.00* in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Fat Daddy Co., No. 22-61671-CIV-SINGHAL, 2022 U.S. Dist. LEXIS 216004 (S.D. Fla. Nov. 29, 2022) (awarding *$23,976.00* in statutory damages, representing the $11,988.00 annual license fee for a 1-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *24 (S.D. Fla. Dec. 19, 2022) (awarding *$71,928.00* in statutory damages, representing the $11,988.00 annual license fee for a 3-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Silver Star of Brooklyn / Brooklyn's Best Inc., No. 1:22-cv-04196-WFK-CLP, 2023 U.S. Dist. LEXIS 22037 (E.D.N.Y. Jan. 23, 2023) (awarding *$71,928.00* in statutory damages, representing the $11,988.00 annual license fee for 3-year use with a 2x multiplier applied thereto); Prepared Food Photos, Inc. v. Trip Rest. LLC, No. 1:22-cv-07953-ER, 2023 U.S. Dist. LEXIS 68835, at *25 (S.D.N.Y. Apr. 14, 2023) (awarding *$47,952.00* in statutory damages, representing the $11,988.00 annual license fee for 2-year use with a 2x multiplier applied thereto).

Please keep in mind both that the facts of these cases may be different than those here (thus militating in favor of a higher or lower award here) and that the above amounts do not account for attorneys' fees/taxable costs which are also recoverable under the Copyright Act. You should

consult with an attorney to review the facts of *this* case, whether you have any defenses to the claims that Prepared Food Photos may bring, and what risk you may have in ignoring this letter.

Please note that Section 504 of the Copyright Act provides for the recovery of statutory damages (as explained above) or (at our client's election) actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Of course, if forced to litigate this matter, we will fully explore the damages issue and make an election that is most beneficial to our client.

While this is a serious matter, it is not particularly complex. The subject photograph(s) was either properly licensed or it was not. If it was, you should notify us immediately of such licensing so that we may inform our client of such. If it was not properly licensed, then the utilization of our client's work(s) without proper authorization constitutes copyright infringement. In that case, we will either resolve this issue in court (allowing a court to decide the matter) or privately between the parties. If the subject use was not authorized, our client hereby makes the following demand:

> ***You shall pay Thirty Thousand Dollars ($30,000.00) within twenty-one (21) days of the date first written above and shall immediately cease and desist from any further use of our client's work(s).***

Please contact us within the above-stated period to either provide evidence of licensing or to discuss resolution of this matter. If confirmation of a license or payment is received as described above, we will forego the filing of a lawsuit. Otherwise, please be aware that our client does not shy away from enforcing its rights in court. It has done so many times before and (as demonstrated above) secured awards commensurate with the above examples.

As stated above, the facts and circumstances of each case are different. However, you should know that "[s]tatutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions." Broad. Music, Inc. v. George Moore Enters., Inc., 184 F. Supp. 3d 166, 171-72 (W.D. Pa. Apr. 25, 2016). To further the punitive/deterrent nature of statutory damages, courts generally award plaintiffs "statutory damages of *between three and five times the cost of the licensing fees* the defendant would have paid." See Broad. Music, Inc. v. Prana Hosp'y, Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016); see also Joe Hand Promotions, Inc. v. Alburl, No. 5:18-cv-1935-LCB, 2020 U.S. Dist. LEXIS 29309, at *16-17 (N.D. Ala. Feb. 20, 2020) ("Courts have generally upheld awards of three times the amount of the proper licensing fee as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them."); Broad. Music, Inc. v. N. Lights, Inc., 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) ("[T]o put infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees. As such, courts often impose statutory damages in an amount more than double unpaid licensing fees where the infringement was not innocent.").

Using the above cases as a guide, please keep in mind that our client exclusively operates on a subscription basis. This means that access to one (1) photograph costs the same as access to the entire library of photographs. Our client makes its library available for a minimum of $999.00 per month (https://www.preparedfoodphotos.com/stock-photo-subscription/) (with the price ultimately depending on the number of 'end-users' a subscriber caters to) with a minimum subscription of twelve (12) months https://www.preparedfoodphotos.com/wp-content/uploads/PFP-Terms-of-Use-3-2023.pdf. Thus, irrespective of how long you utilized the subject photograph, the *minimum* license fee that would have been owed is $11,988.00 ($999.00 x 12 months).

