Paul Alan Levy (pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Stephen Kirby
Kirby Law Office, PLLC
WSBA #43228
1312 N. Monroe Street
Spokane, Washington 99201
(509) 795-4863
kirby@kirbylawoffice.com

PHILLIP R. MALONE (pro hac vice)
JUELSGAARD INTELLECTUAL PROPERTY
 AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-1900
pmalone@stanford.edu

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC.,<br>f/k/a ADLIFE MARKETING<br>& COMMUNICATIONS CO., INC.,<br>a Florida for profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>POOL WORLD, INC., a Washington for<br>profit corporation,<br><br>Defendant. | No. 2:23-cv-00160-TOR<br><br>**AFFIRMATION OF<br>RICHARD RIMER** |

291

1. My name is Richard Rimer. I make this affirmation about a matter that I handled for a client that was threatened with infringement litigation by the law firm of CopyCat Legal, on behalf of its client Prepared Food Photos ("PFP").

2. I am a Georgia lawyer in private practice, specializing in trademark matters for small and mid-sized businesses. In early 2023, I assisted a client, Health Solutions, which received the demand letter that is attached as Exhibit R1.

3. I responded to the demand letter by email, explaining that, my client had used a web development company back in 2016 that obtained licenses for the use of photographs on its website from various stock photo site, and hence was not liable for infringement. However, recognizing that Health Solutions would have to spend money for me to litigate on its behalf, I offered to settle PFP's claim for $1500. That offer appears in the email chain that is attached as Exhibit R2.

4. CopyCat Legal rejected that offer, touting the many large judgments it had obtained based on its policy of only making photographs available to companies willing to subscribe to its entire database at the minimum rate of $999

292

for a minimum of 12 months at a time.  Its response also emphasized how much my client would have to spend to defend against litigation, both in out of pocket expenses and my attorney fees.  Because CopyCat Legal's estimate of the cost to my client would be in excess of $15,000, it said that our offer of only $1500 was unreasonably low.

5.  In response, by an email on June 15, 2023, I explained that its damages claim was substantially overblown, because actual damages in copyright cases are based on the market value of the work used, not whatever charge the copyright owner might prefer to ask for.  Moreover, because CopyCat legal was plainly bullying my client, in effect making an extortionate demand based on the threat to subject it to high expenses to extract a legally unjustified payment, I withdrew the offer of $1500 and said my client would pay nothing.  I challenged CopyCat Legal to sue on behalf of its client, suggesting that the outcome would be a ruling that would cause a change in its business model.  I cited a case, *Buckingham Brothers*, in which a lawyer for PFP's predecessor company, AdLife, was sanctioned

293

because, among other things, he had demanded excessive damages for a stock photograph. These statements are included in the email exchange attached as Exhibit R2.

6. Two years after that email, PFP has not sued my client, and my client has paid nothing to PFP.

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2025.

_____
Richard Rimer

294