

1  Paul Alan Levy (pro hac vice)
   Public Citizen Litigation Group
2  1600 20th Street NW
   Washington, D.C. 20009
3  (202) 588-7725
   plevy@citizen.org
4
   Stephen Kirby
5  Kirby Law Office, PLLC
   WSBA #43228
6  1312 N. Monroe Street
   Spokane, Washington 99201
7  (509) 795-4863
   kirby@kirbylawoffice.com
8
9  Phillip R. Malone (pro hac vice)
   Juelsgaard Intellectual Property and Innovation Clinic
10 Mills Legal Clinic at Stanford Law School
   Crown Quadrangle, 559 Nathan Abbott Way
11 Stanford, California 94305-8610
   (650) 724-1900
12 pmalone@stanford.edu

13              UNITED STATES DISTRICT COURT
14          FOR THE EASTERN DISTRICT OF WASHINGTON

15 PREPARED FOOD PHOTOS, INC.,        )
   f/k/a  ADLIFE MARKETING            )
16 & COMMUNICATIONS CO., INC.,        )   No. 2:23-cv-00160-TOR
   a Florida for profit corporation,  )
17                                    )   **EIGHTH AFFIRMATION
                 Plaintiff,           )   OF PAUL ALAN LEVY**
18                                    )
19            v.                      )
                                      )   Hearing August 19, 2025
20 POOL WORLD, INC., a Washington for )   6:30 PM
   profit corporation,                )
21                                    )
                 Defendant.           )
22

23     1.  My name is Paul Alan Levy.  I am lead counsel for defendant Pool World.  I make

24 this affirmation in further support of defendant's  motion to unseal.

25

26     2.  Plaintiff Prepared Food Photos ("PFP") suggests in opposition to the motion to

27 unseal that Pool World seeks to annul the agreed protective order to which the parties agreed

28

and that was entered by the Court.  PFP contends that Pool World seeks to make public banking records and other materials designated as confidential pursuant to the order.  In fact, Pool World's motion seeks leave to unredact only certain information contained in or derived from documents subject to the protective order, and not to unredact the documents themselves (with one exception) and only to the extent that this information has been filed in support of the summary judgment motion.

3.   In preparing the motion, my office extracted and summarized financial data from records subject to the protective order that was directly relevant to Pool World's arguments and asked PFP's lead counsel, Daniel DeSouza, to stipulate to the accuracy of our summaries.

4.   Mr. DeSouza did not respond to these requests, with one exception: in response to my request that he stipulate to monthly and annual totals of payments that his law firm had received in settlement of claims of copyright infringement, reflected in a ledger maintained by his firm, he told me that he had made his own calculations of those amounts, and that our calculations were wrong.  (The ledger is attached to my Seventh Affirmation as Exhibit SS.).

5.   At that point, I asked Mr. DeSouza to send me the ledger, which to that point had been sent only in PDF format, in the original format so that I could redo the calculations using the spreadsheet's automated formulas and see whether I agreed with his totals.  He agreed to do so.

6.   However, I was unable to run the calculations because he sent me the spreadsheet

locked.  After Mr. DeSouza told me that he lacked the technical know-how to unlock the ledger, I provided both the PDF originally received and the original format spreadsheet to our office assistance, Martha Solt, whose affirmation (attached to my Seventh Affirmation as Exhibit QQ) explains how she was able to extract the data from the electronic documents and create the financial summary that is attached to her Affirmation as Exhibit S2.

7.  Because Mr. DeSouza had disputed the accuracy of our calculations, as noted above, I attached the actual payment ledger as Exhibit SS to Pool World's summary judgment motion so that the Court can assess for itself the correctness of the spreadsheet calculations in Exhibit S2 to the Solt Affirmation.

8.  Because Mr. DeSouza had not contested the accuracy of the other data summaries, based on data extracted from the banking records and other materials that PFP had provided in discovery, and because the records in question are quite voluminous, we have NOT submitted for the record the underlying records for the figures set forth in Exhibits S1, RR, and TT; in paragraph 51 of the Statement of Material Facts; in paragraphs 6, 8, and 9 of my Seventh Affirmation; and on pages 3, 22, and 23 of the motion for summary judgment. However, if PFP disputes the accuracy of those numbers, Pool World will have to file the original documents so that the Court—and the public— can assess the accuracy of the summaries.

9.  The Declaration of Rebecca Jones says that the names of companies that PFP has accused of infringement and that have paid settlements must be kept confidential to protect the companies' reputations against future settlement pressure from other copyright owners.

She represents that all settlements (with an exception not applicable here) would have promised confidentiality. But PFP provided Pool World with a spreadsheet listing thousands of "hits" from its reverse image searches from 2019 to 2024, listing the companies in question and specifying, for many of them, the amounts paid in settlement. Pool World received that document, which forms the basis for Exhibit S1 attached to the Affirmation of Martha Solt, without any demand from PFP that the document remain confidential.

10.  Among the disclosures that PFP made, in compliance with previous promises to supplement its discovery responses, in securing Pool World's consent to its motion for an extension of time to response to the summary judgment motion, was the fact that a particular subscriber (Company 12 in Exhibit OO) that was still a subscriber in 2024 but whose payments did not appear in any of the provided records showing subscriber payments, has since stopped being a subscriber.

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on August 7, 2025.

_____/s/ Paul Alan Levy_____