EXHIBIT "E"

Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*

Lauren M. Hausman, *pro hac vice*
Daniel DeSouza, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
dan@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> POOL WORLD, INC., <br><br> Defendant. | Civil Action No. 2:23-cv-00160-TOR <br><br> DECLARATION OF JOEL ALBRIZIO |

Joel Albrizio does hereby declare pursuant to 28 U.S.C. § 1746:

1.      I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

1

2. I submit this declaration in support of plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.'s ("Plaintiff") memorandum in opposition to defendant Pool World, Inc.'s ("Defendant") Motion for Summary Judgment (the "Motion") [D.E. 90].

3. I am the sole shareholder of Plaintiff.

4. On a handful of occasions during the course of this lawsuit, I reached out to Grady Early (an individual on Defendant's ownership/management team). I contacted him to attempt to discuss potential resolution of this case directly rather than third-hand through the attorneys representing each side. I never contacted Mr. Early to threaten him with the high cost of litigation, but rather to discuss the case from one businessman to another.

5. On November 21, 2023, I wrote a blog post on the Bad-Adz Blog. In this post, titled Prepared Food photos Intellectual Property, I explained the history and goal of Plaintiff. Plaintiff offers an extensive library of photos that are generally used in grocery store and retail food establishment advertisements. I noted that Plaintiff takes the enforcement of its copyright protected work seriously. I also explained that given the advent of desktop publishing and copy/paste mentality, Plaintiff was experiencing high levels of infringement. In 2016, Plaintiff concluded that its third-party vendors (who used to be the place where someone could lawfully license Plaintiff's photographs) would not assist Plaintiff in

locating/identifying unlicensed uses of its photographs, Plaintiff made the choice to switch its business model (i.e., license the photos directly rather than through third-parties who were doing nothing to protect the copyrights and/or stop the spread of infringements). This switch allowed Plaintiff to enforce its copyrights rather than rely (as it was contractually required to do) on third-parties who were not doing anything at the time to protect the copyrights.

6. Plaintiff, together with its sister company Bad-Adz (which generally designs weekly and other advertisements on behalf of grocery store and other customers) operates in a very competitive market. Plaintiff developed its subscription model for licensing of its photographic library, requiring a minimum 1-year license, for this reason and to prevent situations where a business agrees to subscribe, downloads the entirety of Plaintiff's library, and immediately cancels its subscription. Plaintiff wants long-term licensees, both for stability and to be able to control precisely who is using Plaintiff's photographs and where they are being used (unlike when third-parties were allowing widespread use and infringement of such photographs).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: 8/15/2025 _____

*joel m albrizio*
ID Rx6AmQ3JEM3yP9SAwgjqmcQX
_____
Joel Albrizio

## eSignature Details

**Signer ID:** **Rx6AmQ3JEM3yP9SAwgjqmcQX**
Signed by: Joel Albrizio
Sent to email: joel@bad-adz.com
IP Address: 73.46.0.113
Signed at: Aug 15 2025, 3:04 pm EDT