UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., a Florida for-profit corporation,<br><br>                              Plaintiff,<br><br>     v.<br><br>POOL WORLD, INC., a Washington for-profit corporation,<br><br>                              Defendant. | NO. 2:23-CV-0160-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO UNSEAL SUMMARY JUDGMENT PAPERS |

BEFORE THE COURT is Defendant's Motion to Unseal Summary Judgment Papers (ECF No. 93). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Unseal Summary Judgment Papers (ECF No. 93) is **GRANTED in part and DENIED in part**.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO UNSEAL SUMMARY JUDGMENT PAPERS ~ 1

## BACKGROUND

This case arises out of a copyright infringement action brought by Plaintiff Prepared Food Photos, Inc., a Florida corporation, against Defendant Pool World, Inc., a Washington corporation. ECF No. 1 at 1-2. On April 10, 2025, the Court approved the parties' stipulated protective order ("SPO") (ECF No. 79) governing the use of confidential documents produced by each party during the pendency of this action. ECF No. 82. On July 11, 2025, Defendant filed a motion for summary judgment with supporting materials and redacted any information produced pursuant to the SPO. ECF No. 90. Defendant now moves to file a largely unredacted version of its summary judgment papers on the public docket. ECF No. 93. Specifically, Defendant moves to unseal its summary judgment motion, Statement of Material Facts, Affirmation of Paul Alan Levy, Exhibits OO, RR, and S2 in their entirety, and the payment amounts shown in Exhibit SS, while leaving the names of the payors redacted. ECF No. 93 at 4. Plaintiff opposes any unsealing of records. ECF No. 95.

## DISCUSSION

To maintain the sealed status of records related to dispositive motions, a party must show that "compelling reasons" exist to maintain the secrecy of the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong

presumption in favor of access' is the starting point." *Id*. at 1178 (quoting *Foltz v. State Farm Mutual Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Id*. at 1179 ("[R]esolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events.") (internal quotation marks and citation omitted). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id*. (citation omitted).

Defendant's motion for summary judgment rests on a statute of limitations defense, specifically that the discovery rule is unavailable to Plaintiff as a matter of law in part due to Plaintiff's pattern of inequitable conduct toward Defendant and past accused infringers. *See* ECF No. 90. The information Defendant seeks to unseal pertains to prior subscription fees and infringement settlement payments previously received by Plaintiffs. This information directly relates to the merits of Defendant's dispositive motion, and the "compelling reasons" standard is appropriate.

Exhibit OO, filed on the public docket, is a chart of fees paid to Plaintiff as monthly subscription fees or lump sum fees converted to monthly payments over a set period of time. ECF No. 90-7. The name of the paying subscriber tied to each

1  fee amount is redacted. *Id.* Exhibit RR, filed entirely under seal, summarizes

2  Plaintiff's bank statements that Defendant argues appear to represent infringement

3  claim settlement payments from 2018 through 2021. The exhibit contains the

4  payment amounts and the names of the payors. Exhibit SS, also filed entirely

5  under seal, is a trust account ledger maintained by Plaintiff's counsel, CopyCat

6  Legal PLLC ("CopyCat"), listing the receipt and distribution of settlement

7  payments including names of payors, payment amounts, and dates of payment.

8  Finally, Exhibit S2, filed entirely under seal, consolidates the payments reflected in

9  Exhibit SS into monthly totals CopyCat received from 2022 through 2024.

10 Defendant also redacted any specific numbers, annualized summaries, or

11 subscriber names drawn from these exhibits or portions thereof in its publicly filed

12 Motion for Summary Judgment, Statement of Material Facts, and Affirmation of

13 Paul Alan Levy ("Levy Affirmation"). ECF Nos. 90, 90-2, 90-3.

14      Plaintiff contends that the redacted information Defendant seeks to unseal

15 was specifically negotiated between the parties to be treated as confidential

16 pursuant to the SPO, and Defendant should not be allowed to renege on its earlier