You should provide a copy of this letter to your general liability insurance carrier (if one exists), notify them of our client's demand, disclose the identity of such insurer to us, and provide a copy of the subject insurance policy to us. If you believe we are mistaken as to the allegations of copyright infringement made herein, then we encourage you to provide us with copies of any license or other evidence supporting your authorized use of the subject work(s).

This letter further constitutes a demand that you immediately suspend any document destruction policy and preserve any and all documents (such as e-mails, text messages, social media pages/postings, copies of the work(s) at issue, etc.) that may be relevant to the claims or defenses in a forthcoming lawsuit. Please be aware that a federal court may impose significant sanctions if you fail to preserve relevant documents upon reasonable anticipation of litigation.

Finally, while removing the unlicensed photograph(s) from display is required, please understand that *removal alone is insufficient to end this matter*. If your use of the subject photograph is unauthorized and you do not contact us to discuss payment for your existing/past use of the photograph(s), a lawsuit *will* be filed and our client *will* pursue the above-described damages against you.

You should give this matter your immediate attention.

Very truly yours,

*Daniel DeSouza*

Daniel DeSouza, Esq.
For the Firm

Encl.

Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe Street
Spokane, Washington 99201
(509) 795-4863
kirby@kirbylawoffice.com

PHILLIP R. MALONE (pro hac vice)
JUELSGAARD INTELLECTUAL PROPERTY
 AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-1900
pmalone@stanford.edu

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for profit corporation, | ) ) ) ) | No. 2:23-cv-00160-TOR |
| Plaintiff, | ) ) ) | **AFFIRMATION OF RICHARD RIMER** |
| v. | ) ) | |
| POOL WORLD, INC., a Washington for profit corporation, | ) ) ) | |
| Defendant. | ) | |

291

1. My name is Richard Rimer. I make this affirmation about a matter that I handled for a client that was threatened with infringement litigation by the law firm of CopyCat Legal, on behalf of its client Prepared Food Photos ("PFP").

2. I am a Georgia lawyer in private practice, specializing in trademark matters for small and mid-sized businesses. In early 2023, I assisted a client, Health Solutions, which received the demand letter that is attached as Exhibit R1.

3. I responded to the demand letter by email, explaining that, my client had used a web development company back in 2016 that obtained licenses for the use of photographs on its website from various stock photo site, and hence was not liable for infringement. However, recognizing that Health Solutions would have to spend money for me to litigate on its behalf, I offered to settle PFP's claim for $1500. That offer appears in the email chain that is attached as Exhibit R2.

4. CopyCat Legal rejected that offer, touting the many large judgments it had obtained based on its policy of only making photographs available to companies willing to subscribe to its entire database at the minimum rate of $999

292

for a minimum of 12 months at a time. Its response also emphasized how much my client would have to spend to defend against litigation, both in out of pocket expenses and my attorney fees. Because CopyCat Legal's estimate of the cost to my client would be in excess of $15,000, it said that our offer of only $1500 was unreasonably low.

    5. In response, by an email on June 15, 2023, I explained that its damages claim was substantially overblown, because actual damages in copyright cases are based on the market value of the work used, not whatever charge the copyright owner might prefer to ask for. Moreover, because CopyCat legal was plainly bullying my client, in effect making an extortionate demand based on the threat to subject it to high expenses to extract a legally unjustified payment, I withdrew the offer of $1500 and said my client would pay nothing. I challenged CopyCat Legal to sue on behalf of its client, suggesting that the outcome would be a ruling that would cause a change in its business model. I cited a case, *Buckingham Brothers*, in which a lawyer for PFP's predecessor company, AdLife, was sanctioned

because, among other things, he had demanded excessive damages for a stock photograph. These statements are included in the email exchange attached as Exhibit R2.

6. Two years after that email, PFP has not sued my client, and my client has paid nothing to PFP.

        Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2025.

_____
Richard Rimer