17 agreement. ECF No. 95 at 4-6. However, the SPO specifically provides that the

18 Court may determine that a record should be unredacted pursuant to a motion to

19 unseal. ECF No. 79-1 at ¶ 7. Moreover, the Ninth Circuit has made it clear that

20 documents subject to a protective order do not alone rebut a presumption of access

1  where they are filed with a dispositive motion. *Kamakana*, 447 F.3d at 1179;

2  *Foltz*, 331 F.3d at 1136. Plaintiff's cited case law does not support a finding

3  otherwise or even address the unsealing of confidential materials attached to

4  dispositive motions. Thus, Plaintiff's argument that Defendant agreed to keep the

5  documents confidential and cannot now renege is without merit.

6      Plaintiff next argues compelling reasons exist to keep the information at

7  issue sealed.

8      **A. Exhibits RR, SS, and SR**

9      Plaintiff asserts that settlement agreements entered into by Plaintiff and any

10  infringer are subject to confidentiality clauses requiring the contracting terms be

11  kept confidential. ECF No. 95 at 7. Therefore, unsealing documents that identify

12  the infringer subject to the settlement agreement and the amount of the settlement

13  payment would constitute a breach by Plaintiff for every respective settlement

14  agreement. *Id.* Plaintiff argues confidentiality of these terms is needed to protect

15  both the infringer from revealing that it utilized copyrighted material and settled

16  for a specified amount, thus inviting other copyright holders to pursue litigation

17  against it, and Plaintiff from having prior settlements leveraged against it in future

18  infringement claims. *Id.* at 7-8.

19      The Court does not find compelling reasons exist to seal the payment terms

20  of the settlement agreements but the payors identifying information may remain

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO UNSEAL SUMMARY JUDGMENT PAPERS ~ 5

redacted.  While the Ninth Circuit has found private confidentiality agreements to satisfy the "good cause" standard for sealing non-dispositive motions and supporting documents, without more, they do not constitute a compelling reason to seal the information.  *See Foltz*, 331 F.3d at 1137-38; *see also Select Portfolio Servicing v. Valentino*, No. C 12–0334 SI, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013) ("That [the parties] agreed among themselves to keep the settlement details private, without more, is no reason to shield the information from . . . the public at large.").  Even if it was a compelling reason, Plaintiff has not presented any of the confidentiality clauses that were purportedly part of every settlement agreement Plaintiff entered into with a third party.  See *Keodara v. Boe*, No. 21-CV-5129-TL-TLF, 2022 WL 1027759, at *2 (W.D. Wash. Apr. 6, 2022) ("[T]he party seeking to seal documents [must] make a particularized showing . . . supported by specific factual findings . . . .") (internal quotation marks and citation omitted).

Plaintiff's concern of breach is likewise not supported.  In its summary judgment papers, Defendant provides a copy of a proposed settlement agreement Plaintiff previously sent to an alleged infringer.  ECF No. 90-29.  The proposed agreement contains a confidentiality clause stating the terms of the agreement shall be kept confidential "except as required by an order from a court of law." *Id.* at ¶ 6.  Thus, to the extent other settlement agreements contained similar language,

there would be no breach for a court ordered unsealing of settlement agreement terms. But as none have been provided to the Court, no such determination can be made. Even so, the Court does not find Plaintiff's conclusory statements of harm a compelling reason to keep the payment terms of each settlement agreement redacted.

Plaintiff's additional argument that the settlement payment amounts reflected in Exhibit RR that Defendant pulled from Plaintiff's banking records are confidential financial information is also unavailing. ECF No. 95 at 10-11. Again, a conclusory statement that redacted information is confidential does not alone demonstrate "compelling reasons" to overcome the "strong presumption of access to judicial records." *Kamakana*, 447 F.3d at 1179. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

As for names of the third parties making settlement payments pursuant to each settlement agreement in Exhibits SS and RR, the Court finds those redactions to be proper. Courts in this circuit have routinely found that an invasion of third-party's privacy interest constitutes a compelling reason to seal or redact identifying information of third parties. *Guardian Prot. Prods., Inc. v. G.P.P., Inc.*, No. 1:20-CV-01680-SKO, 2025 WL 692450, at *2 (E.D. Cal. Mar. 4, 2025) (collecting

cases).  Therefore, the Court finds the privacy interests of third-parties subject to the settlements in Exhibits RR and SS a compelling reason to keep their identities sealed.

The Court grants Defendant leave to file Exhibits RR and SS on the public docket with the payor's names redacted to protect non-party privacy interests. Exhibit S2 does not identify any payors and may be filed without redaction.[1]

**B. Exhibit OO**

Plaintiff argues that disclosure of the identifying information of Plaintiff's customers/subscribers and terms of payment listed in Exhibit OO would put Plaintiff at a competitive disadvantage and result in discord between Plaintiff and its subscribers.  ECF No. 95 at 11-12.  Specifically, Plaintiff argues that disclosure of its customer list and payment terms would result in competitors attempting to poach such customers with offers of better terms.  *Id.*  Defendant responds that the SPO does not require the confidentiality of the terms of Plaintiff's subscription agreements, including the pricing terms.  ECF No. 99 at 8-9.  Defendant further contends that the majority of subscriber agreements produced during discovery

---

[1] The Court reviewed Exhibit S2 for accuracy and found it to accurately reflect the receipts of settlement payments listed in Exhibit SS.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO UNSEAL SUMMARY JUDGMENT PAPERS ~ 8

were those of former subscribers and only subscribed in response to Plaintiff's threats of litigation for copyright infringement. ECF No. 99 at 9-10.

Courts have upheld the sealing of business information such as detailed product-specific financial information and customer information where that information qualifies as a trade secret and could be used to the company's competitive disadvantage. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017); *see also Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))). For example, "a customer list may qualify as a trade secret because of its 'economic value' when its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interested and [the parties] took reasonable steps to protect this information." *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015) (internal citations omitted).

Plaintiff does not provide any analysis from which the Court finds a compelling reason to deny the motion to unseal the documents at issue here. Plaintiff's subscription pricing terms are available to the public, including any competitors, on its website (https://www.preparedfoodphotos.com/stock-photo-subscription/), as are the terms of use. Such available information does not qualify as a trade secret when it is already loose in the public domain. Moreover, Defendant does not seek to disclose the terms of each subscriber agreement in the entirety, only the name of the subscriber, the monthly payment amount, and the months of payment. To the extent the pricing terms vary from the advertised price on Plaintiff's website, the potential for resulting discord between Plaintiff and its customers is not a compelling reason to keep such terms sealed. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). Finally, it is unclear how a competitor might poach Plaintiff's *former* subscribers as it argues will inevitably be the case. A review of Exhibit KK supports Defendant's contention that many of the subscribers listed in Exhibit OO appear to no longer be customers of Plaintiff. Plaintiff does not present any additional argument constituting a compelling reason why the identity of former customers should remain sealed.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO UNSEAL SUMMARY JUDGMENT PAPERS ~ 10

Therefore, Exhibit OO may be filed with the names of former subscribers unredacted. The names of current subscribers/customers shall remain redacted.

### C. Summary Judgment Motion, Statement of Material Facts, and Levy Affirmation

Defendant is granted leave to refile its Motion for Summary Judgment (ECF No. 91), Statement of Material Facts (ECF No. 91-2), and Levy Affirmation (ECF No. 91-3) unredacted to the extent that such redacted information may now be filed unredacted in the underlying exhibits. All other redactions remain in accordance with this Order.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Unseal Summary Judgment Papers (ECF No. 93) is **GRANTED in part and DENIED in part**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED August 29, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO UNSEAL SUMMARY JUDGMENT PAPERS ~ 11